UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. IORIO, et. al.,<br><br>                      Plaintiffs,<br>  vs.<br><br>ASSET MARKETING INC., et. al.,<br><br>                      Defendants. | CASE NO. 05CV633 IEG (CAB)<br><br>**ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION TO STAY DISSEMINATION OF CLASS NOTICE**<br><br>[Doc. No. 128] |

Presently before the Court is Allianz Life Insurance Company's ("defendant") *ex parte* application to stay the dissemination of class notice in this action, pending the Ninth Circuit's determination on defendant's appeal of the class certification order. [Doc. No. 128.] For the following reasons, defendant's application is denied.

**BACKGROUND**

This action arises out of defendant's sale of a deferred annuities to senior citizens in the state of California. On July 26, 2006, this Court granted plaintiffs' motion to certify the case as a class action. [Doc. No. 113.] On October 11, 2006, pursuant to the parties' stipulation, this Court ordered mailing of the class notice by no later than November 13, 2006. [Doc. No. 126.] This Order also allowed defendant to reserve the right to move for a stay of dissemination of the class notice by no later than November 13, 2006, if the Ninth Circuit had not yet resolved defendant's interlocutory appeal of the class certification order. [Id.]

On November 8, 2006, defendant filed its *ex parte* application for a stay.[1] [Doc. No. 128.] [Id.] On November 9, 2006, plaintiffs filed their opposition. [Doc. No. 130.]

**DISCUSSION**

An appeal of a district court's order on class certification "does not stay proceedings in the district court unless the district judge or the court of appeals[2] so orders." Fed. R. Civ. P. 23(f). Whether the district court should stay the action "depend[s] on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." Blair v. Equifax Check Services, Inc., 181 F.3d 832, 835 (7th Cir. 1999). This inquiry "is the same kind of question that a court asks when deciding whether to issue a preliminary injunction[.]" Id.; accord Chavez v. IBP, No. CT-01-5093-EFS, 2002 WL 32145647, at *1 (E.D. Wash., Dec. 23, 2002); In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3 (D.D.C. 2002). The test for a preliminary injunction requires the movant to show "probability of success on the merits and the possibility of irreparable injury of that serious questions are raised and the balance of hardship tips sharply in its favor." Half Moon Bay Fishermans' Marketing Ass'n v. Carlucci, 857 F.2d 505, 507 (9th Cir. 1988).

Applying the standard to these facts, defendant has made no such showing to support its application for a stay. Instead, defendant claims "confusion and prejudice may result" if the Ninth Circuit vacates or modifies this Court's certification order. This allegation is unsupported.

Defendant's second argument is that staying class notice serves the interest of judicial economy. The test for a preliminary injunction does not include judicial economy.

Noticeably absent from defendant's application is any argument regarding the probability of error in this Court's class certification decision.

The Court recognizes that district courts "ordinarily stay the dissemination of class notice

---

[1] If the Ninth Circuit eventually denies defendant's petition for leave to appeal, or grants defendant's petition but affirms this Court's class certification order, defendant proposes that this Court order the mailing of class notice within thirty-five days of the Ninth Circuit's order. Of course, if the Ninth Circuit grants defendant's petition and reverses or modifies this Court's order of class certification, defendant proposes that this Court order that class notice not be mailed. [Doc. No. 129.]

[2] The parties do not dispute that the Ninth Circuit has not ordered this Court to stay the proceedings.

to avoid the confusion and the substantial expense of renotification[.]" David F. Herr, <u>Annotated Manual for Complex Litigation</u> § 21.28 (2006). However, defendant cannot prevail merely because district courts "ordinarily" grant a stay. Defendant's citation of cases in which courts have granted stays does not make it appropriate for this Court to grant a stay in this case. A stay is inappropriate where defendant has not satisfied the clearly established standard for granting a stay.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** defendant's *ex parte* application to stay the dissemination of class notice. The mailing of class notice shall proceed, pursuant to this Court's Order of October 11, 2006.

**IT IS SO ORDERED**.

**DATED: November 9, 2006**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**