1
2
3
4
5
6
7

8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  ANTHONY J. IORIO, MAX FREIFIELD,          CASE NO. 05cv633 JLS (CAB)
    RUTH SCHEFFER, on behalf of themselves
12  and all other similarly situated,         **ORDER (1) GRANTING
                                              MOVANTS' MOTION TO QUASH
13                               Plaintiff,   SUBPOENAS; (2) DENYING
                                              REQUEST FOR SANCTIONS; (3)
        vs.                                   DENYING AS MOOT
14                                            PLAINTIFFS' EX PARTE
                                              APPLICATION**
15  ALLIANZ LIFE INSURANCE COMPANY
16  OF NORTH AMERICA,                         (Doc. Nos. 313 & 328)

17                               Defendant.

18

19         Presently before the Court are Plaintiffs' ex parte application to resolve issues regarding trial

20  subpoenas (Doc. No. 313) and eight current or former employees of Defendant's (collectively,

21  "movants") motion to quash subpoenas served on them and for sanctions.  (Doc. No. 328).  For the

22  reasons stated below, the Court **GRANTS** eight movants' motion to quash the subpoenas.

23  Accordingly, the Court **DENIES AS MOOT** Plaintiffs' ex parte application.  The Court further

24  **DENIES** movants' motion for sanctions.

25                         **RELEVANT BACKGROUND**

26         This class action suit commenced on March 30, 2005 and is currently set for a jury trial

27  beginning March 29, 2010.  The action arises out of Defendant's alleged misrepresentations in

28  connection with an annuities plan offered by Defendant and purchased by Plaintiffs.  In late March

1   and April 2009, Plaintiffs subpoenaed several witnesses to appear at trial, eight of which are

2   movants in the present action.[1]  A dispute between the parties arose over the validity of the

3   subpoenas.[2]  Plaintiffs thus filed the present ex parte application for the court to resolve the dispute

4   on April 24, 2009.  (Doc. No. 313.)  Before responding to the ex parte application, Defendant's

5   counsel filed the present motion to quash the subpoenas and a motion for sanctions on behalf of all

6   eight movants on May 5, 2009.  (Doc. No. 328.)  On May 8, 2009, Defendant filed its opposition

7   to Plaintiffs' ex parte application.  (Doc. No. 331.)

8       Plaintiffs filed their opposition to the motion to quash and sanctions on May 21, 2009.

9   (Doc. No. 334.)  Movants filed their reply to the opposition on May 28, 2009.  (Doc. No. 336.)  A

10  hearing was scheduled for October 29, 2009.  The Court hereby vacates that date and takes the

11  matter under submission without oral argument.

12                              **LEGAL STANDARD**

13      Federal Rule of Civil Procedure 45 governs the issuance and service of subpoenas in

14  federal civil actions.  A subpoena issued for attendance at a trial must be issued "from the court for

15  the district where the hearing or trial is to be held."  Fed. R. Civ. P. 45(a)(2)(A).  For service in the

16  United States, "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place: (A)

17  within the district of the issuing court; [or] (B) outside that district but within 100 miles of the

18  place specified for the . . . trial . . ."  Fed. R. Civ. P. 45(b)(2).  Rule 45(c)(3)(A)(ii) states that "[o]n

19  timely motion, the issuing court must quash or modify a subpoena that: . . . (ii) requires a person

20  who is neither a party nor a party's officer to travel more than 100 miles from where that person

21  resides, is employed, or regularly transacts business in person – except that . . . the person may be

22  commanded to attend a trial by traveling from any such place within the state where the trial is

23  held."  Fed. R. Civ. P. 45(c)(3)(A)(ii).  A court is "permitted" to quash or modify the subpoena if

24  the subpoena requires "a person who is neither a party nor a party's officer to incure substantial

25  expense to travel more than 100 miles to attend trial."  Fed. R. Civ. P. 45 (c)(3)(B)(iii).  However,

26  a court may order appearance in situations where it would otherwise be permitted to modify or

27  _____

28      [1] At the time the subpoenas were served, trial was set to begin on June 15, 2009.

      [2]  Though various subpoenas were caused to be served on behalf of several districts, those at issue before this Court are the subpoenas that were issued on behalf of this district.

quash the subpoena "if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."  Fed. R. Civ. P. 45(c)(3)(C).

### MOTION TO QUASH SUBPOENAS

Eight current employees or former employees of Defendant, Renee West, Diane Gate, Krista Strokamp (Wall), John Helguson, Patrick Foley, Carolyn Cosgrove, Robert MacDonald, and Charles Field (collectively, "movants") move the Court to quash subpoenas to appear at trial served on them by Plaintiffs.  Because the issues regarding the service of subpoenas on current employees is different than serving former employees, the Court will first discuss the three movants who are current employees of Defendant.

### A.    Current Employees

The three movants who are current employees of Defendant are Krista Storkamp, Renee West and Diane Gates.  All three work at Defendant's office located in Minnesota, where they were served with the subpoenas issued on behalf of this Court.  (Mem. ISO Mot. to Quash at 2.)  Because the subpoenas are for the witnesses to attend trial in this district, a valid subpoena must be issued on behalf of this Court.  Fed. R. Civ. P. 45(a)(2)(A).  In order for the subpoena to be valid, it must fall within this Court's subpoena power pursuant to Rule 45(b)(2).

These three movants were served in Minnesota, and thus fall outside 100 miles of this district.  Despite this, Plaintiffs contend that this Court has subpoena power over these employees because "the 100-mile limitation [set forth in Rule 45] does not apply to parties or their officers, which includes higher-level employees."  (Opp. to Mot. to Quash at 4.)  Plaintiffs cite *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006), which is the case often cited for this interpretation of Rule 45:

> Rule 45(b)(2), which imposes the 100 mile rule, is expressly limited by Rule 45(c)(3)(A)(ii).  Rule 45(c)(3)(A)(ii) mandates that a district court must quash a subpoena if it requires "a person who is *not a party* or *an officer of a party*" to travel more than 100 miles from his residence or place of employment.  (emphasis added). . . . Accordingly, Rule 45(c)(3)(A)(ii) does not require the Court to quash the subpoena [of an officer].  Instead, Rule 45(c)(3)(A)(ii) support the inverse inference that Rule 45(b)(2) empowers the Court with the authority to subpoena . . . an officer of a party, to attend a trial beyond the 100 mile limit.

438 F. Supp. 2d at 667.  The *In re Vioxx* court found that this interpretation arose from the "plain

and ambiguous language" of Rule 45, but acknowledging that "nothing in the history or adoption

of current Rule 45(b)(2) . . . or Rule 45(c)(3)(A)(ii) . . . conveys any intention to alter the 100 mile

rule." *Id.* Though the parties do not cite, nor has the Court found, any Federal Court of Appeals or

California district court decisions that have addressed this issue, Plaintiff contends this

interpretation is the majority position amongst the district courts.  (Opp. to Mot. to Quash at 4.)

Thus, Plaintiffs urge this Court to also find that, because these three movants are officers or high-

level employees, they too are under this Court's subpoena power despite being outside the 100-

mile radius.

On the other hand, the movants contend that the opposite conclusion – that party officers

are also limited by the 100-mile radius clause – is gaining more acceptance by the district courts.

(Mem. ISO Mot. to Quash at 8.)  Defendant relies on *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D.

213 (E.D. La. 2008), which was decided two years after *In re Vioxx* by a different court within the

same district.  The court in *Johnson* found that Rule 45(b)(2)'s reference to Rule 45(c)(3)(A)(ii)

limited the Court's subpoena power, not expanded it: "To read the 'subject to Rule 45(c)(3)(A)ii'

clause as *expanding* the territorial reach of where a party or party officer may be served with a trial

subpoena ignores the ordinary meaning of the phrase 'subject to.'" 251 F.R.D. at 216.  The court

further explained:

> Nothing in the language of Rule 45(b)(2) itself provides for service at any *place* other than
> those locations specified in the rule itself. . . . Rule 45(b)(2) 'states only that a subpoena
> may be served at *any place listed* in subdivisions (b)(2)(A)-(D).  The provisions concerning
> the *possibilities* for *proper service*' are listed in 45(b)(2).  The terms of Rule 45(b)(2)
> themselves do not provide for nationwide service of a subpoena.

*Id.* Thus, "[r]eading Rule 45(c)(A)(3)(ii) as creating a scheme of nationwide subpoena service, if

only on parties, would have the effect of rendering Rule 45(b)(2) pointless with respect to parties

and party officers." *Id.* at 217.

The movants also cite several cases adopting the position stated in *Johnson*, some

explicitly finding the reasoning set forth in *Johnson* more persuasive than the reasoning in *In re*

*Vioxx. See, e.g.*, *Dolezal v. Fritch*, 2009 WL 764542, at *2 (D. Ariz. Mar. 24, 2009) ("The Courts

has read *Vioxx, Johnson*, and related cases, and finds *Johnson* to be persuasive."); *Chao v. Tyson*

*Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Ala. 2009) ("The Court finds that the minority

interpretation of Rule 45 described in *Big Lots [v. Johnson]* and other similar cases is correct.");

1    *see also Maryland Marine, Inc. v. United States*, 2008 WL 2944877, at \*6 (S.D. Tex. July 23,

2    2008); *Mazloum v. Dist. of Columbia Metro. Police Dept.*, 248 F.R.D. 725, 728 (D.D.C. 2008);

3    *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 734 (E.D. Wis. 2008).

4        The Court agrees and finds that Rule 45 does not expand the Court's subpoena power

5    beyond the 100-mile radius for party officers.  The use of the phrase "subject to" has routinely

6    been used by Congress to limit the scope of legislation, not expand it.  There is no persuasive

7    rationale for why "subject to" would be used differently in this context and inversely serve to

8    expand the court's subpoena power.

9        Plaintiffs contend, however, that the legislative history, specifically the amendments in

10   1991, signify Congress' intend to expand the scope of the subpoena power.[3]  But, the courts in

11   both *Vioxx* and *Johnson* explicitly state that the legislative history does not "convey an intention to

12   alter the 100 mile rule."  *In re Vioxx*, 438 F. Supp. 2d at 667; *Johnson*, 251 F.R.D. at 219 (finding

13   "it prudent to address why the 1991 amendments to the rule did not create a system of nationwide

14   subpoena service").

15       Moreover, if the Court were to use any guidance from the legislative history, it would

16   advise against expanding the 100-mile radius rule, despite Plaintiffs' contention otherwise.

17   Specifically, in the 1991 amendment's advisory committee notes, the committee clarified the

18   amendments in subdivision (c) and stated that the only expansion of subpoena power was that the

19   court may now subpoena a witness outside the 100 mile radius so long as the witness was located

20   within the State of the district.[4]  Fed. R. Civ. P. advisory committee notes (1991).  There is no such

21

22       [3]  Plaintiffs note that the pre-1991 rule, then Rule 45(e)(1), stated: "A subpoena requiring the
23   attnedance of *a witness* at trial may be served at any place within the district, or at any place without
     the district that is within 100 miles of the place of the hearing or trial . . ." Fed. R. Civ. P. 45(e)(1),
24   *as amended* Fed. R. Civ. P. 45(b)(2).  In the current Rule 45(b)(2), however, any reference to "a
     witness" is "conspicuously absent" and "was replaced with the 'subject to Rule 45(c)(3)(A)(ii)'
25   clause." (Opp. to Mot. to Quash at 5.)  Thus, Plaintiffs argue, because Rule 45(c)(3)(A)(ii) identifies
     which specific witnesses may be served, and differentiates party officers, this clause "can mean only
26   one thing – the 100-mile limitation does not apply to parties or their officers."  (Opp. to Mot. to Quash
     at 5-6.)

27       [4]  Referring to Rule 45(c)(3)(A)(ii) which dictates that a court must quash a subpoena that
28   "requires a person who is neither a party nor a party's officer to travel more than 100 miles from
     where that person resides, is employed, or regularly transacts business in person – *except that . . . the
     person may be commanded to attend a trial by traveling from any such place within the state where
     the trial is held.*"  Fed. R. Civ. P. 45(c)(3)(A)(ii) (emphasis added).  Otherwise, the advisory

1    case here, as the three movants are located within Minnesota, not California.

2           Accordingly, the Court finds that Rule 45 does not give the Court the power to serve

3    subpoenas to appear at trial on party officers outside the 100-mile radius, absent any other state or

4    federal law providing otherwise (there is no such law in this case).  Thus, Krista Storkamp (Wall),

5    Renee West, and Diane Gates were not properly served in this matter.  The Court therefore grants

6    the motion to quash as it pertains to these three movants.[5]

7           **B.    Former Employees**

8           The remaining five movants are former employees of Defendant: Carolyn Cosgrove,

9    Charles Field, Patrick Foley, John Helgerson, and Robert MacDonald.[6]  (Ex Parte App. at 3.)  Mr.

10   Foley was served at his home in Minnesota only with a subpoena issued on behalf of the District

11   of Minnesota, but never by one issued on behalf of this Court.  Mr. Helgerson was served at his

12   home in Minnesota with a subpoena served on behalf of this Court.  Ms. Cosgrove resides in

13   Florida and was served with two subpoenas issued on behalf of District of Minnesota and the

14   Middle District of Florida, but not one issued on behalf of this Court.  Mr. Field resides in

15   Michigan and was served with a subpoena on behalf of this Court, as well as one on behalf of the

16   Western District of Michigan.  (Mem. ISO Mot. to Quash at 3.)

17          Plaintiffs contends that the subpoenas were properly served on these witnesses on behalf of

18   this Court for several reasons.  First, Plaintiffs contend that the motion to quash the subpoenas was

19   not timely filed and therefore Rule 45(c)(3)(A)(ii), which requires the court to quash on "timely"

20   motion, does not apply.  Instead, Plaintiffs argue that Rule 45(c)(3)(B), which sets forth when a

21   court is "permitted" to quash the subpoenas, would apply.  If Rule 45(c)(3)(B) is applicable, the

22   Court may, instead of quashing or modifying the subpoenas, "order appearance . . . if the serving

23   party: (i) shows a substantial need for the testimony or material that cannot be otherwise met

24   _____

25   committee stated that the amended rule "restates the former provisions with respect to the limits of
     mandatory travel."  Fed. R. Civ. P. advisory committee notes (1991).

26          [5]  Plaintiff cites several cases in support of his contention that "high-level employees" are
     included under the umbrella of "officers."  (Opp. to Mot. to Quash at 6-7.)  However, this becomes
27   irrelevant given the Court's current interpretation of Rule 45.  Thus, the Court declines to address this
     contention.

28          [6]  Furthermore, because the Court found that the three current employees were not properly
     served as party officers, the discussion below is applicable to them, as well.

1  without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably

2  compensated." Fed. R. Civ. P. 45(c)(3)(C).

3        Plaintiffs admit that "no court has addressed the issue of what constitutes a 'timely' motion

4  to quash a subpoena commanding appearance at trial." (Opp. to Mot. to Quash at 8.) Thus, the

5  Court must look at the circumstances of the case and determine if the motion was indeed timely.

6  Plaintiffs contend that "[t]he former employees have long had notice that they are going to be

7  called as fact witnesses at trial" because they were on both Defendant's and Plaintiffs' witness list

8  lodged with the Court in October 2008. However, the Court does not find the witnesses notice

9  dispositive, as the subpoenas were not actually served until late March-April 2009. Thus, it is

10 understandable that the movants would wait until after service of the subpoenas, not just after they

11 received notice that they might be served, to file the motion to quash.

12       Furthermore, the fact that the motion to quash was not filed until after Plaintiffs' ex parte

13 application for the Court to decide this issue regarding the validity of the subpoenas is likewise not

14 dispositive. To the contrary, the ex parte application was filed prematurely. While the Court

15 appreciates Plaintiffs' need to decide the dispute, Plaintiffs were aware that Defendant was barred

16 by the Court's previous Order from filing any further motions prior to the Trial Management

17 Conference scheduled for June 4, 2009.[7] (Doc. No. 306.) Furthermore, the motion to quash was

18 filed 6 weeks before the date of compliance – the trial set for June 15, 2009. Given these

19 circumstances, therefore, the Court finds that the motion to quash filed by Defendant's counsel on

20 behalf of the movants was timely. Accordingly, Rule 45(c)(3)(A)(ii), which states when the

21 "issuing court must quash or modify the subpoena" is the applicable provision. Because the

22 subpoenas at issue in this case require the movants to travel more than 100 miles to attend trial,

23 and none of them are traveling from within California, the movants were not properly served, and,

24 therefore, pursuant to Rule 45(c)(3)(A)(ii), the Court must grant the movants' motion to quash.

25    **C.    Preclusion of Witnesses' Live Testimony**

26       Plaintiffs assert that, if the Court grants the movants' motion to quash and Defendants

27

28       [7] In fact, the Court noted that the motions to quash were filed prior to the lifting of this bar, finding that it "violated the spirit of the Court's bar" by filing the motion to quash and for sanctions on behalf of the third party movants. (Doc. No. 333, at 3 n. 1.)

1    refuse to produce the current and former employees as witnesses at trial, Defendants should not be

2    permitted to produce the same witnesses for live testimony during their case or on cross

3    examination.  Plaintiffs contend that the inherent disparity between depositions and live testimony,

4    especially when credibility is at issue as in the case of fraud allegations, would result in

5    inequitable treatment.  However, this inequity can be mollified by requiring Defendants to either

6    produce the witnesses for both parties, or to not have live testimony from these witnesses at all.

7    The Court agrees with Plaintiffs, and the Ninth Circuit has upheld this approach.

8         In *R.B. Matthews, Inc. v. Transamerica Transportation Services, Inc.*, the Ninth Circuit

9    held that it was not an abuse of the trial court's discretion to preclude live testimony of two of

10   defendant's employees who plaintiff attempted to call as witnesses but the defendant "refused to

11   produce them or bring them within the subpoena range of the court."  945 F.2d 269, 272 (9th Cir.

12   1991).  Thus, plaintiffs had to read the depositions of the witnesses into the record during its case.

13   *Id.*  When defendant then attempted to call the witnesses in person, the trial judge forbade them

14   from doing so and further "ruled that no other witnesses could testify in person if portions of their

15   deposition testimony were read into the record prior to an offer of their live testimony."  *Id.*  In

16   upholding this order, the Ninth Circuit found that, though live testimony is preferred, in these

17   circumstances there was no abuse of discretion.  The court explained: "[E]quity does not favor the

18   defendants.  By denying [plaintiff's] requests to produce [the employees] as live witnesses,

19   [defendant] engaged in gamesmanship, forcing [defendant] to rely on depositions . . . If

20   [defendant] had truly wished to present the live testimony of [the employees], it could have done

21   so by making those witnesses available when [plaintiff] requested that they be produced."  *Id.* at

22   273.

23        The Court today finds that Defendants are on the brink of engaging in such gamesmanship.

24   All movants are listed on both Plaintiffs and Defendant's witness lists lodged with the Court.

25   Defendants are well aware that Plaintiffs intend to call these witnesses at trial, and Defendants

26   would not commit to Plaintiffs request to have them produced.[8]  The Court acknowledges that

27

28        [8]   Defendant asserts that it told Plaintiffs they would revisit the issue of producing witnesses
     "[w]hen it is determined who, if any, among these individuals [it] will call to testify at trial."  (Reply
     to Opp. at 9.)

1   Defendant is not required to call all the witnesses on its list, and thus the live testimony of some

2   witnesses may be a moot point.  However, in the event Defendant does decide to produce one or

3   more of the movants in its case for live testimony, an inequitable result will occur given the

4   Court's holding that all eight movants are outside this Court's subpoena power.  Accordingly, the

5   Court now holds that, if Plaintiffs are forced to show the videotaped depositions or read the

6   transcript into the record of any of the movants in this action because Defendants have failed to

7   produce them, Defendants will thereafter be precluded from producing the same witnesses in

8   person.

9          **D.       Defendant's Request for Sanctions**

10         The movants, through Defendant's counsel, also move the Court for sanctions against

11  Plaintiffs' counsel pursuant to Rule 45(c)(1), which reads: "A party or attorney responsible for

12  issuing and serving a subpoena must take reasonable step to avoid imposing undue burden or

13  expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose

14  an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a

15  party or attorney who fails to comply."  Fed. R. Civ. P. 45(c)(1).

16         While the Court does not condone the behavior of Plaintiffs' counsel and the issuance of

17  multiple subpoenas on the movants, the Court denies the movants' request to sanction Plaintiffs'

18  counsel.  The movants point to the subpoenas issued on behalf of other districts in support of its

19  position that Plaintiffs' counsel acted unreasonably and imposed an undue burden or expense on

20  the movants.  However, this Court was not the "issuing court" as to those subpoenas.  By its terms,

21  Rule 45 requires this Court to enforce the duties and impose sanctions as they pertain to subpoenas

22  for which this Court was the "issuing court," not those subpoenas issued on behalf of another

23  court.  Further, the Court acknowledges the fact that filing the motion to quash necessarily resulted

24  in attorneys fees and a diversion of Defendant's counsel from trial.  The Court's granting the

25  motion to quash, however, is not enough to establish unreasonableness in serving the subpoena's

26  or the imposition of an undue burden, especially given the split of authority and other arguments

27  set forth by Plaintiffs regarding the subpoena power of this Court over employees of Defendants,

28  as discussed above.  Accordingly, the Court declines to sanction Plaintiffs' counsel for the

issuance of the invalid subpoenas on the movants in this case.

1    //

2

3                                    **CONCLUSION**

4           For the reasons stated above, the Court **GRANTS** the movants' motion to quash the trial

5    subpoenas issued on behalf of this Court and **DENIES** the request for sanctions.  Because this

6    Order resolves the issues regarding the subpoenas, the Court **DENIES AS MOOT** Plaintiffs' ex

7    parte application for an order shortening time to hear motion for an order to resolve the issues

8    regarding service of trial subpoenas.

9

10   **IT IS SO ORDERED.**

11

12   DATED:  October 21, 2009

13                                                    _____
                                                     Honorable Janis L. Sammartino
14                                                   United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv633