# EXHIBIT 1

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| ANTHONY J. IORIO, MAX FREIFIELD, | : | |
| RUTH SCHEFFER, on behalf of themselves and | : | |
| all others, similarly situated | : | |
| | : | |
| Plaintiffs, | : | CASE NO.:  05 CV 0633 JLS (CAB) |
| v. | : | |
| | : | [CIVIL ACTION] |
| ALLIANZ LIFE INSURANCE COMPANY | : | |
| OF NORTH AMERICA | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## <u>SETTLEMENT STIPULATION</u>

i

# TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION**......................................................................................1

II.    **DEFINITIONS**........................................................................................6

III.    **SETTLEMENT RELIEF GENERALLY**................................................14

IV.    **SETTLEMENT RELIEF**........................................................................21

    A.    Annuities in Deferral...................................................................21

    B.    Fully Surrendered Annuities and Annuities with Death Benefit Claims Paid Over a Period of Five Years or Less.............................................24

    C.    Annuities that Have Been Annuitized............................................26

    D.    Additional Benefit for Bonus Maxxx Annuities.................................29

    E.    Additional Benefit for Class Members 90 Years of Age or Older ...................30

V.    **NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS**........................................................................................31

VI.    **OBJECTIONS TO SETTLEMENT AND APPEARANCE AT THE FAIRNESS HEARING**...........................................................................44

VII.    **RELEASE AND WAIVER, AND ORDER OF DISMISSAL**..................47

VIII.    **ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVES**..............52

ii

## TABLE OF CONTENTS, (Continued)

**Page**

IX.     **PRELIMINARY APPROVAL AND PRELIMINARY APPROVAL ORDER**.....55

X.      **FINAL APPROVAL AND FINAL ORDER AND JUDGMENT**...........................60

XI.     **MODIFICATION OR TERMINATION OF THIS AGREEMENT** ......................65

XII.    **GENERAL MATTERS AND RESERVATIONS**......................................................69

iii

IT IS HEREBY STIPULATED AND AGREED, by, between and among plaintiffs ANTHONY J. IORIO, MAX FREIFIELD and RUTH SCHEFFER ("Named Plaintiffs") and ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, through their duly-authorized counsel, that the lawsuit captioned *Iorio v. Allianz Life Insurance Company of North America*, Case No.: 05 CV 0633 JLS (CAB)  (the "Action"), in the United States District Court for the Southern District of California, and all of the matters raised, or which could have been raised, in the Action, are settled, compromised and dismissed on the merits, and with prejudice, on the terms and conditions set forth in this Stipulation of Settlement and the exhibits hereto (the "Settlement" or "Agreement") and the release set forth herein, subject to the approval of the Court.

## I.      INTRODUCTION

### A.      The Procedural History of the Action

1.      This Action was originally filed on March 30, 2005, by Mr. Iorio.  Other additional plaintiffs, added by the first amended complaint, subsequently departed the litigation and were replaced by Ms. Scheffer and Mr. Freifield, in an action styled *Anthony J. Iorio, Max Freifield, Ruth Scheffer, Beatrice Stafford, on behalf of themselves and all others, similarly situated v. Asset Marketing Systems, Inc., Asset Marketing Systems Insurance Services, LLC, Seniors Only Financial And Insurance Services, Inc., Michael Howard Botkin, Allianz Life Insurance, and Allianz Life Insurance Company of North America*, Case No. 05 CV 0633 IEG (CAB).  The Action was thereafter re-assigned to the Honorable Janis L. Sammartino, as Case No. 05 CV 0633 JLS (CAB).

1

2. The original Complaint named as defendants various financial service agencies and an agent (Asset Marketing Systems, Inc., Asset Marketing Systems Insurance Services, LLC, Seniors Only Financial and Insurance Services, Inc., Michael Howard Botkin), all of whom Plaintiffs have since dismissed.

3. After the original Complaint, Plaintiffs subsequently filed a First, Second and Third Amended Complaint in the Action.

4. Plaintiffs moved for class certification on June 20, 2006, and on July 26, 2006, the Court certified a class of all persons who purchased one of the following annuities from Allianz Life Insurance Company of North America or LifeUSA while they were California residents and when they were 65 years or older: Bonus Maxxx, BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite and MasterDex 10 prior to July 26, 2006, (the "Class").

5. During the five-year pendency of this Action, Class Counsel have conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the Plaintiffs' claims and potential claims and to determine how best to serve the interests of Plaintiffs and the Class.  In the course of this extensive examination, Class Counsel have reviewed more than 50,000 documents, hundreds of thousands of pages of complex financial information produced by Allianz, engaged and consulted with several financial and other experts, and have taken or participated in at least 44 depositions of the key program representatives of Allianz, independent agents, unnamed Class Members and others. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by Allianz to those claims.

6.    Based upon the record developed during the discovery phase, Allianz filed and the Court adjudicated motions for summary judgment and motions to decertify the class.

7.    Both Plaintiffs and Defendants retained experts, who have prepared expert reports and prepared to testify at the trial of this case.

8.    At the time that the Parties reached an agreement in principle to settle this Action, this case was fully prepared for trial.

**B.    Plaintiffs' Claims**

1.    Based upon their discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the current Third Amended Complaint, Plaintiffs and the Class, through Class Counsel, have decided to amend the Complaint in the Action by filing a Fourth Amended Complaint, conditioned upon the Settlement becoming final (as addressed further below), which replaces and supersedes the prior versions of the Complaint filed in the Action.  A copy of the proposed Fourth Amended Complaint is attached hereto as Exhibit A.

2.    The Fourth Amended Complaint omits all claims for fraud, violations of the UCL, declaratory relief, and breach of an implied covenant of good faith and fair dealing.

3.    The Fourth Amended Complaint asserts a single cause of action for breach of contract based on the alleged incorporation of California Insurance Code Sections 10127.10(c) and 10127.13 (the "Senior Notice Statutes") into the annuity contracts of Class Members as a matter of law, and the purported violation of those Senior Notice Statutes by Allianz in failing to recite the exact language of the Senior Notice Statutes on the cover page of each of the Allianz annuity contracts sold to Class Members.

3

4.      Instead of using the exact language contained in the statutes, Allianz contends that it used slightly different language for two-tiered annuities which provides clearer and better disclosures to prospective purchasers, that said language was submitted to the California Department of Insurance, and that the Department, after evaluating the language, agreed Allianz could use it instead of the exact statutory language.  Allianz contends that it used the exact statutory language for the disclosure for its single-tier annuities.

5.      The decision of Plaintiffs and Class Counsel to file the Fourth Amended Complaint, conditioned upon the Settlement becoming final, is based upon their continuing discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the Third Amended Complaint, informed by information developed during discovery in this Action, legal research and consultation with experts.

C.      **The Background of the Settlement**

1.      As set forth above, Class Counsel and their experts have conducted a thorough investigation of the facts relating to the claims asserted in the Action, and Class Counsel have evaluated the relevant law and facts to assess the merits of Plaintiffs' claims, and the likelihood of success at trial.  Plaintiffs and Class Counsel have agreed to settle the Action pursuant to the provisions of this Agreement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the Class under the terms of this Agreement; (ii) the necessity of amending the Complaint further to drop fraud claims in view of the jury verdict in the case of *Mooney v. Allianz Life*, Case No. 06-545 (U.S. District Court D. Minn.), in which Allianz prevailed before a jury on substantially similar fraud claims; (iii) the uncertainty of being able to prevail at trial; (iv) the uncertainty of being able to overcome Allianz's defenses to the

4

Third and Fourth Amended Complaints; (v) the issues relating to proving damages on an individual Class Member basis; (vi) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vii) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiffs and the Class.

2.     The Named Plaintiffs and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefits to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Action.

### D.     Allianz's Position

1.     Allianz expressly denies any wrongdoing alleged in the pleadings in the Action, including all versions of the Complaint, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action.  Allianz nonetheless considers it desirable for the Action to be settled and dismissed, because the settlement will: (i) provide substantial benefits to Allianz's policyholders; (ii) confer benefits on Allianz, including the avoidance of further expense and disruption of the management and operation of Allianz's business due to the pendency and defense of the Action;  (iii) finally put Plaintiffs' and the Class claims and the underlying matters to rest; and (iv) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiffs and the Class on the claims alleged in the Third and proposed Fourth Amended Complaints in the Action.

2.     Allianz contends that Plaintiffs' claims are improper as a matter of law, and that Plaintiffs would suffer failures of proof at trial that would be fatal to their claims, in part

5

because it is impossible to prove some of the elements of the certified claims on a class-wide basis.

3.      Allianz contends that the language in its disclosures to seniors for two-tier annuities was submitted to and agreed to by the California Insurance Department, and that such language substantially complies with the requirements of the California Senior Notice Statutes.

4.      Allianz also contends that Class Members have not suffered any damage or loss as a result of the conduct alleged in the Third and proposed Fourth Amended Complaints.

5.      Allianz contends that this case is not proper to be certified as a contested class action for litigation purposes insofar as manageability, predominance and considerations of procedural due process would not permit compliance with the provisions and requirements of Federal Rule of Civil Procedure 23.  However, Allianz does believe, in light of *Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231 (1997), that such considerations do not apply to certification of settlement classes, and that acceptable procedural safeguards have been incorporated into the proposed settlement.

II.      **DEFINITIONS**

For purposes of this Agreement:

**A.**      "Action" means *Iorio, et. al. v. Allianz Life Insurance Company of North America*, Case No.:  05 CV 0633 JLS (CAB), pending in the United States District Court for the Southern District of California, including the Complaint as originally filed and as amended from time to time and all factual allegations therein.

**B.**      "Agent" means, unless otherwise indicated, the sales agent, manager, broker, marketing organization and/or other representative who was licensed and appointed by Allianz,

6

who participated in any way, directly or indirectly, in the marketing, sale or servicing of an Annuity.

      **C.**     "Agreement" means this document, including all exhibits hereto.

      **D.**     "Allianz" means, Allianz Life Insurance Company of North America, or, collectively, Allianz Life Insurance Company of North America and LifeUSA Insurance Company.

      **E.**     "Annuity," "Annuities," "Policy" or "Policies" means an annuity issued by Allianz and purchased during the Class Period by a Class Member, or by a trustee of a trust in which the Class Member is an owner, grantor or beneficiary, if the annuity was one of the following annuity products: Bonus Maxxx (including Bonus Maxxx, Accumulator Bonus Maxxx, Bonus Maxxx 12% and Bonus Maxxx 14%), BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite or MasterDex 10.  When used to refer to an Annuity contract, these terms include the base annuity contract issued by Allianz, including any riders, schedules, endorsements and other forms specifically made a part of the contract at the time of its issue, plus any riders, endorsements, addendums and amendments to the contract issued by Allianz thereafter.

      **F.**     "Annuity Status Date" means the date as of which the status of annuities are determined for purposes of this Agreement and the Settlement.  The Annuity Status Date shall be June 3, 2010.

      **G.**     "Beneficiary" means the Persons or Persons properly designated as a beneficiary under the terms of an Annuity contract, or otherwise having rights as a beneficiary as provided for in the Annuity contract or applicable law if all Owners of an Annuity are deceased.  No one may provide directions on behalf of or succeed to the rights of a deceased Beneficiary other

7

than as provided in this Agreement, the Annuity contract or applicable law. If there is a conflict between beneficiary designations made pursuant to an Annuity and the requirements of applicable law, the requirements of applicable law control.

In the event of any conflicting claims of rights as a Beneficiary, or conflicting instructions regarding the rights of a single Beneficiary, Allianz shall ask such persons to provide consistent direction, and shall have no obligation to provide any Settlement Relief available to the affected Beneficiary or Beneficiaries with respect to that Annuity until such conflicting claims or conflicting instructions are resolved, whether by written agreement of those asserting such conflicting claims or instructions or by Allianz using the procedures and criteria it would use in the ordinary course of business in similar or analogous situations. Allianz shall give notice to Class Counsel of any such conflicting claims or instructions that are not resolved by the Beneficiary(ies). Any dispute between Class Counsel and Allianz with respect to a resolution by Allianz of any such conflicting claims or instructions which cannot be resolved through conference of counsel shall be submitted to the Court for final determination, and Allianz shall provide Settlement Relief in accordance with the Court's determination.

H.      "Bonus Maxxx" means the Allianz annuity products known as Bonus Maxxx, Accumulator Bonus Maxx, Bonus Maxxx 12% and Bonus Maxxx 14%.

I.      "Class" means the class certified in this Action, which is defined as: all persons who purchased one of the following annuities from Allianz Life Insurance Company of North America or LifeUSA Insurance Company while they were California residents and when they were 65 years or older: Bonus Maxxx (including Bonus Maxxx, Accumulator Bonus Maxxx, Bonus Maxxx 12% and Bonus Maxxx 14%), BonusDex, Bonus Maxxx Elite, BonusDex Elite,

8

10% Bonus PowerDex Elite and MasterDex 10 prior to July 26, 2006, subject to the following categories of persons which are specifically excluded from the Class:

        1.     Officers, directors or employees of Allianz; any entity in which Allianz has a controlling interest; the affiliates, legal representatives, attorneys or assigns of Allianz; any federal, state or local governmental entity; and any judge, justice or judicial official presiding over this matter, and the staff and immediate family of any such judge, justice or judicial officer.

        2.     Any person who acted as an independent insurance Agent licensed by the State of California and appointed by Allianz in the sale of Annuities that are in the Class.

        3.     Any person who, under the terms of the previous orders and notices to class members in this Action, properly submitted a written request to be excluded from the Class.

**J.**     "Class Counsel" means the attorneys appointed by the Court to represent the Class in this Action, Gianelli & Morris, Ernst & Mattison, and the Law Offices of Ronald A. Marron.

**K.**     "Class Member" means a member of the Class.

**L.**     "Class Period" means the period prior to July 26, 2006**.** "Complaint" means the original Complaint filed to commence this Action, the First Amended Complaint, the Second Amended Complaint, the Third Amended Complaint and the proposed Fourth Amended Complaint, collectively and individually.

**M.**     "Confidential Information" means material designated as "Confidential Material" in accordance with the terms of the Protective Order entered in this Action on November 16, 2004, and any other information that is described in this Agreement as being confidential. "Confidential Information" does not include any material – whether or not such material was

designated as "Confidential Material" – filed with the Court without being placed under seal, and hence is publicly available.

**N.**     "Court" means the court before which this Action is pending.

**O.**     "Day" means a single calendar day.

**P.**     "Execution Date" means the date on which this Agreement is fully executed by the Named Plaintiffs, Allianz, and counsel for both Parties.

**Q.**     "Fairness Hearing" means the hearing held by the Court on any motion(s) for final approval of the proposed Settlement.

**R.**     "Final Approval Date" means the date on or after the Final Fairness Hearing on which the Court's order approving the Settlement is file stamped by the United States District Court for the Southern District of California.

**S.**     "Final Judgment" means the Final Judgment entered by the Court in this Action, pursuant to the Settlement.

**T.**     "Final Order" means the Court's order approving the Parties' Settlement and entering judgment in this Action, after the Fairness Hearing.

**U.**     "Final Settlement Date" means the date on which the Final Order becomes final. For purposes of this Agreement:

1.     if no Notice of Appeal is filed prior to 31 days after the Final Approval Date, the Final Settlement Date shall be 31 days after the Final Approval Date;

2.     if a Notice of Appeal from the Final Order or the Final Judgment is filed prior to 31 days after the Final Approval Date, the Parties shall cooperate to oppose the appeal, and the Final Settlement Date shall be the date on which all such appeals are dismissed or otherwise fully disposed of in a manner that affirms the Final Order and the Final Judgment,

10

including petitions for rehearing or reargument, petitions for rehearing *en banc* and petitions for certiorari or any other form of review.

V.     "Initial Premium" means the total premium payment(s) allocated to the policy on the policy issue date, plus any pending transfer premium which is received after the issue date but was intended to comprise some or all of the first premium payment for the Annuity, as indicated on the application form and/or transfer authorization(s) submitted with the application for the Annuity**.**

W.     "Life With 10-Year Guarantee Annuitization Option", for any Annuity, means any annuitization option permitted under that Annuity contract (as defined *supra*), or otherwise permitted by Allianz, where the periodic annuity payments are to be paid for the life of one or more annuitants, with a guarantee of periodic annuity payments for a period of ten years or longer.

X.     "Named Plaintiffs" means plaintiffs Anthony J. Iorio, Max Freifield, and Ruth Scheffer, in their capacities as individuals and as representatives of the Class, and their heirs, assigns and successors-in-interest.

Y.     "Owner" means any person or persons, entity or entities, having any legal or equitable ownership interest in an Annuity under the terms of the Annuity, agreement with Allianz, and/or applicable law.  Initially, at the time of issuance of an Annuity, the Annuity purchaser is the Owner (and the Class Member) with respect to said Annuity.  The Owner may change upon either the death of the Class Member or a transfer of ownership to another, in accordance with the terms of the Annuity, agreement with Allianz, and/or applicable law.  There can be more than one concurrent Owner of an Annuity.  A Beneficiary may have rights as an Owner only if permitted by the terms of the Annuity (or by agreement with Allianz) and there is

11

no other person or party who succeeds to the rights of the deceased Owner as to the Annuity by operation of law.  Without limiting the foregoing, "Owner" shall include a surviving spouse and non-spouse Beneficiary who continues an Annuity in deferral, if such a continuation was elected and was permitted by the terms of the Annuity (or Allianz has otherwise agreed to permit such a continuance).

If more than one person or entity asserts conflicting claims to be an Owner of an Annuity or if Allianz receives conflicting instructions from multiple persons or entities claiming to be or who are Owners of an Annuity, Allianz shall ask such persons to provide consistent direction, and shall have no obligation to provide any Settlement Relief available to an Owner with respect to that Annuity until such conflicting claims and/or instructions are resolved, whether by written agreement of those asserting such conflicting claims and/or instructions or by Allianz using the procedures and criteria it would use in the ordinary course of business in similar or analogous situations.   Allianz shall give notice to Class Counsel of any such conflicting claims or instructions that are not resolved by the Owner(s).   Any dispute between Class Counsel and Allianz with respect to a resolution by Allianz of any such conflicting claims or instructions which cannot be resolved through conference of counsel shall be submitted to the Court for final determination, and Allianz shall provide Settlement Relief in accordance with the Court's determination.

**AA.**    "Partial Surrender" means, for purposes of this Agreement, a partial withdrawal that is penalty free under the terms of the Annuity contract.

**BB.**    "Parties" means Allianz and Plaintiffs.

**CC.**    "Parties' Counsel" means Class Counsel and counsel for Allianz.

12

**DD.** "Person" includes individuals and entities, including but not limited to trusts, as may be appropriate in the context in which the term is used.

**EE.** "Plaintiffs" means the Named Plaintiffs and all Class Members.

**FF.** "Plaintiffs' Counsel" means Class Counsel.

**GG.** "Premium" means the total of Initial Premium plus any subsequent premium for the Annuity, received by Allianz prior to the Annuity Status Date.

**HH.** "Settlement" means the agreement settling the Action.

**II.** "Settlement Administrator" means the independent settlement administrator described below.  Subject to Court approval, the Settlement Administrator shall be selected by Allianz, through a competitive bidding process, from among the following firms, using whatever criteria and process Allianz deems appropriate: Epiq Systems, Inc.; Garden City Group, Inc.; Gilardi & Co.; and Rust Consulting, Inc.

If Allianz selects a Settlement Administrator other than Gilardi & Co., which performed administration services in connection with the notices of pendency of this class action, Allianz shall be responsible for all reasonable administrative expenses incurred by Gilardi & Co., for services requested by the Parties jointly or by Allianz, in connection with the Settlement, Settlement approval, or the Settlement Notice, or the transition from Gilardi & Co. to the new administrator.

**JJ.** "Settlement Notice" means the settlement class notice package described below, substantially in the form of Exhibits B-D, and as may be approved by the Court.

**KK.** "Settlement Relief" means all relief available, immediately or in the future, under the terms of Section IV of this Agreement.

13

**LL.**     The terms "he or she" and "his or her" include "it" or "its," where applicable.

## III.     SETTLEMENT RELIEF GENERALLY

**A.**     Allianz will make Settlement Relief available in the categories described below, without any requirement that any Class Member, or any person or entity entitled to Settlement Relief under the terms of the Agreement, submit any claim form, although certain persons have an option with respect to Settlement Relief for Annuities in annuitization, and will need to notify Allianz should they wish to exercise that option.

**B.**     For purposes of this Agreement, the Annuities will be divided into four categories based upon the status of the Annuities as of the Annuity Status Date:

1.     annuities in deferral;

2.     annuities that have been fully surrendered;

3.     annuities that have been annuitized; and

4.     annuities as to which death claims have been paid or are payable; as further described below.

**C.**     Settlement Relief is provided with respect to individual Annuities, and Allianz will provide Settlement Relief with respect to each Annuity only with respect to the status of the Annuities as of the Annuity Status Date, unless otherwise provided in this Agreement.  Any Annuity which is entitled to Settlement Relief under more than one of the Settlement Relief provisions set forth in Sections IV.A-E, below, is eligible for relief under all such provisions, so long as all terms and conditions thereof are satisfied.

**D.**     No Settlement Relief will be provided with respect to Annuities which have lapsed as of the Annuity Status Date.  An Annuity has lapsed, for purposes of this Agreement, if

14

as a result of unpaid loans taken pursuant to the terms of the Annuity contract, the Cash Value has been reduced to zero and the Annuity contract has been cancelled by Allianz.

**E.** Where a Person who otherwise would be a Class Member, or someone acting on behalf of that Person with legal authority to do so, has validly excluded himself/herself/itself from the Class at the time of the notices of the pendency of the Class Action as to any one (or more) Annuity, in accordance with the Court's orders and said notices, that Person shall be deemed to have excluded himself/herself/itself with respect to all Annuities in which said Person has any interest as an Owner, and all such Annuities shall be excluded from the Settlement Relief, including the interest of the Person, any co-Owner or subsequent Owner, and any Beneficiary of said Annuities.

**F.** Where a prior Annuity was cancelled, and the Premium paid for the Annuity was transferred to another Annuity, without any penalty, the subsequent Annuity shall be treated as the only Annuity for purposes of settlement relief based upon the date that the Annuity was issued, and Settlement Relief will not be provided with respect to the prior Annuity.  If an Annuity is cancelled and reissued, or split into more than one Annuity for purposes of providing benefits under the Annuity contract to more than one Owner or Beneficiary, without any penalty, the Settlement Relief will be provided to the Annuities existing as of the Annuity Status Date, with the status of the Annuities determined as of the Annuity Status Date.

**G.** This Agreement shall not alter any of the terms set forth in the Annuity contracts, except as specifically provided in the Agreement.

**H.** Settlement Relief, including annuitization and withdrawal options, may be subject to the requirements of federal, state, or other tax laws.  Settlement Relief may have tax consequences for individual Class Members, Owners, and/or Beneficiaries.

15

**I.**     Any right to receive Settlement Relief under this Agreement is personal to the Class Member, Owner, or Beneficiary, or any other person who is entitled to receive benefits under the Agreement, or their successors in interest, and any rights to receive Settlement Relief may not otherwise be assigned or transferred to any third party, except as may be permitted by the Annuity or agreement with Allianz.

**J.**     To the extent applicable, the Settlement Relief shall be administered, processed and provided by Allianz in accordance with Allianz's normal business procedures for providing similar benefits under the Annuity contracts it issues. Allianz shall not, on account of their Class membership, discriminate against any Class Member, or any person or entity entitled to Settlement Relief, with respect to any discretionary obligation under the Annuities, and the Annuities shall be treated the same as other annuities under the same policy forms on a nationwide basis, within Allianz's normal management of annuities on a portfolio basis.

**K.**     If prior to the date of certification of the Class in the Action, the Owner of an Annuity signed a release of claims relating to an Annuity or the termination of an Annuity, which release fully encompasses all claims released by the Settlement, no Settlement Relief shall be available with respect to said Annuity.

If prior to the date of certification of the Class in the Action, the Owner of an Annuity signed a release of claims relating to an Annuity or the termination of an Annuity, which release overlaps with but does not fully encompass the claims released by the Settlement, Allianz shall be entitled to a set-off against any Settlement Relief for said Annuity for the consideration provided under the prior release, so long as the Settlement Relief and the prior consideration are of a like kind such that direct application of a set-off is possible.   Allianz shall timely provide

16

any portion of the Settlement Relief which is not subject to such a claimed set-off.  The amount of any such set-off shall not exceed the amount of the Settlement Relief.

By way of non-exclusive example only, Settlement Relief and prior consideration shall be considered to be of "like kind" if both consist of a past or present, fully paid cash payment, a credit to the Annuitization Value or the Cash Value, and/or an increase in the permitted penalty-free partial withdrawal amount.

No later than fourteen (14) days prior to the Fairness Hearing, Allianz shall identify each Annuity for which the Settlement Relief is impacted by such a prior release, identify the date, type, and amount of the consideration for the prior release, and make available for production (upon request by any person or entity otherwise entitled to Settlement Relief, or by Class Counsel) a copy of the corresponding release agreement and documentation of the provision of the prior consideration.  Any dispute between Class Counsel and Allianz with respect to such a prior release which cannot be resolved through conference of counsel shall be submitted to the Court for final determination, and Allianz shall provide Settlement Relief in accordance with the Court's determination.

**L.**     If, prior to the date of certification of the Class in the Action, Allianz provided a monetary credit, a cash payment, or other non-monetary benefit with respect to an Annuity, in response to a complaint released by this Agreement, but no written release was obtained by Allianz in consideration of such credit, payment, or benefit, Allianz shall be entitled to a set-off against any Settlement Relief for the Annuity for said prior credit, payment, or benefit, if the Settlement Relief and the prior credit, payment, or benefit are of a like kind such that direct application of a set-off is possible. Allianz shall timely provide any portion of the Settlement

17

Relief which is not subject to such a claimed set-off.  The amount of any such set-off shall not exceed the amount of the Settlement Relief.

By way of non-exclusive example only, Settlement Relief and prior consideration shall be considered to be of "like kind" if both consist of a past or present, fully paid cash payment, a credit to the Annuitization Value or the Cash Value, and/or an increase in the permitted penalty-free partial withdrawal amount.

No later than fourteen (14) days prior to the Fairness Hearing, Allianz shall identify each Annuity as to which a set-off, in whole or in part, is claimed based on such a prior credit, payment, or benefit, identify the type, amount, and date of said prior credit, payment, or benefit, and make available for production (upon request by any person or entity otherwise entitled to Settlement Relief, or by Class Counsel) a copy of the documentation relating to the complaint and provision of the credit, payment, or benefit.  Any dispute between Class Counsel and Allianz with respect to such a prior credit, payment, or benefit which cannot be resolved through conference of counsel shall be submitted to the Court for final determination, and Allianz shall provide Settlement Relief in accordance with the Court's determination.

**M**.    Present or future entitlement to and/or receipt of Settlement Relief for an Annuity shall not preclude any eligible Person(s)'s right to seek rescission (a return of all Premium) of the Annuity should such a right of rescission become available under any proposed settlement or decision in the pending regulatory action against Allianz by the California Department of Insurance.  Eligibility for Settlement Relief for an Annuity shall not be conditioned upon an election to forgo seeking rescission under such a regulatory settlement or decision, and an unsuccessful claim for rescission under such a regulatory settlement or decision shall not preclude receipt of Settlement Relief.

18

Allianz shall be entitled to a set-off, however, of any monetary Settlement Relief benefits received for the Annuity, against the amount of the monetary payment pursuant to such a rescission for the Annuity, so that the total monetary benefits received for the Annuity under both the Settlement Relief and such regulatory settlement or decision do not exceed the amount of Premium paid for the Annuity.  Any dispute between Class Counsel and Allianz with respect to such a set-off which cannot be resolved through conference of counsel shall be submitted to the Court for final determination, and Allianz shall provide Settlement Relief in accordance with the Court's determination.

N.     On the date forty-two (42) days after the Final Settlement Date, Allianz shall produce to Class Counsel an Excel spreadsheet, verified by declaration as accurate and complete based on Allianz's records, current through the date twenty-one (21) days after the Final Settlement Date, setting forth sufficient data for each Annuity to ascertain eligibility for and the corresponding amount (if applicable) of any Settlement Relief, present or future, to the extent it can be determined as of said date.  In recognition that certain of the Settlement Relief is being made available in the future and/or over a period of time, Allianz will: (1) provide reasonable updates upon request by Class Counsel as may be necessary to respond to individual inquiries by or on behalf of Persons entitled to receive or claiming a right to receive Settlement Relief, (including both the individual inquiry and, if indicated, any related potential systematic issue affecting Settlement Relief) and  (2) provide full updated data, verified by declaration as accurate and complete based on Allianz's records, current as of the date two (2) years after the Final Settlement Date, within twenty-one (21) days thereof, setting forth sufficient data for each Annuity to ascertain eligibility for and the corresponding amount (if applicable) of any Settlement Relief, present or future, to the extent it can be determined as of said date.

19

**O.**     Allianz will provide Settlement Relief to the Person(s) entitled to receive benefits under the terms of the Annuity contracts and/or Settlement at the time that the Settlement Relief is provided or exercised.

**P.**     If the date on which Allianz is to provide any Settlement Relief under this Agreement falls on a Saturday, Sunday or a holiday enumerated in Fed. R. Civ. Pro. 6(a)(6), the relief shall be provided on the next day that is not a Saturday, Sunday or a holiday.

**Q.**     If any Person is claiming to act on behalf of, or as a successor to, a Class Member, Owner, beneficiary, or other person entitled to Settlement Relief under the Agreement, Allianz may accept such direction if it is (1) authorized by the Annuity contract; or (2) in accordance with applicable law, and is accompanied by reasonably required written evidence of authority to act.  Such evidence may include, without limitation and by example only, a power of attorney (if the Person entitled to Settlement Relief is alive), letters testamentary (if the Person entitled to Settlement Relief is deceased), a copy of the death certificate and documentation showing appointment as executor of the deceased's estate (if the Person entitled to Settlement Relief is deceased), a copy of the death certificate and documentation showing appointment as a successor trustee (if the Person entitled to Settlement Relief is deceased and the Settlement Relief is a trust asset), a declaration showing authority (or consent by those sharing authority) under California's laws of intestate succession, or such other evidence of authority normally accepted by Allianz in the administration of its annuities.

**R.**     If, after following the procedures set forth in this Agreement, Allianz does not have an address for any Person to whom it is to provide Settlement Relief under the terms of this Agreement, the Parties will use reasonable efforts to attempt to locate such persons, using all

20

information in Allianz's records and, as appropriate, the use of a commercial address investigation service, such as Accurint.

## IV.   SETTLEMENT RELIEF

### A.   Annuities in Deferral

Allianz shall provide the following Settlement Relief for each Annuity that is in deferral as of the beginning of the Annuity Status Date:

1.   Annuitization Value Credit:

a.   Allianz shall make a single credit to the Annuitization Value of each Annuity as to which an Owner elects to annuitize the Annuity on or after the date forty-two (42) days after the Final Settlement Date, if the annuitization election is on the basis that annuitization payments will be calculated and paid under a Life With 10-Year Guarantee Annuitization Option.  The amount of such credit shall be 3.25% of the Annuitization Value of the Annuity as of the date that Allianz processes the request to annuitize with a Life With 10-Year Guarantee Annuitization Option, with the credit to be applied to the Annuitization Value as of that date.  This right to annuitize and receive this credit shall first become available on the later of the date forty-two (42) days after the Final Settlement Date or the date five years after the issuance of the Annuity contract.

b.   No later than the date forty-two (42) days after the Final Settlement Date, Allianz shall give each Owner eligible for Settlement Relief under this paragraph IV.A.1 a written notice of the finality of the Settlement and availability of this Settlement Relief in the form of Exhibit E.  No notice, however, shall be sent for any Annuity

21

which prior to this date is terminated by death, fully surrendered, or annuitized, such that it is no longer active and in-deferral.

2.     Increased Penalty-Free Partial Withdrawals:   Allianz shall increase the amount of permissible penalty-free partial withdrawals provided for in the Annuity contracts (also referred to as Partial Surrenders), both with respect to the annual and cumulative limitations on such withdrawals, as follows:

a.     For each BonusDex, BonusDex Elite, Bonus Maxxx Elite and 10% Bonus PowerDex Elite Annuity, a Partial Surrender that occurs forty-two (42) or more days after the Final Settlement Date qualifies as a penalty-free withdrawal (also referred to as a Partial Surrender) under the terms of the Annuity contract if all of the following conditions are met: (1) the requested Partial Surrender amount does not exceed 10% of total Premium paid; (2) the Partial Surrender is taken at least 12 months after the last Premium is received; (3) no more than one Partial Surrender is taken within a 12 month period with respect to BonusDex Elite, Bonus Maxxx Elite and 10% Bonus PowerDex Elite Annuities, or within one contract year with respect to BonusDex Annuities; and (4) cumulative Partial Surrenders do not exceed 50% of total Premium paid.

b.     For each BonusMaxxx Annuity, a Partial Surrender that occurs forty-two (42) or more days after the Final Settlement Date qualifies as a penalty-free withdrawal (also referred to as a Partial Surrender) under the terms of the Annuity contract if all of the following conditions are met: (1) The Partial Surrender is taken after the first policy year; (2) no more than one Partial Surrender is taken within a 12 month period; (3) the requested Partial Surrender amount does not exceed 5% of total Premium paid, except that for a single year only, the requested Partial Surrender amount does not exceed 15%; (4) cumulative Partial

22

Surrenders do not exceed 40% of total Premium paid.  Any 12 month period in which a Partial Surrender of more than 5% is or was taken will constitute the one year during which a Partial Surrender of up to 15% may be taken.

            c.     For each MasterDex 10 Annuity, a Partial Surrender that occurs forty-two (42) or more days after the Final Settlement Date qualifies as a penalty-free withdrawal (also referred to as a Partial Surrender) under the terms of the Annuity contract if all of the following conditions are met:  (1) the requested Partial Surrender amount does not exceed 15% of total Premium paid; (2) the Partial Surrender is taken at least 12 months after the last Premium is received; (3) no more than one Partial Surrender is taken within a 12 month period; and (4) cumulative Partial Surrenders do not exceed 75% of total Premium paid.

            d.     The increased permissible penalty-free withdrawals under this paragraph IV.A.2 may be exercised by the Owner at any time on or after the date forty-two (42) after the Final Settlement Date.

            e.     No later than the date forty-two (42) days after the Final Settlement Date, Allianz shall give written notice to the Owner eligible for Settlement Relief under this paragraph IV.A.2 of the finality of the Settlement and availability of this Settlement Relief in the form of Exhibit E.  No notice, however, shall be sent for any Annuity which prior to this date is terminated by death, fully surrendered, or annuitized, such that it is no longer active and in deferral.

            3.     Nothing in this Agreement will require any Owner to withdraw funds from any Annuity, in full or in part.  Further, all annuitization options permitted under the Annuity will remain available to Owners and Beneficiaries, or any other Person(s) entitled to elect annuity payments under the Annuity, but the Annuitization Value credit provided for by this

Agreement shall only be available for annuitizations which meet all the terms and conditions of this Agreement.

4.      A Class Member, Owner, or Beneficiary (as may be applicable) with an Annuity subject to this Settlement Relief category (IV.A) may receive benefits under both the Annuitization Value credit provisions and the increased permissible penalty-free withdrawals provisions, so long as all terms and conditions thereof are satisfied.

**B.      Fully Surrendered Annuities and Annuities with  Death Benefit Claims Paid Over a Period of Five Years or Less**

Allianz shall provide the following settlement relief with respect to Annuities in the Class for which a full surrender was processed before the Annuity Status Date, or for which a death benefit claim electing to receive a lump sum payment or payment over a period of less than five years was processed before the Annuity Status Date:

1.      For each Annuity that was fully surrendered and the proceeds were not used in order to purchase a new annuity through a transfer to another company, Allianz shall pay the greater of:

(a)      2.23% of the Premium plus $1,000.00; or

(b)      2.23% of the Premium plus 100% of: (i) the amount of the Premium for the Annuity less the net amount of any funds received from the Annuity prior to the full surrender (including any amounts withheld for tax purposes and/or unpaid loan interest and fees), whether received by withdrawal, partial surrender or otherwise; less (ii) the cash value received as a result of the full surrender of the Annuity (including any amounts withheld for tax purposes and/or unpaid loan interest and fees).

24

2.      For each Annuity that was fully surrendered and the proceeds were used to purchase a new annuity through a transfer to another company, Allianz shall pay the greater of:

(a)      2.23% of the Premium plus $1,000.00; or

(b)      2.23% of the Premium plus 65% of: (i) the amount of the Premium for the Annuity less the net amount of any funds received from the Annuity prior to the full surrender, (including any amounts withheld for tax purposes and/or unpaid loan interest and fees), whether received by withdrawal, partial surrender or otherwise; less (ii) the cash value received as a result of the full surrender of the Annuity (including any amounts withheld for tax purposes and/or unpaid loan interest and fees).

3.      The Settlement Relief provided for in paragraphs IV.B.1 and IV.B.2, *supra*, shall be paid to the Owner or other Person entitled to benefit payments under the Annuity contract, or if deceased, to such designated Beneficiary (or Beneficiaries) under the Annuity contract in the designated proportions.  If any such Beneficiary is deceased, this Settlement Relief shall be payable proportionally to any surviving Beneficiaries, or if none, to the Beneficiary's (or Beneficiaries') heirs (upon reasonable proof of status).

4.      For each Annuity where the Beneficiary (or Beneficiaries) has (have) claimed a lump sum death benefit, or claimed a death benefit to be paid over a period of less than five years, Allianz will pay each such Beneficiary his or her *pro rata* share, based on the same proportions as the death benefits were divided, of $500.00 per Annuity.  If any such Beneficiary is deceased, these Settlement benefits shall be payable proportionally to any surviving Beneficiaries, or if none, to the Beneficiary's (or Beneficiaries') heirs (upon reasonable proof of status).

25

5.      An Annuity shall be considered to have been surrendered in order to purchase a new annuity through a transfer to another company only if Allianz possesses written documentation, prior to the date twenty-one (21) days after the Final Settlement Date, confirming: (a) that a direct transfer payment from the surrendered Annuity was made by Allianz to another annuity company; and (b) that the product purchased thereby was another annuity. No later than fourteen (14) days prior to the Fairness Hearing date, Allianz shall identify all such known transfers (for which such documentation has been obtained by Allianz) or suspected transfers (for which Allianz is seeking such documentation).  Allianz may not request or require that Class Members submit information for purposes of making this determination.

Any dispute between Class Counsel and Allianz with respect to whether such a transfer occurred which cannot be resolved through conference of counsel shall be submitted to the Court for final determination, and Allianz shall provide Settlement Relief in accordance with the Court's determination.   For each such dispute, a reasonable time prior to submission, Allianz shall provide copies of the confirming documentation.

6.      The Settlement Relief provided under this Section IV.B shall be paid no later than forty-two (42) days after the Final Settlement Date.

### C.      Annuities that Have Been Annuitized

1.      Allianz shall provide the following Settlement Relief with respect to each Annuity as to which the Owner has elected to annuitize and that request has been processed before the Annuity Status Date:

a.      with respect to Annuities where the existing annuitization payments are being made under a Life With 10-Year Guarantee Annuitization Option, Allianz

shall increase the amount of all annuitization payments made on or after the date forty-two (42)

days after the Final Settlement Date by 3.5%;

                          b.      with respect to Annuities where the existing annuitization

payments are being made under an option other than a Life With 10-Year Guarantee

Annuitization Option, Allianz shall increase the amount of all future annuitization payments by

3.5% if and only if the party receiving annuity payments submits to Allianz a written request to

change the Annuity payment option, so that future annuitization payments will be made under a

Life With 10-Year Guarantee Annuitization Option, with the amount of such payments

calculated based upon the new annuitization payment option with the stated increase.  No later

than forty-two (42) days after the Final Settlement Date, Allianz will mail to such person a notice

of the finality of the settlement and the availability of this settlement relief, including a form to

request a quotation from Allianz for any changed payout election qualifying for this settlement

benefit, in the form attached hereto as Exhibit F.

        Any Person eligible for this Settlement benefit under the preceding paragraph who wishes

to receive the benefit shall fill out the form to indicate the new annuitization payment option for

which he/she wishes to receive a quotation from Allianz, and mail it to Allianz postmarked no

later than 35 days after the date of the mailing of the form.  Upon receipt of the completed form,

Allianz shall, within twenty-one (21) days of receipt of the properly completed form, mail to the

Person submitting said request a written quotation indicating the current annuitization payment

amount and frequency and the new annuitization payment amount and frequency should the

requested change be made.  To confirm the change in annuitization payments, the Person

submitting said request shall sign and return the quotation to Allianz postmarked no later than

twenty-eight (28) days after the date of the quotation.  The quotation shall include notice of this

27

deadline for confirmation.  Allianz shall process such requests within seven (7) business days of receipt and make the change, effective for the next scheduled annuitization payment.

        2.     For purposes of implementing this modified payment option benefit, Allianz shall use the annuitant age as of the modification request processing date and other related information and documents submitted when the election was made to annuitize the Annuity, rather than requiring submission of any additional information from the party requesting modification.  Allianz may, however, verify the age of any new annuitant if it lacks current information, in accordance with its normal business practices for such age verification.

        3.     For purposes of implementing this modified payment option benefit, the following methodology shall apply:

> To calculate the new annuity payment, Allianz will determine the Annuity's Annuitization Value as of the original date of annuitization, accumulate that value to the date of the first payment taken at the actual interest rate which was used to determine the annuity payments for the Annuity during annuitization, then deduct the amount of the first payment from that balance.
>
> This process will be repeated, accumulating interest and deducting prior payments from this hypothetical balance until the date of the first payment under the modified payment option.  A new annuity payment will be calculated based on the resulting value, age(s) of the person(s) on whose lives the new annuity payments will be based as of the Conversion Date, the payment option selected, current declared rates, and the terms of the Annuity.  The new annuity payments are then increased by 3.5%.
>
> The actual interest rate is defined as the internal rate of return of the expected annuity payments under the original annuity option given the annuitization value as of the annuity date.  If the original annuity option was contingent on the life or lives of the annuitant(s), the underlying mortality table should be consistent with that originally used in establishing the annuity payments.

> It is the Parties' intention that application of this calculated interest rate shall properly reflect actual earnings calculated for the annuity payments for the Annuity, and shall never be less than any minimums guaranteed in the Annuity contract.

4.    The increased annuitization payments provided for by this Section IV.C shall be paid to the Person entitled to receive the annuity payments under the Annuity, at the time said increased annuity payments are issued, recognizing that the Person entitled to receive such payments may change over time in accordance with the terms of the Annuities.

### D.    Additional Benefit for Bonus Maxxx Annuities

Allianz shall provide the following settlement relief with respect to each Bonus Maxxx Annuity as to which a Beneficiary's death benefit claim has been processed before the Annuity Status Date for a lump sum payment or payment over a period less than 5 years.  This benefit shall be equal to 90% of the Premium paid for the Annuity less the sum of the death benefits paid or payable with respect to the Annuity plus the amount of all withdrawals taken with respect to the Annuity (including any amounts withheld for tax purposes and/or unpaid loan interest and fees).  If this relief is to be paid to multiple Beneficiaries, the relief shall be paid in proportion to each such Beneficiary's share of the death benefit paid or payable by Allianz.  This settlement payment is in addition to any payment which may be available under paragraph IV.B.4, *supra*. If any such Beneficiary is deceased, this benefit shall be payable proportionally to any surviving Beneficiaries, or if none, to the Beneficiary's heirs (upon reasonable proof of status).

29

### E.      Additional Benefit for Class Members 90 Years of Age or Older

Allianz shall provide additional settlement relief to Class Members who are living and 90 years old or older as of the Annuity Status Date.  This additional settlement relief shall be to remove the cumulative partial surrender limit as a condition for penalty-free withdrawals (as modified above), to the extent that there is value in the Annuity sufficient to support a penalty-free withdrawal.  This additional benefit eliminates the cumulative maximum withdrawal limitation under the terms of the Annuity, as amended by paragraph IV.A.2 supra.  The Class Member will remain subject to all other limitations on penalty-free withdrawals provided for in the Annuity contracts (as modified in paragraph IV.A.2 supra), including but not limited to the increased annual withdrawal limits.

This benefit shall also be available to any subsequent Owner of the Annuity, so long as the Class Member satisfied the terms and conditions of this paragraph.   No later than the date forty-two (42) days after the Final Settlement Date, Allianz shall give written notice to the Owner eligible for Settlement Relief under this paragraph IV.E of the finality of the Settlement and of this Settlement Relief in the form attached as Exhibit E.  No notice, however, shall be sent for any Annuity which prior to this date is terminated by death, fully surrendered, or annuitized, such that it is no longer active and in deferral.

If there are multiple Class Members who are joint Owners of any Annuity, this Settlement benefit shall be provided if any of such Class Members are living and 90 years old or older as of the Annuity Status Date.  If an Owner of an Annuity is a trust, the age of the annuitant shall be used to determine whether the Annuity qualifies for this Settlement benefit.

30

**V.     NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS**

   **A.     Overview – Settlement Notice**

   1.     Subject to the requirements of any orders entered by the Court, and no later than thirty-five (35) days after the date that the Court enters an order granting preliminary approval of the proposed Settlement, the Settlement Administrator shall send a Settlement Notice by first-class mail, postage prepaid, to each reasonably identifiable Class Member's last known address.  Where a Class Member is known by Allianz to be deceased, in addition to being mailed to the last known Owner(s) of record, the Settlement Notice shall be mailed to all Beneficiary(ies) who are receiving or have received the payment of death benefits under the terms of the Annuity.  The Settlement Notice shall include:

      a.     a cover letter, substantially in the form attached hereto as Exhibit B;

      b.     the notice, substantially in the form attached hereto as Exhibit C, ("Class Notice"), and;

      c.     a change of address form, substantially in the form attached hereto as Exhibit D.

   **B.     Class Notice**

   Each Settlement Notice shall contain a Class Notice setting substantially in the form attached hereto as Exhibit C, and shall:

      1.     inform Class Members that they may be eligible to receive relief under the proposed Settlement;

31

2.      contain a short, plain statement of the background of the Action, Class certification, and the proposed Settlement;

3.      describe the proposed Settlement Relief set forth above in Section IV;

4.      explain the impact of the proposed Settlement on any existing litigation, arbitration, regulatory or other proceeding;

5.      describe the release included in the proposed Settlement;

6.      direct Class Members to consult their own tax advisors regarding the tax consequences of the proposed Settlement, including any payments, or credits provided hereunder, and any tax reporting obligations they may have with respect thereto;

7.      state that any relief to Class Members is contingent on the Court's final approval of the proposed Settlement, and that order approving the Settlement becoming final;

8.      state that Allianz will pay the Attorneys' Fees, and costs and litigation expenses, awarded by the Court as part of the Settlement pursuant to Section VIII below, and that individual Class Members will not be responsible themselves for paying any attorneys' fees, costs and litigation expenses, administration expenses, or incentives for the class representative, (unless they elect to retain their own attorney at their own expense);

9.      inform the Class Members of the date, time, and place of the Fairness Hearing, their right to object, if they wish to do so, to the proposed Settlement, their right to appear in support of any timely and validly submitted objection, and their right to request leave of Court to appear at the Fairness Hearing generally, on their own or through counsel of their own selection (at their own expense), and the deadlines and procedures for doing so, as further described below; and

32

10.     inform the Class Members that any judgment entered in the Action, whether favorable or unfavorable to the Class, and whether pursuant to the Settlement or not, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they may have some other claim, lawsuit, or proceeding pending against Allianz.

### C.     Objection and Appearance Rights

The Class Notice shall also inform Class Members of their objection and appearance rights, including:

1.     that any Class Member may, if he or she desires, object to the proposed Settlement by submitting a written statement of objections, in the manner required under Section VI below, filed and postmarked no later than 35 days after the date of mailing of the Settlement Notice;

2.     that any Class Member who has filed and served a written objection to the proposed Settlement may, if he or she so requests and with the permission of the Court, appear at the Fairness Hearing either personally or through counsel (at their own expense) to speak in support of the objections contained in the written statement of objections submitted as required herein, so long as a written notice of intention to appear at the Fairness Hearing is submitted, in the manner required under Section VI below, filed and postmarked no later than 35 days after the mailing of the Settlement Notice;

3.     that any Class Member may retain counsel of their own selection, at their own expense, to represent them with respect to any such objection so long as written notice of

33

counsel's participation is given in the manner required under Section VI below, postmarked no later than 35 days after the mailing of the Settlement Notice;

        4.    that such counsel may appear on behalf of the Class Member at the Fairness Hearing, and speak in support of the Class Member's objection, so long as counsel files an entry of appearance with the Court and gives written notice of his or her intention to appear at the Fairness Hearing, in the manner required under Section VI below, filed and postmarked no later than 35 days after the mailing of the Settlement Notice.

        **D.**      **Address Data Verification, Mailing, and Remailing Procedures**

        1.    Allianz previously provided Class Member mailing data to Class Counsel and the administrator in conjunction with the mailing of notices regarding the pendency and certification of this class action.  Said data was updated by the administrator prior to the time of mailing of said notices, using the U.S. Postal Service's National Change of Address ("NCOA") database.  Said data has been further updated based on information provided by Class Members, or their legally authorized representatives, to the administrator and/or Class Counsel.

        Prior to the date of hearing on preliminary settlement approval, Allianz shall provide to Class Counsel and the Settlement Administrator, an updated Excel spreadsheet containing the Annuity policy number, Class Member name, and most current mailing data, based on Allianz's records, for each Class Member.  For each Annuity known by Allianz to have a current Owner, other than the Class Member who purchased the Annuity, Allianz shall identify these Annuities and additionally provide the name, and most recent mailing address, based on Allianz's records, of the current Owner(s).  For each Annuity where the Class Member (or any subsequent Owner) is known by Allianz to be deceased, Allianz shall identify these Annuities, and additionally

provide the name, and most recent mailing address, based on Allianz's records, for each designated Beneficiary under each such Annuity, who is receiving or has received the payment of death benefits under the terms of the Annuity. For any such Class Member (or Owner or Beneficiary, if applicable) for which Allianz does not have any mailing address data, or knows the address data to be inaccurate, Allianz shall provide the Social Security Number for the Class Member (or Owner or Beneficiary, if applicable), if available, to the Settlement Administrator for purposes of performing an advanced address search through Accurint or an equivalent address search service.

Prior to the date of hearing on preliminary settlement approval, Allianz shall also verify, by declaration, that the mailing databases for the prior notices of the pendency and certification of this class action, and the updated mailing database for the Settlement Notice are accurate and complete, and include all of the Annuities and their corresponding Class Members (and Owners or Beneficiaries where applicable), based on Allianz's records. Allianz shall be required to provide Settlement Relief as to all Annuities, and to any appropriate recipient of Settlement Relief under the terms of this Agreement, even if an Annuity, Owner, and/or Beneficiary was omitted from this verified notice data.

2.      Prior to the mailing of the Settlement Notice, the Settlement Administrator shall conduct an advanced address search through Accurint or an equivalent address search service, including based on Social Security Number (if available), for any Class Member (or Owner or Beneficiary, if applicable) for which Allianz did not provide address data in the updated mailing data. The Settlement Administrator shall then update and/or verify all addresses in the updated mailing data for the Settlement Notice through the U.S. Postal Service's NCOA

35

database, for verification and correction of addresses to attempt to reduce the number of returned mail items.

Prior to the mailing of the Settlement Notice, the Settlement Administrator shall cross-check the existing mailing data from prior notices in the Action against the updated Settlement Notice mailing database provided by Allianz, and shall report to Class Counsel and Allianz regarding any discrepancies between the Annuity policy numbers comprising the two data sets. Allianz shall promptly investigate and address any such discrepancies after receipt from the Settlement Administrator. The Settlement Administrator shall also cross-check the two data sets for comparison of mailing addresses for each Annuity. Where there is any discrepancy between a mailing address that was updated through the prior notice of pendency process, or subsequent communications with Class Members or their authorized legal representatives, and the mailing address provided by Allianz in the Settlement Notice mailing data, in an abundance of caution, the final Settlement Notice mailing data shall include both address records.

3.      The Settlement Administrator shall mail the Settlement Notices to such updated and cross-checked mailing addresses no later than the date thirty-five (35) days after the date that the Court enters an order granting preliminary approval of the proposed Settlement.

4.      In the case of Settlement Notices undelivered and returned by the U.S. Postal Service, the Settlement Administrator shall: (1) remail any Settlement Notice returned with a forwarding address within seven (7) days of receipt to the forwarding address provided, (2) make reasonable efforts to attempt to find a current address for any returned Settlement Notice that does not include a forwarding address, including an advanced address search (including based on social security numbers to be provided by Allianz (if available)) through Accurint or an equivalent address search service, and remail to the best updated address obtained

36

through this procedure within seven (7) days of receipt, and (3) for those Settlement Notices where no better address is obtained through these procedures, verify, by declaration, that following due research, it has been unable to obtain an updated address.  For any Settlement Notices returned a second time after this procedure with a forwarding address, the Settlement Administrator shall remail to that forwarding address provided within seven (7) days of receipt.


   E.     Communication With Class Members, Claimants and Annuity Owners

         1.     Allianz (or at Allianz's election, the Settlement Administrator) shall maintain an Internet website, as further described below, to provide support to Class Members, or other Persons eligible for Settlement Relief, or their representatives, in connection with the Settlement Notice, as further provided below.  The Settlement Administrator shall additionally provide mail, electronic mail, and toll-free live-operator telephone support services in connection with the Settlement Notice, to receive and if possible address inquiries by Class Members or other Persons eligible for Settlement Relief, or their representatives, based upon scripted responses and in a manner which conforms with training materials, both to be provided jointly by the Parties, as further provided below.  All inquiries which cannot be addressed by the Settlement Administrator shall be referred to Class Counsel who shall respond to the inquiries as promptly as possible.

37

2.      The Settlement website maintained by Allianz (or at Allianz's election, the Settlement Administrator) shall contain the following information.  Documents referred to below shall be viewable, downloadable, and printable pdf  copies, as the documents become available:

a.      a brief description of the Action, as set forth in the Settlement Notice;

b.      a copy of the Third Amended Complaint;

c.      a copy of the proposed Fourth Amended Complaint;

d.      a copy of the Settlement Notice package;

e.      a copy of the Order entered by the Court giving preliminary approval to the proposed settlement;

f.      a copy of the Settlement Stipulation;

g.      a copy of the Order granting final approval of the Settlement (if and when the Court issues such an order);

h.      a copy of the form to request modification of an existing annuity option, substantially in the form of Exhibit G, to be posted at the time that said forms are mailed to Class Members eligible for annuity option modification Settlement Relief;

i.      a copy of the form for providing notice of a change of address, which can be completed and submitted electronically from the website;

j.      telephone, mail, and email contact information for the Settlement Administrator and the class call center, including a link to submit an email inquiry to the Settlement Administrator; and

38

k.      any other information agreed upon by the Parties or their counsel.

3.      The Settlement website shall be maintained and publicly accessible starting on the date of mailing of the Settlement Notice package and ending on the date seventy-seven (77) days after the Final Settlement Date, unless the Parties agree to extend the period of operation.

4.      No text or documents shall be posted on the Settlement website without the written approval of both parties.

5.      The Settlement Administrator shall arrange for, staff, and maintain a toll-free call center to respond to questions by or on behalf of Class Members or other Persons eligible or claiming to be eligible for Settlement Relief, or their representatives (in accordance with a script approved by the parties), which shall be open to receive calls starting on the date of mailing of the Settlement Notice package and ending on the date seventy-seven (77) days after the Final Settlement Date, unless the Parties agree to extend the period of operation.

6.      Counsel for Allianz shall draft, and counsel for the Parties shall develop and agree upon, a script to be used by the call center personnel in responding to questions.  The scripted responses shall cover, generally, the contents of the Settlement Notice and Settlement Stipulation.  Any question posed to call center personnel that is not covered by an approved script shall be referred to Class Counsel.

7.      Counsel for Allianz shall draft, and counsel for the Parties shall develop and agree upon, a training manual sufficient to:  (1) train the call center personnel about the background of the Action, the concepts relevant to the proposed Settlement, and the notice, terms and chronology of the proposed Settlement, using agreed-upon materials and a non-argumentative presentation, the initial draft of which shall be prepared by counsel for Allianz;

39

(2) train the call center personnel to answer inquiries from Class Members, Owners and Beneficiaries, and to refer such inquiries to Class Counsel (or its designee) if the Class Member so requests or where otherwise appropriate; (3) provide scripts and model questions-and-answers for the call center personnel to use in answering inquiries from Class Members, Owners and Beneficiaries; and (4) take any other steps to promote accurate and efficient communications with Class Members, Owners and Beneficiaries.

8.       Counsel for the Parties and a representative of the Settlement Administrator shall regularly consult regarding the subjects of questions being asked on the call center lines.  Counsel for the Parties shall modify and supplement the call center script as appropriate to provide mutually agreed upon answers to commonly asked questions, in order to promote accurate and complete answers and to permit the call center personnel to effectively answer as many questions as possible.

9.       Allianz may not be privy to or respond to inquiries from Class Members to Class Counsel regarding the Settlement.  However, Allianz reserves the right to communicate with, and to respond to inquiries directed to it, from Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Annuities, including responding to any Complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents or agencies. If Allianz receives any inquiry relating to the Settlement, from a Class Member or other Person entitled or potentially entitled to Settlement Relief, Allianz shall not respond to the inquiry but shall forward it to or refer the inquiring party to Class Counsel.  However, Allianz may respond to questions from Class Members, Owners and Beneficiaries in the ordinary course of business if

40

Class Members initiate contact with Allianz and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits.

10.     Allianz may continue to process and respond to Class Member, Annuity Owner, and Annuity Beneficiary complaints, as required by applicable law, notwithstanding the fact that some complaints may concern Annuities that are or could be eligible for Settlement Relief, including complaints from Class Members, Annuity Owners, and Annuity Beneficiaries. Prior to responding to any such complaint, Allianz shall give notice to Class Counsel of the complaining party, his or her contact information, and the policy number of the Annuity or Annuities affected.  Prior to making any offer of relief in response to a Class Member, Owner, or Beneficiary complaint, if that offer would or could affect Settlement Relief for any Annuity, Allianz shall provide a copy of the offer to Class Counsel, and, if the Complainant is represented by separate counsel, to separate counsel also.  The obligation to provide the notices to Class Counsel (and, if applicable separate counsel) under this paragraph shall expire on the date two years after the Final Settlement Date.  Thereafter, at the time of making any offer of relief in response to a Class Member, Owner, or Beneficiary complaint, if that offer would or could affect Settlement Relief for any Annuity, Allianz shall give the person to whom the offer is made written notice that the offer will or could affect Settlement Relief and shall provide a copy of the Class Notice.

11.     Unless otherwise provided in this Agreement, Allianz shall not initiate any contact with Class Members, Annuity Owners, or Annuity Beneficiaries, except as is necessary in the normal course of its business.  Any such inquiry initiated by Allianz shall not raise or discuss the Settlement, Settlement Relief, nor solicit any release or compromise of claims which affects in any way the Settlement Relief.  If such matters are raised by the Person contacted,

41

Allianz shall follow the applicable procedures set forth in E.9 and/or E.10 *supra*.

   **F.   Settlement Administrator**

   1.      The Settlement Administrator shall administer the settlement in a neutral, non-partisan manner.  Tasks to be performed by the Settlement Administrator shall include:

   a.      preparing the verified mailing data received from Allianz for use in connection with the mailing of the Settlement Notice, including cross-checking said data against the existing notice databases, updating the newly provided data from Allianz through the NCOA service, and conducting advanced address searches where address data is lacking, all as provided in this Agreement;

   b.      printing, addressing, and mailing the Settlement Notice to the Class Members (and if applicable other Owners and/or Beneficiaries to whom Settlement Notice is to be mailed), all as provided in this Agreement;

   c.      handling returned mail, address investigation, and remailings, according to the procedures in this Agreement;

   d.      arranging for and maintaining a toll-free telephone number, post office mailbox, and electronic mailbox, and (at Allianz' election) creating and maintaining the Settlement website, for the purposes of providing information and receiving Class Member inquiries, as set forth in this Agreement; and

   e.      any other tasks agreed upon by Counsel for the Parties.

   2.      Allianz may, in its sole discretion, elect to perform the administration and distribution of Settlement Relief, by itself, through its employees or through designated agents, or may elect to have the Settlement Administrator perform such tasks.  However, the Settlement

42

administration tasks relating to the Settlement Notice, (mailing data preparation, mailing, and remailing), and receiving and providing the initial response to Class Member inquiries, all as set forth *supra*, must be performed by the independent Settlement Administrator.

3.      As provided in Section VIII below, Allianz will retain and pay the reasonable fees and expenses of the Settlement Administrator.  Allianz will further pay its own settlement administration fees and expenses, and the fees and expenses of any other administrator which may be retained by Allianz with respect to the distribution of Settlement Relief.  Notwithstanding, Counsel for Allianz and Class Counsel shall jointly instruct the Settlement Administrator in all respects, and shall have an independent right of access to any information or records maintained by the Settlement Administrator.  The Settlement Administrator shall keep Counsel for all Parties informed of all aspects of Settlement administration.

4.      The contract between Allianz and the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

a.      The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and neutrally describe, the provisions of the Settlement Notice and this Agreement in communications with Class Members.

b.      The Settlement Administrator shall provide prompt and neutral responses to inquiries from Class Counsel, and from Allianz and/or Allianz's Counsel.

c.      If, in the course of any communication with a Class Member, or other Person claiming an interest in the Settlement, the Class Member or Person requests that the Settlement Administrator refer the communication to Class Counsel, or if the Settlement

43

Administrator cannot fully respond to and resolve an inquiry relating to the Settlement to the Class Member's satisfaction based on the Agreement, Settlement Notice, and any scripted responses as Counsel for the Parties may jointly provide, then the Settlement Administrator shall give prompt notice to Counsel for the Parties of the existence of such a request or unresolved inquiry in order to permit Class Counsel to respond further.

                d.     The Settlement Administrator shall comply with the requirements for the destruction of documents, data and electronic information set out in Section XII.M below.

### G.     Media Communications

Neither Class Counsel nor the Named Plaintiffs shall make, publish or circulate any statement that represents or implies that the Settlement or any order by the Court regarding the Settlement constitutes: (1) an admission by Allianz of liability or wrongdoing; (2) a finding by the Court of liability or wrongdoing; or (3) an indication that Plaintiffs would have or might have prevailed had this Action been taken to trial.

## VI.    OBJECTIONS TO SETTLEMENT AND APPEARANCE AT THE FAIRNESS HEARING

    **A.**    Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed Settlement, in any respect, including the provisions therein relating to attorneys' fees, costs and litigation expenses, must file with the Court and deliver to counsel for both Parties a written statement of objection.  Any such objection must be filed with the Court no later than thirty-five (35) days after the date of mailing of the Settlement Notice and must be mailed to Counsel for the Parties, properly addressed and postmarked no later than thirty-five (35) days after the date of mailing of the Settlement Notice.

44

**B.**     To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Action (*Iorio v. Allianz*, Case No. 05 CV 0633 JLS (CAB)), and must contain the following information:  (i) the objector's name, address, and telephone number, and the Annuity policy number(s) in which the objector claims an interest; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s); (v) identification of the case name, case number, and court for any prior class action lawsuit in which the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s); (vi) the payment terms of any fee agreement between the objector and the objector's attorney with respect to the objection; and (vii) any attorneys' fee sharing agreement or referral fee agreement between or among the objector, the objector's attorney, and/or any third party, including any other attorney or law firm, with respect to the objection.

**C.**     Class Members do not need to appear at the Fairness Hearing in support of any objection, or for any other reason.  A timely and validly submitted objection will be considered by the Court at the Fairness Hearing, without the necessity of any appearance by the objector (or his or her attorney).  Notwithstanding, any Class Member is permitted to observe (but not participate in) the Fairness Hearing, since it is a public hearing conducted in Court.  Further, any Class Member who timely and properly files and serves a written objection, as described *supra*, may upon request and with the Court's permission appear at the Fairness Hearing in support of

45

said objection, either in person or through a personal attorney hired at the Class Member's own expense, provided that notice of the intention to appear in support of the objection is included in the written objection.  Class Members (and, if applicable, their attorneys) who intend to make an appearance at the Fairness Hearing must send a notice of intention to appear, by U.S. mail postmarked no later than thirty-five (35) days prior to the Fairness Hearing, to Class Counsel and counsel for Allianz, and file said notice with the Court no later than thirty-five (35) days after the mailing of the Settlement Notice.

A Class Member who appears at the Fairness Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Fairness Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement that are not set forth the written objection are deemed waived.

If the Class Member (or his or her attorney) wishes to present witnesses or evidence at the Fairness Hearing in support of the objection, all witnesses must be identified in the objection, and true and correct copies of the supporting evidence must be appended to, or filed and served with the objection.  Failure to identify witnesses or provide copies of evidence in this manner waives any right to introduce such testimony or evidence at the Fairness Hearing.

**D.**     If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and that attorney wishes to appear and speak at the Fairness Hearing, in addition to all of the foregoing requirements that attorney must (1) file an entry of appearance in the Action and a notice of intention to appear at the Fairness Hearing with the Clerk of the Court no later than thirty-five (35) days after the mailing of the Settlement Notice,

46

or as the Court otherwise may direct, and (2) mail a copy of the same to Counsel for Allianz and Class Counsel, postmarked no later than thirty-five (35) days after the mailing of the Settlement Notice.

**E.**     Any Class Member (or attorney) who fails to comply with the applicable provisions of the preceding paragraphs of this Section VI, above, shall waive and forfeit any and all rights he or she may have to appear separately and/or object, shall be barred from appearing, speaking, and introducing any testimony or evidence at the Fairness Hearing, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action.

## VII.   RELEASE AND WAIVER, AND ORDER OF DISMISSAL

### A.     Release and Waiver -- Definitions

For purposes of this release and waiver (the "Release"):

1.     The term "Releasees" means the Allianz and its past, present and future parents, divisions, subsidiaries, affiliates, predecessors, successors and assigns (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), and each of their and Allianz's respective past, present and future officers, directors, employees, representatives, agents, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf or direction of any of them.

2.     The term "Released Transactions" means any and all claims relating in any way, directly or indirectly, to the Annuities, which were actually asserted in the Action through the Complaint or which could have been asserted in the Action, and which arise from the same factual predicate as the claims actually asserted in the Action through the Complaint,

47

including but not limited to any and all actual and potential claims relating in any way, directly or indirectly, to:

        a.     the design, development, marketing, solicitation, application for, underwriting, acceptance, and sale of an Annuity (including the acquisition of an Allianz Annuity as a replacement for a non-Allianz or Allianz annuity), the value of an Annuity, the decision of Persons to purchase an Annuity, the information made available to Persons to purchase an Annuity, whether or not considered or relied upon, disclosures made or not made to Persons prior to the purchase of Annuities, compliance or lack of compliance with applicable or potentially applicable laws or administrative regulations in the purchase, sale and issuance of Annuities, the reasons a Person might decide to purchase or decide not to purchase an Annuity; and

        b.     any written or oral presentation, including any illustration, brochure, advertisement, statement of understanding, any other written sales-related material, any oral sales-related representation, projection, purchase, annual statement, the purchase, operation, performance, interest crediting, annuitization payment methodology used and calculations made, setting index caps, recoupment of bonuses, charges, administration, servicing, retention, and/or replacement (by means of surrender, partial surrender, loans respecting, withdrawal and/or termination of any annuity) of or relating to (i) an Annuity or Annuity contract, (ii) any Annuity sold or to be sold or offered in connection with, or relating in any way directly or indirectly to the sale or solicitation of, the Annuities, or (iii) external or internal replacements of the Annuities.

48

B.     **Release and Waiver**

1.     Plaintiffs, on behalf of themselves, their heirs, assigns, executors, administrators and successors, hereby expressly release and discharge the Releasees from any and all causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for mental anguish and/or punitive or exemplary damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that relate to the Annuities and were asserted against Allianz in this Action or could have been asserted against Allianz in the Action, or before any other court, arbitration panel or regulatory or administrative agency, and arise from the same factual predicate as the claims actually asserted in the Action, including the Released Transactions.

2.     Plaintiffs hereby expressly further agree that they shall not now or hereafter institute, maintain or assert against the Releasees, either directly or indirectly, on their own behalf, on behalf of the Class or on behalf of any other person or entity any action or regulatory, arbitration, court or other proceeding of any kind asserting causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for mental anguish and/or punitive or exemplary damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that relate to the Annuities and were asserted against Allianz in the Action or which could have been asserted against Allianz in the Action and arise from the same factual predicate as the claims actually asserted in the Action, including the Released Transactions.

3.     Without limiting the foregoing, nothing in this Release shall be deemed to alter a Class Member's contractual rights under the Annuities (except to the extent that such

49

rights are specifically supplemented or altered by the Settlement Relief described in this Agreement), including but not limited to any right to make a claim for benefits that will become payable in the future pursuant to the express written terms of an Annuity.

4.    Plaintiffs expressly understand that §1542 of the Civil Code of the State of California provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."  To the extent that California or other similar federal or state law may apply (because of or notwithstanding the parties' choice of law in this Agreement), Plaintiffs hereby agree that the provisions of §1542 and all such or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs.

5.    In connection with this Release, Plaintiffs acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the Released Transactions herein or with respect to their Annuities.  Nevertheless, Plaintiffs agree that this Release fully, finally and forever shall settle and release all liability for the Released Transactions, which exists, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

6.    Without limiting the foregoing, nothing in this Release shall release, preclude, or limit any claim or action to enforce the terms of this Agreement.

7.    Without limiting the foregoing, nothing in this Release shall release, preclude, or limit any claim or action regarding any annuity, insurance policy, or other contract or agreement between any Class Member and Allianz, or any other company, except the

50

Annuities.

8.      Without limiting the foregoing, nothing in this Release shall release, preclude, or limit any claim or action regarding any annuity or insurance policy issued by a company other than Allianz, regardless of whether said annuity or insurance policy, or other company, was subsequently acquired by Allianz.

9.      Without limiting the foregoing, nothing in this Release shall release, preclude, or limit any claim of any nature whatsoever, including claims relating to the Annuities, as against the individual selling Agent or Agents, broker or brokers, their agencies or brokerages, or any associated marketing organizations, involved in or receiving any commission from the marketing and sale of the Annuities, and/or their past, present and future officers, directors, employees, representatives, agents, independent contractors, attorneys, heirs, administrators, executors, insurers, predecessors, successors, and assigns.

10.     The Parties hereby agree and acknowledge that all provisions of this Section VII, including the Release, together constitute an essential term of the Agreement.

11.     Plaintiffs expressly agree that this Release will be, and may be raised as, a complete defense to and will preclude any claim, action or proceeding encompassed by the Release of Allianz herein.

12.     It is the intention of Plaintiffs in executing this Release to fully, finally and forever settle and release all matters, and all claims made or which could have been made in the Action encompassed by the Release, including the Released Transactions.

13.     Notwithstanding any other provision of this Agreement, Allianz does not waive, and retains the right to seek to enforce all of the terms of this Agreement, including but not limited to the release provisions of this Section.

51

**C.      Non-Release of Insurer Claims by Allianz**

By execution of this Agreement, Allianz does not intend to release any claim against any insurer for any cost hereunder, including attorneys' fees and costs.

**D.      Order of Dismissal**

The Parties will seek and obtain from the Court, as a condition of the Settlement, a Final Order and a Final Judgment which shall, among other things, (1) approve the Agreement as fair, reasonable and adequate; (2) dismiss the Action with prejudice and on the merits, as described more fully in Section X of this Agreement; and (3) enter judgment in the Action.

## VIII.   ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE PAYMENTS

**A.**      Class Counsel agrees to make, and Allianz agrees not to oppose, an application for the award of attorneys' fees not to exceed a total of $18,000,000.00, plus costs and litigation expenses in an amount not to exceed a total of $1,300,000.00.

**B.**      Such attorneys' fees plus costs and expenses in a sum not to exceed $19.3 million (collectively the "Fees and Costs Award") will be paid by Allianz within seven (7) days of the Final Settlement Date.

**C.**      In support of the motion for an award of costs and litigation expenses, so long as the total amount requested does not exceed the maximum unopposed amount, Class Counsel may include any costs and litigation expenses incurred in connection with Action or Settlement that were incurred by Class Counsel on or before the filing of Class Counsel's motion for the Fees and Costs Award.

**D.**     Allianz will not join in but will not oppose Class Counsel's request for reasonable findings, to be included in the Final Order and Final Judgment, solely in support a requested award of attorneys' fees, costs, and litigation expenses, including findings related to Class Counsel's reasonable hourly billing rates, time reasonably incurred in the Action, time anticipated to be incurred by Class Counsel in connection with the administration of the Settlement, costs and litigation expenses reasonably incurred in the Action, and findings to support any requested fee multiplier, so long as the requested awards do not exceed the maximum unopposed amounts set forth herein.

**E.**     Allianz will pay the Fees and Costs Award to Gianelli & Morris on behalf of Class Counsel.

**F.**     Any disagreements, if any, between or among Class Counsel relating to the Court's award of attorneys' fees, costs and expenses, or of their individual shares of such an award, will have no impact on the effectiveness or the implementation of this Agreement, nor will such disagreements impact on or result in any increase of the obligations imposed upon Allianz by this Agreement.

**G.**     Allianz will bear all settlement administrative expenses reasonably incurred after the execution of this Agreement by itself, by the Settlement Administrator, and by any other administrator retained by Allianz, subject to Allianz's determination of the scope of activities of the Settlement Administrator consistent with the terms of this Agreement.   However, the Attorneys' Fees, Costs and Expenses Award described in this Section VIII is the total amount which Class Counsel will be entitled to receive from Allianz with respect to the Settlement (including the implementation and administration of the Settlement) and all other matters described in this Agreement.

53

Allianz's agreement to pay said administrative expenses to the Settlement Administrator is in addition to, and shall not reduce or affect Allianz's separate obligation to pay Class Counsel's fees, costs, and litigation expenses, up to the maximum unopposed amounts set forth *supra*. However, the Fees and Costs Award described in this Section VIII is the total amount which Class Counsel will be entitled to receive from Allianz with respect to the Settlement (including the implementation and administration of the Settlement) and all other matters described in this Agreement.

**H.**     Allianz shall not be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with the Action, this Agreement, or the Settlement, other than those expressly provided for in this Agreement.

**I.**     No Class Member shall be liable or obligated to pay to Class Counsel or Allianz any attorneys' fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with the Action, this Agreement, or the Settlement. Notwithstanding, if a Class Member elects to retain independent counsel in the Action, in support of an objection or otherwise, the Class Member shall bear any fees and costs incurred to that independent counsel.

**J.**     Class Counsel agrees to make, and Allianz agrees not to oppose, an application for incentives of $25,000 each to Anthony J. Iorio, Max Freifield, and Ruth Scheffer for their service as Named Plaintiffs in the Action. These incentives, if approved by the Court, shall be paid to each of the three Named Plaintiffs by checks sent through Class Counsel, and shall not diminish or prejudice in any way, any Settlement Relief which they may be eligible to receive pursuant to the terms of this Agreement. These incentives will be paid by Allianz within five (5)

54

days of the Final Settlement Date or five (5) days after its receipt of W-9 tax forms for the Named Plaintiffs, whichever date is later.  Except for these incentives, the Named Plaintiffs shall not receive any benefits or payments other than their appropriate Settlement Relief, as available to the Class Members generally.

      **K.**    Any award by the Court, and any payment by Allianz, of attorneys' fees, costs and litigation expenses, administration expenses, and/or incentives for the Named Plaintiffs, under this Settlement shall not affect, limit, or reduce the Settlement Relief for any Class Member, Owner, Beneficiary, or any other Person entitled to Settlement Relief.

## IX.    PRELIMINARY APPROVAL AND PRELIMINARY APPROVAL ORDER

      **A.**    As soon as practicable after the execution of this Agreement, the Parties shall submit this Agreement, including all attached exhibits, to the Court and seek and obtain from the Court an order granting preliminary approval of the Settlement (the "Preliminary Approval Order").  Class Counsel shall file a motion for preliminary settlement approval, including as an exhibit a true and correct copy of the fully-executed Agreement, and shall submit the proposed form of the Preliminary Approval Order, substantially in the form of Exhibit H, no later than twenty-one (21) days prior to the hearing on said motion.  Allianz shall not be required to join in Plaintiffs' motion or supporting points and authorities, but at that time shall separately request preliminary approval of the Settlement and entry of the Preliminary Approval Order.

      Class Counsel's motion for preliminary settlement approval shall provide an estimated value of the Settlement Relief based on the Annuity data produced in the Action in February 2010.  Upon reasonable request by Class Counsel, Allianz shall provide additional Annuity data not included in the February 2010 data as is reasonably necessary to provide a estimated

55

valuation of the Settlement Relief to the Court in support of the preliminary approval motion.

      **B.**     The Preliminary Approval Order shall contain provisions consistent with the following:

      1.     Making a preliminary finding that the proposed settlement is fair, reasonable, and adequate for the Class, free of collusion among the Parties or any other indicia of unfairness, and falling within the range of possible final judicial approval, sufficient to warrant sending Settlement Notice to the Class;

      2.     Scheduling the Fairness Hearing to be held on such date as the Court may direct, to consider the fairness, reasonableness and adequacy of the proposed settlement and whether it should be approved by the Court.  The Fairness Hearing shall be set at the earliest available date for the Court and counsel that is consistent with the terms of the Settlement, but no sooner than October 7, 2010;

      3.     Approving the proposed Settlement Notice and notice methodology described in this Agreement and Exhibits B-D hereto;

      4.     Directing the Settlement Administrator to prepare the mailing data and cause the Settlement Notice(s) to be mailed to each Class Member (or Owner or Beneficiary, as may be applicable) by first-class mail, postage prepaid, to his or her last known address, according to the procedures set forth in the Agreement, no later than thirty-five (35) days after the date that the Court enters the Preliminary Approval Order;

      5.     Determining, preliminarily, that the Settlement Notice described in this Agreement, and substantially in the form of Exhibits B-D: (a) is the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise Class Members of the Fairness Hearing, and their right to object to the proposed settlement and appear; (c) is reasonable and

constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (d) meets all applicable requirements of California, United States and other applicable law;

6.      Determining, preliminarily, that the prior notices regarding the pendency of the Action and certification of the Class in the Action and notice procedures, in accordance with the Court's prior orders in this regard:  (a)  constitute the best practicable notice; (b) were reasonably calculated, under the circumstances, to apprise recipients of the pendency of the Action and the certification of a class in the Action, and of the class members' right, at said time, to request exclusion from the certified class; (c) were reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of California, United States and other applicable law;

7.      Directing the Settlement Administrator to perform updating of addresses for notices returned as undeliverable and/or remailing of undeliverable notices in accordance with the provisions of the Agreement, *supra*;

8.      Setting a deadline for Class Members (and if applicable, their attorneys) to file and postmark any objections, notices of intention to appear at the Fairness Hearing in support of any objection, and (for attorneys) entry of appearances, of thirty-five (35) days after the date of initial mailing of the Settlement Notices, and establishing the procedures for doing so, all as described *supra*;

9.      Requiring the Settlement Administrator  to prepare and the Parties to file proof of the mailing of the Settlement Notice, and compliance with the data preparation, address updating, mailing and remailing procedures set forth in this Agreement, on or before the date of the Fairness Hearing;

10.     Authorizing Allianz, including its Agents or other representatives and any other retained personnel, to communicate with Class Members about the normal servicing of the Annuities and to engage in any other communications within the normal course of Allianz's business, subject to the limitations *supra*;

11.     Preliminarily enjoining all Class Members from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims released by this Agreement, and preliminarily enjoining all persons from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members, asserting any claims released by this Agreement.  Nothing in this subparagraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

12.     Requiring any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to this Agreement or the proposed Settlement, or any provision thereof including the provisions relating to attorneys' fees, costs and litigation expenses, to file with the Clerk of the Court and deliver to Class Counsel and Allianz's Counsel an entry of appearance and, if applicable, a notice of intention to appear at the Fairness Hearing, no later than thirty-five (35) days after the mailing of the Settlement Notice, and restricting any argument at the Fairness Hearing by objectors and their counsel to the matters raised in any timely and validly submitted written objection filed by such objectors;

13.     Authorizing Allianz: (i) to establish the means necessary to administer the proposed Settlement Relief, in accordance with the terms of the Agreement; (ii) to retain the Settlement Administrator to assist in the administration of the Settlement, in accordance with the terms of the Agreement; and (iii) to retain any other administrator, in accordance with the terms of the Agreement

14.     Directing the Settlement Administrator to rent one or more post-office boxes, and establish an electronic mailbox address, to be used by the Settlement Administrator for receiving Class Member inquiries or communications, as provided *supra*;

15.     Directing Allianz (or at Allianz's election, the Settlement Administrator) to establish and maintain, and as of the date of mailing of the Settlement Notices to make accessible to the general public, the Settlement website, as described *supra*;

16.     Directing Allianz's Counsel and Class Counsel promptly to furnish each other with copies of any and all objections, entries of appearance by counsel, and notices of intent to appear (timely and valid or otherwise) that might come into their possession; and for Class Counsel to file courtesy copies of the same in advance of the Fairness Hearing;

17.     Containing any additional provisions that might be necessary to implement and administer the terms of this Agreement and the proposed Settlement.

C.     Named Plaintiffs, and their successors, heirs and assigns, in their individual and representative capacities, Allianz, and its representatives, Class Counsel, and Counsel for Allianz will not object to the proposed Settlement, or file an appeal from or otherwise seek review of any order approving the proposed Settlement set forth in this Agreement, and they waive any rights to take such actions.

59

**D.**      Within ten (10) days of the date of filing of the preliminary approval motion, Allianz shall serve, by next business day delivery, the California Department of Insurance, the United States Attorney General, and any other required recipient, with the notice and documentation required by 28 U.S.C. §1715(b).  At the same time, Allianz shall file and serve a declaration confirming service of said notices, attaching copies of said notices.

If preliminary approval of the Settlement is granted, within seven (7) days thereafter, Allianz shall serve, by next business day delivery, the California Department of Insurance, the United States Attorney General, and any other required recipient of the foregoing §1715(b) notices, with a courtesy notice of entry of the Preliminary Approval Order, and notice of the date of the Fairness Hearing.  At the same time, Allianz shall file and serve a declaration of service of said courtesy notices, attaching copies of the notices.  Counsel shall attempt to obtain a projected date for the Fairness Hearing to permit these notifications to be accomplished in a single mailing, if possible.


**X.      FINAL APPROVAL AND FINAL ORDER AND JUDGMENT**

**A.**      After the Fairness Hearing, and upon the Court's approval of this Agreement, the Parties shall seek and obtain from the Court an Order Approving Settlement ("the Final Order") and an accompanying Final Judgment.   At the same time, the Court shall consider any application by Class Counsel and Class Representatives for an award of attorneys' fees and costs and litigation expenses (to be paid to Class Counsel), and incentives (to be paid to the Class Representatives), all as provided in the Agreement.

Class Counsel shall file the motion for final settlement approval and the motion for an award of attorneys' fees, costs and litigation expenses, administrative expenses, and class

representative incentives, and submit the proposed form of the Final Order, substantially in the form of Exhibit I, and the proposed form of the Final Judgment, substantially in the form of Exhibit J, no later than fourteen (14) days after the deadline for any timely objection to the proposed Settlement, and no later than twenty-one (21) days prior to the Fairness Hearing date.

Allianz shall not be required to join in Plaintiffs' motions or supporting points and authorities, but no later than fourteen (14) days prior to the Fairness Hearing shall separately request final approval of the Settlement, entry of the Final Approval Order (except those portions relating to attorneys' fees, costs and litigation expenses, administrative expenses, and class representative incentives), and entry of the Final Judgment, and confirm its non-opposition to the motion for an award of attorneys' fees, costs and litigation expenses, administrative expenses, and class representative incentives, so long as said motion complies with the terms of the Agreement.

**B.**     The Final Order shall, among other things, include the elements specified below:

1.     The Final Order shall find that the Court has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve this Agreement and all exhibits hereto.

2.     The Final Order shall approve this Agreement and the exhibits thereto and the proposed Settlement as fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of California law, the law of the United States, the United States Constitution and applicable procedural rules, as to, and in the best interests of, each of the Parties and the Class Members; direct the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions; and declare this Agreement to be binding on, and have preclusive effect in pending and future lawsuits, arbitrations, regulatory proceedings

61

and other proceedings maintained by or on behalf of Plaintiffs, as well as their heirs, executors and administrators, successors and assigns, with respect to any claims released by this Agreement.

3.      The Final Order shall find that the Settlement Notice and the notice methodology implemented pursuant to this Agreement:   (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, the Fairness Hearing, and their right to object to the Settlement and/or appear at the Fairness Hearing; (3) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the United States and California Constitutions, United States and California law and applicable procedural rules.

4.      The Final Order shall find that the prior notices regarding the pendency of the Action and certification of the Class in the Action, and notice methodology, in accordance with the Court's prior orders in this regard:   (a) were the best practicable notice; (b) were reasonably calculated, under the circumstances, to apprise recipients of the pendency of the Action, of the certification of a class in the Action, and of the class members' right to request exclusion from the certified class; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of California, United States and other applicable law.

5.      The Final Order shall find that Class Counsel adequately represent the Class for purposes of entering into and implementing the Settlement, and have fully pursued the Class Members' interests in the Action.

6.      The Final Order shall approve any administrator(s) retained by Allianz for the purpose of administering the Settlement Relief, if any have been so retained.

7.      The Final Order shall authorize Allianz and its counsel to communicate with Class Members, subject to the limitations described *supra*.

8.      The Final Order shall dismiss the Action (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without an award of attorneys' fees, costs, or expenses to any Party, except as provided in this Agreement.

9.      The Final Order shall incorporate the Release provisions set forth in Section VII of this Agreement, and forever discharge the Releasees from any claims and liabilities released by this Agreement.

10.      The Final Order shall permanently bar and enjoin (1) all Class Members from filing, commencing, prosecuting, intervening in, maintaining, participating (as class members or otherwise) in, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitrations, administrative or regulatory proceeding or order in any jurisdiction asserting any claims released by this Agreement; and (2) all persons from organizing Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this Agreement.  Nothing in this subparagraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

11.      The Final Order shall authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all exhibits attached hereto which (1) are consistent with the Final Order, and

63

(2) do not limit the rights of Class Members and any Person entitled to Settlement Relief under the Agreement.

12.     The Final Order shall require that any appeal of the Final Order or Final Judgment, or any part thereof, be preceded by (1) an objection to the proposed Settlement which is rejected by the Court, in whole or in part, (2) a request for a stay of implementation of the Settlement, and (3) posting of an appropriate bond, and absent satisfaction of all three of these three requirements, shall authorize Allianz to proceed with implementation of the Settlement, even if such implementation would moot the appeal.

13.     The Court shall, without affecting the finality of the Final Order and Final Judgment, for purposes of appeal, retain jurisdiction as to all matters relating to the Action and Settlement, including modification, administration, consummation, enforcement, interpretation, and effectuation of this Agreement and the Final Order, including without limitation the Settlement Notice, Settlement Relief (and the amount thereof), any remand after appeal or denial of any appellate challenge, any collateral challenge to the Settlement, and any aspect of or collateral challenge to Class Counsel's or the Class Representatives' representation of the Class, and for any other necessary or appropriate purpose; provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under this Agreement which are not in conflict with the Final Order and Final Judgment.

14.     The Final Order shall award attorneys' fees and costs and litigation expenses to Class Counsel, as the Court may determine to be appropriate, in amounts not to exceed the stipulated unopposed maximums under the Agreement, and shall include requested findings in support of said award relating to Class Counsel's reasonable hourly billing rates, time reasonably incurred in the Action, costs and expenses reasonably incurred in the Action, and any

64

requested fee multiplier.  Allianz will not join in, but will not oppose the inclusion of and request for such findings in the Final Order, so long as the requested awards do not exceed the unopposed amounts set forth herein.

15.     The Final Order shall order that Allianz pay all reasonable administration expenses of the Settlement Administrator to the Settlement Administrator, in accordance with its contract with the Settlement Administrator.

16.     The Final Order shall award incentives to each of the Class Representatives, as the Court may determine to be appropriate, not to exceed the stipulated unopposed amounts under the Agreement.

17.     The Final Order shall require that Allianz produce to Class Counsel Annuity data as provided for by this Agreement.

18.     The Final Order shall incorporate any other provisions, as the Court deems necessary and just.

C.     Within seven (7) days after entry of the Final Order and/or Final Judgment, Class Counsel shall serve notice on each objector who has submitted a timely and valid objection to the Settlement (or his or her attorney if applicable), of the entry of the Final Order and/or Final Judgment.

## XI.     MODIFICATION OR TERMINATION OF THIS AGREEMENT

### A.     Modification of the Agreement

The terms and provisions of this Agreement may be amended, modified or expanded by agreement of the Parties and approval of the Court; provided however, the Parties may by agreement effect such amendments, modifications or expansions of this Agreement and its

65

implementing documents (including all exhibits hereto) without notice to or approval by the Court if such changes are consistent with the Court's Final Order and do not limit the rights of Class Members or any other Person entitled to Settlement Relief under this Agreement.

**B.     Implementation of the Agreement**

The Parties may implement the terms of the Settlement prior to the Final Settlement Date in accordance with the terms, dates and timelines specified in this Agreement, or as they may agree, so long as such agreement is consistent with the Court's Final Order and does not limit the rights of Class Members or any other Person entitled to Settlement Relief under this Agreement.

**C.     Termination of the Agreement**

1.     This Agreement shall terminate at the sole option and discretion of Allianz or Named Plaintiffs if (1) the Court, or any appellate court(s) of competent jurisdiction, rejects, modifies or denies approval (preliminary approval or final approval) of any portion of this Agreement or the proposed settlement that the terminating party in good faith reasonably determines is material, including, without limitation, the terms of Settlement Relief, the findings or conclusions of the Court, the provisions relating to notice, the definition of the Class and/or the terms of the Release; or (2) the Court, or any appellate court(s), do not enter or completely affirm the Final Order (and findings and conclusions therein) and the Final Judgment, in forms including the contents specified by this Agreement, which contents the terminating party in good faith reasonably believes is material, unless the Parties jointly agree to seek reconsideration or to appeal said rejection, modification, or denial.

The terminating party must exercise the option to withdraw from and terminate this Agreement, as provided in this paragraph, no later than 21 days after receiving notice of the event prompting the termination.  Prior to giving notice of termination, the Parties shall meet

66

and confer about whether they wish to jointly seek reconsideration of or to appeal the order which is the basis for possible termination.  This termination provision shall not create or enlarge any right of appeal of any party, except as specifically permitted under this Agreement and applicable law.

2.     Notwithstanding the preceding paragraph, Plaintiffs may not terminate this Agreement solely because of the amount of attorneys' fees, costs and litigation expenses awarded by the Court or any appellate court(s), so long as Allianz does not oppose the motion for an award of such fees, costs, and litigation expenses, and does not oppose Plaintiffs' request for findings in support of such award, as provided for in this Agreement.  Allianz, however, may elect to terminate this Agreement if the amount of attorneys' fees, costs and litigation expenses awarded exceeds $19.3 million.  Prior to termination on such a basis, however, the Parties shall jointly seek reconsideration and/or appeal, requesting reduction of the award to the maximum stipulated amount.

3.     If an option to withdraw from and terminate this Agreement arises under the preceding paragraphs in this Section XI.C.:  (a) neither Allianz nor Plaintiffs are required for any reason or under any circumstance to exercise that option; and (b) any exercise of that option shall be made in good faith.

4.     If this Agreement is terminated pursuant to the preceding paragraphs in this Section XI.C., then:

a.     This Agreement shall be null and void and shall have no force or effect, and no party to this Agreement shall be bound by any of its terms, except for the terms of this paragraphs b. through i. below;

67

b.       Allianz, Named Plaintiffs, and Class Members shall be restored to their respective positions existing immediately before the execution of this Agreement, including reinstating the Third Amended Complaint in place of the Fourth Amended Complaint as Plaintiffs' operative Complaint;

c.       Any payments made by Allianz for attorneys' fees, costs and litigation expenses to Class Counsel, and incentive payments made by Allianz to Named Plaintiffs, paid pursuant to the Settlement, shall, within seven (7) days of the notice of termination, be repaid to Allianz;

d.       Releasees, including Allianz, expressly and affirmatively reserve all defenses, arguments and motions as to all claims that have been or might later be asserted in the Action, including, without limitation, any applicable statutes of limitation and the argument that the Action may not be litigated as a class action;

e.       Plaintiffs, on behalf of themselves and their heirs, assigns, executors, administrators and successors, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of actions or remedies that have been or might later be asserted in the Action, including, without limitation, any argument concerning class certification, fraudulent concealment, equitable tolling, statute of limitations and damages or penalties;

f.       Neither this Agreement, the fact of its having been made, nor the negotiations leading to it, nor any action taken by a Party or Class Member pursuant to this Agreement shall be admissible or entered into evidence for any purpose whatsoever;

g.       Any order or judgment entered pursuant to the Settlement after the date of this Agreement, and prior to termination, shall be deemed vacated and shall be without

68

any force or effect; and

h.      The Parties shall jointly request that the Action be restored to the Court's trial calendar, at the earliest date available to the Court and counsel, taking into consideration whether the Parties wish to engage in further discussion regarding a potential settlement.

i.      If this Agreement is terminated after mailing of Settlement Notice, as provided *supra*, within twenty-one (21) days after termination, a written notice shall be mailed to the same recipients and mailing addresses of record as for the mailing the Settlement Notice, in a form to be jointly approved by the Parties, that the Settlement did not become final, is null and void, and no Settlement Relief will be available or distributed.   Said notice will be paid for by the Parties, 50% by Plaintiffs and 50% by Allianz.

## XII.    GENERAL MATTERS AND RESERVATIONS

### A.    Authority to Enter into the Agreement

1.      Plaintiffs' Counsel represent that they are: (i) authorized to enter into this Agreement on behalf of Plaintiffs and any attorneys who have represented or who now represent Plaintiffs in the Action; and (ii) seeking to protect the interests of the entire Class, as a whole.

2.      Allianz's Counsel represents that it is authorized to enter into this Agreement on behalf of Allianz and any attorneys who have represented or who now represent Allianz in the Action.

3.      The foregoing authority notwithstanding, this Agreement shall be executed by Counsel for the Parties, the Named Plaintiffs, on their behalf and on behalf of the Class, and by an authorized representative of Allianz

69

### B.      Named Plaintiffs

Named Plaintiffs represent and certify that: (1) they have agreed to serve as representatives of the Class certified herein; (2) they remain willing, able and ready to perform all of the duties and obligations of a representative of the Class; (3) they are familiar with the allegations in this Action, including the Fourth Amended Complaint, or have had the contents of such allegations described or conveyed to them; (4) they have consulted with Class Counsel about the Action (including discovery conducted in the Action), this Agreement, and the obligations of a representative of the Class; (5) they have authorized Class Counsel to execute this Agreement on their behalf; and (6) they shall remain and serve as representatives of the Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that said Named Plaintiffs cannot represent the Class.

### C.      Entire Agreement

This Agreement, including the exhibits hereto, sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by Class Counsel and Allianz's Counsel.   The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed in this Agreement exist among or between them.   This Agreement supersedes any agreement, negotiations, notes, drafts, outlines, or memoranda of understanding, written or unwritten, regarding the settlement of the Action, which preceded the execution of this Agreement.

### D.      Interpretation of the Agreement

The parties agree that this Agreement is clear and unambiguous and was drafted by counsel for the Parties at arm's length, and that no parole or other evidence may be offered to

70

explain, construe, contradict, or clarify its terms, the intent of the parties or their Counsel, or the circumstances under which this Agreement was made or executed.

### E.    Implementation of the Agreement

The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.  To the extent there are disputes regarding the interpretation of any term of this Agreement, the Parties will attempt to resolve any such dispute in good faith.  If the parties fail to resolve the dispute, the Court retains jurisdiction to resolve such disputes.

### F.    Use of the Agreement in Other Contexts

In no event shall this Agreement, any of its provisions or any negotiations, statements, or proceedings relating to it in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Allianz based on principles of res judicata, collateral estoppel, release, or injunction.  Without limiting the foregoing, neither this Agreement nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Allianz, to Plaintiffs, or the Class, or as a waiver by Allianz, of any applicable defense, including without limitation any applicable statute of limitation.

**G.     Tax Consequences of the Agreement and Settlement Relief**

No opinion concerning the tax consequences of the proposed Settlement to individual Class Members is given or will be given by Allianz, Allianz's Counsel, the Settlement Administrator, Named Plaintiffs, or Class Counsel, nor are any representations in this regard made or any warranties made by virtue of this Agreement.  The Class Notice shall direct Class Members to consult their own tax advisors regarding the tax consequences of the Settlement and Settlement Relief, including any payments, or credits provided hereunder, and any tax reporting obligations they may have with respect thereto.  Each Class Member's tax obligations, and the determinations thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.  Allianz may make filings regarding the Settlement and the Settlement Relief under applicable laws that it reasonably believes to be appropriate or necessary.

**H.     Cooperation of the Parties**

The Parties, their successors and assigns, and their Counsel, agree to cooperate fully with one another in seeking Court approval of the Settlement and to use their best efforts to effect the prompt consummation of the Settlement.

**I.     Governing Law**

This Agreement shall be construed and enforced in accordance with the laws of the State of California.

**J.     Timing of Notices**

Any notices that may be required relating to the settlement of this matter, this Agreement, or the approval or implementation of this Settlement will be provided in a timely fashion, so as not to delay unduly the process of submitting the Settlement for approval by the Court.  Allianz

72

shall provide the notifications required under 28 U.S.C. §1715 as provided *supra.*

### K.      Necessity of Final Approval

The obligation, although not necessarily the ability, of the Parties to conclude the Settlement is and shall be contingent upon the entry by the Court of the Final Order approving the Settlement, and that order becoming final for purposes of the Settlement, in accordance with the definition of "Final Settlement Date", *supra.*

### L.      Confidential Information

1.      The Parties and their counsel agree that the information made available to them through the discovery process was made available on the condition that neither the Parties nor their counsel may disclose it to third parties except in accordance with the terms of the Protective Order entered in this Action.

2.      The Parties and their counsel acknowledge that the information provided by Allianz in the course of negotiating this Agreement, submitting this Agreement for approval by the Court, and implementing this Agreement is hereby designated as confidential by Allianz. Such information was made available on the condition that neither the Parties nor their counsel may disclose it to third parties (other than regulators, experts or consultants retained by the Parties in connection with this case or as required by law), that it not be the subject of public comment, and that it not be used by the Parties or their counsel in any way in the Action should it not settle, or in any other proceeding; provided however, that nothing contained herein shall prohibit the Parties from seeking such information through formal discovery if not previously requested through formal discovery or from referring to the existence of such information in connection with the settlement of the Action.  This shall not limit the Parties' ability to use or disclose such information to the extent it is necessary to obtaining Court approval of the

73

Settlement, mailing the Settlement Notice, responding to Class Member inquiries regarding the Settlement, and/or implementing any aspect of the Settlement, including the distribution of Settlement Relief.  This designation will not require that any pleading or exhibit to be submitted in support of settlement approval by Class Counsel by submitted for filing under seal, even if it contains or refers to such information.  This designation also will not preclude Class Counsel or Allianz from providing any such information to the Settlement Administrator, or otherwise disclosing such information, as may be necessary to administer the Settlement.

     **M.    Disposition of Materials**

       1.     Within 140 days after the Final Settlement Date, Plaintiffs, Class Counsel, and the Settlement Administrator shall either destroy or return to Allianz's counsel all documents (and all copies of such documents in whatever form made or maintained) produced by Allianz in this Action.  Allianz shall pay the reasonable cost of either shipping such documents to Allianz or Allianz's counsel or shredding them.  Allianz shall have the sole right to determine which of the disposition options in the preceding sentence shall be implemented. All electronic copies of documents or data received by Plaintiffs and their counsel and the Settlement Administrator from Allianz's counsel stored on an electrical storage media, (including CD's, DVD's, and computer hard drives) shall be destroyed, reformatted, or otherwise erased or deleted, so that the electronic information stored on such media cannot be retrieved.  Plaintiffs' Counsel and the Settlement Administrator shall, within 161 days of the Final Settlement Date, provide counsel for Allianz with a written certification of compliance with this Section XII.M.

       2.     Notwithstanding the foregoing, Class Counsel are entitled to retain an archival copy of the entire file (paper and/or electronic), including all pleadings, motion papers,

74

transcripts, legal memoranda, correspondence, discovery, expert reports and exhibits thereto, or attorney work product, even if such materials contain material designated as confidential.  Said archival copy will not be used or disclosed for any purpose other than: (1) in this Action (including the Settlement approval process and/or Settlement Administration), (2) in responding to or defending against any objection or complaint by or on behalf of any Class Member or other Person entitled to Settlement Relief as to the adequacy of Class Counsel's representation of the Class, or (3) in response to a Court order or legal process requiring disclosure of such materials.  Prior to disclosing any such materials to any third party, under either (2) or (3), Class Counsel will provide notice to Allianz's Counsel as early as feasible so as to permit Allianz to seek appropriate relief, and no later than three (3) business days after receipt of such an order or legal process.

       3.      Plaintiffs shall destroy the foregoing electronic and paper archival copy on the date six (6) years after the Final Settlement Date, unless during that time period a Class Member, or other Person entitled to or potentially entitled to Settlement Relief, or a legally authorized representative acting on their behalf, asserts any claim of malpractice or otherwise challenges the adequacy of Class Counsel's representation of the Class in the action, in a lawsuit or otherwise.  If such a claim is asserted, Class Counsel may retain the archival copy until the date six (6) years after the Final Settlement Date, until the final resolution of such claim, or the date five (5) years after the last assertion of such a claim, whichever is latest.

### N.   No Collateral Attack

None of the Parties, or their Counsel, shall file a motion for relief from or to alter any order according preliminary or final approval to this Agreement or the final judgment in this Action, so long as such orders and final judgment are entered in substantial conformity with the

75

requirements of this Agreement, or otherwise make a collateral attack on such orders or judgment, and hereby waive any rights they may have to file such motions or to make such a collateral attack.   This provision shall not prevent the Parties from seeking any needed clarifications, guidance or relief from the Court necessary to implement this Agreement.

**O.      Confidentiality**

The Parties and their counsel agree to keep the existence and contents of this Agreement and all related negotiations confidential until the date that the Annuity Status Date; provided however, that this paragraph shall not prevent the disclosure of such information, prior to that date to regulators, rating agencies, independent accountants, advisors, financial analysts, agents, or any other person or entity (such as experts, courts, co-counsel and/or Settlement Administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Agreement.   Disclosures may be made to government officials and auditors without the prior consent of another Party.

**P.      Sole and Exclusive Remedy**

Plaintiffs acknowledge and agree that this Settlement is the sole and exclusive remedy which they have arising out of the facts and claims released herein.   Plaintiffs further acknowledge and agree that they will not seek additional benefits or participate in any other class action settlement, regulatory proceeding or remediation program arising out of the facts and claims released herein, and waive their rights to receive such benefits and to make such claims. Nothing in this subparagraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

76

**Q.     Enforcement Actions**

Any action or claim to interpret or enforce this Agreement shall be commenced and maintained only in this Court.

**R.     Notifications**

Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile, e-mail and/or next-day (excluding Saturdays, Sundays and holidays) express delivery service as follows:

    1.     If to Allianz, then to:

        James F. Jorden, Esq.
        Roland C. Goss, Esq.
        Jorden Burt LLP
        1025 Thomas Jefferson Street, N.W.
        Suite 400 East
        Washington, DC 20007-0805
        Telephone:  (202) 965-8100
        Facsimile:  (202) 965-8104
        rcg@jordenusa.com

    2.     If to Plaintiffs, then to:

        Robert S. Gianelli, Esq.
        Gianelli & Morris, A Law Corporation
        626 Wilshire Boulevard
        Los Angeles, CA 90017
        Telephone:  (213) 489-1600
        Facsimile:  (213) 489-1611
        rob.gianelli@gmlawyers.com; shayn.adamson@gmlawyers.com

        Raymond E. Mattison, Esq.
        Ernst & Mattison, A Law Corporation
        1020 Palm Street
        P.O. Box 1327
        San Luis Obispo, CA 93046
        Telephone:  (805) 541-0300
        Facsimile:  (805) 541-5168
        rem@emlaw.us; mh@emlaw.us

and

Ronald A. Marron
Law Offices of Ronald A. Marron
3636 Fourth Avenue, Suite 202
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron.marron@cox.net

### S.      Time Periods

All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Agreement or by order of court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.  As used in this Agreement, "holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

### T.      Time Period Extensions

The Parties reserve the right to agree between themselves upon any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

### U.      Terms of Annuities

Neither this Agreement nor any of the relief to be offered under the proposed Settlement shall be interpreted to alter in any way the contractual terms of any Annuity, or to constitute a

78

novation of any Annuity, except as expressly provided by this Agreement or as necessary to implement the Settlement Relief granted in accordance with the terms of this Agreement.

### V.     Punitive Damages

Punitive or exemplary damages are not available to any Class Member under this Agreement, and none of the Settlement Relief shall include or constitute, or be deemed to include or constitute, punitive or exemplary damages or their equivalent.

### W.     Execution in Counterparts

This Agreement may be signed in counterparts, each of which shall constitute a duplicate original.

Agreed to this _____ day of June, 2010.

### <u>THE PARTIES</u>

Dated: _____     _____
                               Anthony J. Iorio

Dated: _____     _____
                               Ruth Scheffer

Dated: _____     _____
                               Max Freifield

Dated: _____     ALLIANZ LIFE INSURANCE COMPANY OF
                               NORTH AMERICA

                               _____
                               By:
                               Title:

79

## COUNSEL FOR THE PARTIES

APPROVED AND AGREED TO BY AND ON BEHALF OF ANTHONY J. IORIO, MAX FREIFIELD and RUTH SCHEFFER, on behalf of themselves and all others similarly situated, and their heirs, assigns and successors-in-interest

By: _____
ROBERT S. GIANELLI, ESQ.
GIANELLI & MORRIS, A Law Corporation

By: _____
RAYMOND E. MATTISON, ESQ.
ERNST & MATTISON, A Law Corporation

By: _____
RONALD A. MARRON, ESQ.
LAW OFFICES OF RONALD A. MARRON

COUNSEL FOR PLAINTIFFS AND THE CLASS


APPROVED AND AGREED TO BY AND ON BEHALF OF ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA

By: _____
JAMES F. JORDEN, ESQ.
ROLAND C. GOSS, ESQ.
JORDEN BURT LLP

COUNSEL FOR ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA

80

# EXHIBIT A

Robert S. Gianelli, #82116
Jully C. Pae, #233565
GIANELLI & MORRIS, A Law Corporation
626 Wilshire Blvd., Suite 800
Los Angeles, CA  90017
Tel:  213.489.1600; Fax:  213.489.1611
Email:  rob.gianelli@gmlawyers.com
          jully.pae@gmlawyers.com

Raymond E. Mattison, #71850
Don A. Ernst, #65726
ERNST AND MATTISON, A Law Corporation
1020 Palm Street
P.O. Box 1327
San Luis Obispo, CA 93406
Tel:  805.541.0300; Fax:  805.541.5168
Email:  rem@emlaw.us; dae@emlaw.us

Ronald A. Marron, #175650
LAW OFFICES OF RONALD A. MARRON, APLC
3636 Fourth Avenue, Suite 202
San Diego, CA  92103
Tel:  619.696.9006; Fax:  .619.564.6665
Email:  ron.marron@cox.net

Attorneys for Plaintiffs and the Class

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. IORIO, MAX FREIFIELD, and RUTH SCHEFFER, , on behalf of themselves and all others, similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC., <br><br> Defendant. | CASE NO. 05-CV-0633-JLS (CAB) <br><br> [CLASS ACTION] <br><br> **FOURTH AMENDED CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT** <br><br> [Conditionally filed pursuant to proposed class action settlement and the Court's Order of Preliminary Approval] |

1

**NATURE OF ACTION**

1.      This is a class action lawsuit brought by and on behalf of senior citizens, or their beneficiaries, who purchased certain "bonus" deferred annuities from Allianz Life Insurance Company of North America ("Allianz") and/or Life USA Insurance Company.

2.      Abuses in the sale of deferred annuities to senior citizens have become a growing problem in California and across the country.  Insurance companies have seized on the opportunity of the growing senior market to sell annuities to the elderly.  Insurance companies have realized that senior population represents billions of dollars in assets which could be shifted to deferred annuity products and have subjected them to various sales tactics.

3.      Allianz has used the sale of bonus deferred annuities to create incentives for its agency force to sell these annuities to the elderly.  Allianz pays a high commission to the agents and has them tout the benefits of a bonus which is not really a bonus.  Allianz uses deceptive language and policy provisions to hide the fact that it will apply large surrender penalties, including the loss of the bonus, over lengthy periods of time, and on death.  The net result is that seniors buy contracts which provide no real bonus and subject them to costly surrender penalties and loss of investment funds.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2)(A), the matter in controversy exceeds $5,000,000 for the Class and the Plaintiffs are citizens of a State different than Defendant.

5.      Venue is proper pursuant to 28 U.S.C. §1391.  Plaintiff and class representative Anthony J. Iorio resides in the judicial district, Defendant conducts business in this judicial district, a substantial part of the events or omissions alleged herein occurred in this judicial district, and Defendant is subject to personal jurisdiction in this judicial district.

2

**PARTIES**

6.      Plaintiff Anthony J. Iorio is an individual and at all times mentioned herein was, and is, a resident and citizen of the State of California, County of San Diego.  Plaintiff Max Freifield is an individual and at all times mentioned herein was, and is, a resident and citizen of the State of California, County of Ventura.  Plaintiff Ruth Scheffer is an individual and at all times mentioned herein was, and is, a resident and citizen of the State of California, County of San Luis Obispo.

7.      Defendant Allianz (formerly LifeUSA Insurance Company) is a corporation created and existing under the laws of the state of Minnesota with its headquarters in Golden Valley, Minnesota.  On information and belief, Plaintiffs allege that Allianz is the successor in interest or assignee of LifeUSA Insurance Company.  Allianz is the number one seller of deferred annuities to senior citizens in California.   Allianz conducts business in the State of California, including in this judicial district.

**SUBSTANTIVE ALLEGATIONS**

**The Allianz "Bonus" Deferred Annuities**

8.      Allianz decided that the senior market was an attractive business opportunity for the sale of its deferred annuities because of the billions of dollars in assets maintained by people who were becoming a part of the growing senior population and seniors' susceptibility to certain sales practices.   Allilanz knew seniors had savings and could be induced to buy annuities over other forms of investments.

9.      To compete in this market, Allianz needed to gain access to seniors with assets.  Allianz accomplished this by offering sales agents a high rate of commission and allowing them to sell the annuities to very elderly persons, up to 90 years of age, and by using the inducement of a "bonus" to senior purchasers.  The bonus offer is a promise by Allianz that a specific percentage

3

1   bonus would be credited to the annuity policy upon purchase.  Allianz devised this bonus so its

2   sales agents could use it to entice seniors to give up existing investments that may have some form

3   of withdrawal penalty and buy Allianz annuities.

4

5           10.     Allianz knew, however, that the combination of paying high commissions to agents

6   and bonuses to senior purchasers, coupled with the shortened life expectancy of those in the

7   targeted senior market, created a potential financial risk.  The payment of the commissions to the

8   sales agents and bonuses to the seniors would reduce the money Allianz could invest and provide

9   as a return on the annuity.  If the annuitant wanted to withdraw his or her money, or died, before

10  Allianz had an opportunity to earn that money back, as Allianz knew would occur with the elderly

11  population it would be insuring, Allianz would have to return the money before it had a chance to

12  recover the cost of the commissions and bonuses.  To solve this problem, Allianz decided it would

13  impose large surrender penalties, include the bonus as part of a surrender penalty, apply the

14  penalties over a lengthy period of time, and apply them on death.

15

16          11.     Allianz also knew that telling elderly purchasers they faced large surrender

17  penalties, including the bonus, over a lengthy period of time, and on death, would necessarily

18  frustrate sales.  Allianz knew that the elderly would not buy an annuity if they realized they could

19  forfeit their investment returns and portions of the investment itself.

20

21          12.     To avoid this impediment to sales, and to induce seniors to buy Allianz bonus

22  deferred annuities, Allianz violated the notice requirements of Insurance Code sections 10127.10

23  and 10127.13, the terms of which are incorporated into the annuity contracts at issue in this case as

24  a matter of law.  These statutes are designed to provide notice to seniors of surrender penalties they

25  may face in purchasing annuities.  Allianz violated these statutes in various ways, including: (a)

26  placing the annuity policies in a folder or policy jacket which did not contain the required statutory

27  language on its cover; (b) failing to use the required statutory language, in the required statutory

28  form, on the cover of,  or anywhere else in, the policies; (c) failing to set forth the surrender period

4

and associated penalties on the cover of, or anywhere else in, the policies, or disclose on the cover the location within the annuity where the information could be found; and (d) failing to describe or list as a surrender charge the full consequences of a surrender including the loss of a bonus and account credits.

13.     The scheme alleged herein has resulted in losses of millions of dollars under the Allianz bonus deferred annuities sold to California senior citizens.

### The Sales to Plaintiffs

14.     On or about May 2000, Anthony J. Iorio received a mailer sent by an Allianz agent that offered a complimentary seniors financial seminar at the Harding Center in Carlsbad, California.  At the seminar, Mr. Iorio was solicited to make an appointment with a sales agent at Mr. Iorio's home.  When the sales agent came to Mr. Iorio's home, he sold him a bonus deferred annuity with LifeUSA Insurance Company which, on information and belief, Plaintiffs allege is now with Allianz.  This annuity is known as the "Accumulator Bonus Maxx Annuity." A copy of the contract is attached as Exhibit 1.  To sell this contract, the sales agent offered Mr. Iorio a 10% bonus and had him cash out his Individual Retirement Account. At the time of the sale, Mr. Iorio was sixty-five years of age.  In March 2005, Mr. Iorio surrendered his policy for $10,404.66, losing the promised bonus and interest in the total amount of $3,386.16.

15.     Allianz "bonus" deferred annuities were also sold to plaintiffs Max Freifield (Policy No. 70284213, MasterDex 10 annuity) and Ruth Scheffer (Policy Nos. 8576131 and 7620473, BonusDex and Power Rate 5 annuities).

### CLASS ALLEGATIONS

16.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure, Rule 23(a) and (b)(3), on behalf of a Class, consisting of:

5

All persons who purchased one of the following annuities from Allianz Life Insurance Company of North America or LifeUSA Insurance Company while they were California residents and when they were 65 years or older: Bonus Maxxx, BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite and MasterDex 10 on or before July 25, 2006.

Excluded from the Class are:

(a)     Officers, directors or employees of Allianz; any entity in which Allianz has a controlling interest; the affiliates, legal representatives, attorneys or assigns of Allianz; any federal, state or local governmental entity; and any judge, justice or judicial official presiding over this matter and the arbitrator participating in this case, and the staff and immediate family of any such judge, justice or judicial officer, or arbitrator.

(b)     Any person who acted as an independent insurance agent licensed by the State of California and appointed by Allianz in the sale of the annuities that comprise the Class.

(c)     Any person who, under the terms of the previous orders and notices to Class members in this Action, timely and properly submitted a written request to be excluded from the Class.

17.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of class members is unknown to Plaintiffs at this time, and can only be ascertained through discovery, it is believed there are thousands of class members.

18.     Plaintiffs' claims are typical of the claims of the Class members and are similarly affected by Defendant's wrongful conduct.

19.     Plaintiffs will fairly and adequately protect the interests of the Class members and have retained counsel competent and experienced in class and insurance litigation.

6

20.     Common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual members of the Class.

21.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as damages suffered by Class members may be relatively small, the expense and burden of individual litigation make it impossible for class members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CLAIM FOR RELIEF

### (Breach of Contract)

22.     Plaintiffs and the Class members hereby repeat and re-allege paragraphs 1 through 21 and incorporate the same as though fully set forth herein.

23.     Plaintiffs and the Class members entered into written contracts with Allianz, as alleged herein.

24.     The essential terms of the contracts were that Allianz agreed to accept a premium from said purchasers, credit monies to their policies, including a bonus, and pay a death benefit to their beneficiaries in the event they died.  Said purchasers, in return, agreed to pay a premium under the contract.

25.     Allianz breached the terms of the policies by issuing annuity contracts to seniors which violate the notice requirements of Insurance Code sections 10127.10 and 10127.13, and applying surrender penalties which are unenforceable as a consequence of said violation.  These statutes are designed to provide notice to seniors of surrender penalties they may face in purchasing annuities.  Allianz violated these statutes in various ways, including: (a) placing the annuity policies in a folder or policy jacket which did not contain the required statutory language

7

on its cover; (b) failing to use the required statutory language, in the required statutory form, on the cover of, or anywhere else in, the policies; (c) failing to set forth the surrender period and associated penalties on the cover of, or anywhere else in, the policies, or disclose on the cover the location within the annuity where the information could be found; (d) failing to describe or list as a surrender charge the full consequences of a surrender including the loss of a bonus and account credits.

26.     The acts of Allianz in applying surrender penalties, as herein alleged, breached the contracts.

27.     As a proximate result of the breach of the contracts by Allianz, Plaintiffs and the Class members have suffered a loss of the monies and interest thereon in an amount to be proven at the time of trial.

28.     Plaintiffs and the Class members request an award of attorneys' fees and litigation expenses under Code of Civil Procedure section 1021.5.

//
//
//
//
//
//
//
//
//
//
//
//

8

**WHEREFORE, Plaintiffs and the Class members pray for judgment against Allianz as follows:**

1.      Damages for breach of contract in a sum to be determined at the time of trial;

2.      Reasonable attorneys' fees and litigation expenses pursuant to Code of Civil Procedure section 1021.5;

3.      Costs of suit incurred herein; and

4.      For such other and further relief as the Court deems just and proper.


DATED:  June ___, 2010                         GIANELLI & MORRIS
                                               ERNST AND MATTISON
                                               LAW OFFICES OF RONALD A. MARRON


                                               By: _____
                                                       Robert S. Gianelli

                                               Attorneys for Plaintiffs and the Class

9

# EXHIBIT B

**EXHIBIT B: (Settlement Notice Cover Letter)**

## [COMPANY LETTERHEAD AND LOGO]

[DATE]

[Notice Recipient Name and Address]

**Re:     Proposed Settlement in *Iorio v. Allianz* Class Action Lawsuit**

Dear [Recipient Name]:

I am writing about benefits you may be eligible to receive as part of a proposed settlement of a class action lawsuit against Allianz.  You are receiving this information because, according to our records, you are a member of a class of purchasers of certain annuities (or a current owner, or a beneficiary under a class member's annuity) issued by Allianz Life Insurance Company of North America and/or LifeUSA Insurance Company (collectively, "Allianz") and you are eligible to participate in the proposed settlement.  The persons and annuities covered by the proposed settlement are described in more detail in the accompanying Notice of Proposed Class Action Settlement ("Settlement Notice"), at pp. _____.

According to our records, the affected annuities which concern you are:

**<u>Purchaser Name</u>**          **<u>Product Name</u>**          **<u>Policy Number</u>**

[List all annuities]

Allianz has always tried to meet the needs of its customers by providing the best possible service and products, and by promoting the highest possible standards of business conduct, ethics and integrity.  We firmly believe our policies and contracts have always delivered significant value.  The proposed settlement provides a forum for redress to any of our customers who feel they have been treated unfairly or without the level of integrity that Allianz demands in its business dealings.  In addition, the Settlement Relief offered by the proposed settlement provides significant value to our customers.

The parties believe the proposed settlement is in the best interests of all Class Members. The Court has preliminarily approved the proposed settlement, and directed that this letter and the enclosed Settlement Notice be sent to each class member, (and in some cases other owners and beneficiaries under the class member's annuity).  Before Allianz can make any settlement benefits available, however, the settlement must still receive the Court's final approval.  A final settlement approval hearing ("Fairness Hearing") is scheduled for _____, 2010.  The purpose of this mailing is to provide you with information about the proposed settlement, the Fairness Hearing, and what actions, if any, you might want or need to take before the Court makes its ruling.

As explained in detail in the enclosed Settlement Notice, the proposed settlement offers different types of Settlement Relief depending upon the status of your annuity (or annuities) as of June 3, 2010.  This Settlement Notice summarizes the proposed Settlement Relief, your rights regarding the proposed settlement, and how to exercise those rights.  Also enclosed is a change of address form, in case anyone affected by the proposed settlement has moved or plans to move anytime soon.

Even if you do nothing, this lawsuit and proposed settlement may affect your important legal rights.  Please read all of the enclosed materials carefully so that you understand your rights and the decisions you need to make.  If you have further questions, you may contact the Settlement Administrator, by toll-free telephone at 1-8XX-XXX-XXXX (or, if you are hearing-impaired, at 1-8YY-YYY-YYYY), by email at [email address]), or by mail at [mailing address]).  You can also view and print the full Settlement Agreement and other key documents from the lawsuit on the settlement website, at [web address].  If your questions cannot be answered by the Settlement Administrator, they will be forwarded to the lawyers who represent the Class, at no cost to you.  Please do not call the Court or the Clerk of the Court.

Sincerely,


[COMPANY OFFICIAL]

# EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
FAIRNESS HEARING**

**If you purchased any of the following bonus deferred annuities from either Allianz Life Insurance Company of North America or LifeUSA Insurance Company, while you were a California resident, age 65 years or older, and prior to July 26, 2006:**

**Bonus Maxxx (including Bonus Maxxx, Accumulator Bonus Maxxx, Bonus Maxxx 12%, and Bonus Maxxx 14%),BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite, or MasterDex 10**

**you may get monetary benefits from a proposed class action settlement.**

**The United States District Court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.**

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

You received this Notice because you are listed as being a current or former owner (or a beneficiary of a deceased owner) of a deferred annuity policy that is included in the proposed settlement of a class action lawsuit against Allianz Life Insurance Company of North America ("Allianz"). The Court directed that this Notice be sent to you because you have a right to know about the proposed settlement, and your rights and options, before the Court decides whether to approve it.

This Notice explains the lawsuit, the proposed settlement, your legal rights under the settlement, what settlement benefits are included in the proposed settlement, who is eligible for the proposed settlement benefits, and when the settlement benefits become available if the Court approves the proposed settlement.  Please provide a copy of this Notice to any additional or former owners of your policy, and any beneficiaries designated under the policy, if they have not already received it.

**You should consult your own tax advisor regarding the tax consequences to you of the proposed settlement, including, without limitation, the tax consequences of any payments or credits provided under the proposed settlement, and any tax reporting obligations you may have.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **DO NOTHING IN RESPONSE TO THIS NOTICE** | You do not have to do anything to be eligible to receive settlement benefits.  If you do nothing, you will receive the settlement relief described in this Notice. |
| **OBJECT** | If you do not like the proposed settlement, you may write to the Court to object and explain why, by following the directions in this Notice.  The Court will consider all timely and validly submitted objections at the Fairness Hearing.  The deadline for any objection is [date]. |
| **SPEAK AT THE FAIRNESS HEARING** | You are not required to attend or speak at the Fairness Hearing.  If you have timely and properly objected to the settlement, the Court will consider your objection without any requirement that you attend the Fairness Hearing.  But if you wish, you may write to the Court to request permission to speak at the Fairness Hearing, by following the directions in this Notice. The Fairness Hearing is presently scheduled for [date and time]. |

| | |
|---|---|
| **CONSULT WITH YOUR OWN ATTORNEY** | The lawyers appointed by the Court will represent the Class Members in this action, including with respect to this proposed settlement, at no charge to you.  If you want to hire your own attorney, at your own expense, however, you have the right to do so. |
| **BINDING EFFECT** | This lawsuit, and the proposed settlement if it becomes final, will have a binding effect on all Class Members. If the settlement becomes final, you will give up all rights to sue Allianz, as well as certain other related parties concerning the claims at issue in this case and other claims arising from the same factual predicate.  This is known as a "release" and is described further in this Notice.  Regardless of whether the settlement becomes final, however, the outcome of this lawsuit, whether favorable to the Class or not, will be binding on all Class Members. |

- These rights and options -- and the procedures and deadlines to exercise them -- are explained in more detail below.  Please note, however, that this Notice is only a summary of the proposed settlement.  For the complete terms and conditions of the proposed settlement, you should read the agreement called the Stipulation of Settlement, which was filed with the Court and is available from the Settlement Administrator ([toll-free telephone] or the official Settlement website, ([web address]).  See, pp. 20-22, below.

- The Court in charge of this case still has to decide whether to approve the settlement.  **Settlement benefits will be available only if and after the Court approves the settlement and that approval order becomes final**.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ................................................................ PAGE 5
    1.  Why did I get this Notice?
    2.  What is this lawsuit about?
    3.  Why is this lawsuit a class action?
    4.  Why is there a settlement?

**WHO IS COVERED BY THE SETTLEMENT** ............................................. PAGE 6
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included in the Class?
    7.  What if a Class Member is deceased?
    8.  I'm still not sure if I am included in the settlement.

**THE SETTLEMENT BENEFITS--WHAT YOU GET** ................................... PAGE 8
    9.   What benefits does the settlement generally provide?
    10. What are the settlement benefits?
    11. When would I get my settlement benefits?
    12. What am I giving up to get settlement benefits or stay in the Class?

**THE LAWYERS REPRESENTING YOU** ...................................................... PAGE 14
    13. Do I have a lawyer in the case?
    14. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................... PAGE 16
    15. How do I tell the Court that I don't like the settlement?

**THE COURT'S FAIRNESS HEARING** ....................................................... PAGE 18
    16. When and where will the Court decide whether to approve the settlement?
    17. Do I have to come to the hearing?
    18. May I speak at the hearing?

**IF YOU DO NOTHING** .............................................................................. PAGE 20
    19. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................ PAGE 20
    20. Are there more details about the settlement?
    21. How do I get more information?

4
QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

## BASIC INFORMATION

**1.  Why did I get this Notice?**

You received this Notice because you are listed in Allianz's records as being a current or former owner (or a designated beneficiary of a deceased owner) of an annuity policy that is included in the proposed settlement of a class action lawsuit.  The Court directed that the parties send you this Notice because you have a right to know about the proposed settlement, and about your rights and options under the proposed settlement, before the Court decides whether to approve it.  If the Court approves the settlement, and it becomes final, Allianz will provide the settlement relief described in this Notice.

This Notice provides a summary of the lawsuit, the proposed settlement, your legal rights, what benefits are available, who is eligible for them, and when they will be made available.  This Notice is only a summary.  If you wish to review the full terms and conditions of the settlement, (the "Stipulation of Settlement"), you can obtain a copy by contacting the Settlement Administrator or visiting the settlement website. See, pp. 20-22, below.

The Court in charge of the case is the United States District Court for the Southern District of California, in San Diego, California, and the case is known as *Iorio v. Allianz Life Insurance Company*, Case No. 05-cv-0633 JLS (CAB).  The people who sued are called the Plaintiffs, and the company they sued, Allianz Life Insurance Company of North America, is called the Defendant (referred to in this Notice as "Allianz" or "Defendant").

**2.  What is this lawsuit about?**

In the Fourth Amended Complaint, conditionally filed pursuant to this proposed settlement, Plaintiffs allege that Allianz breached the Class Members' annuity contracts by violating California Insurance Code Sections 10127.10 and 10127.13 by failing to include the precise language provided for in the statutes in the notice to senior citizens attached to the front cover of the policies. Prior to reaching the proposed settlement, under the then-operative Third Amended Complaint, Plaintiffs alleged other claims, including that Allianz failed to adequately disclose the annuities' surrender penalties (including in violation of California Insurance Code Sections 10127.10 and 10127.13), that the annuities' credited rates during deferral would be reduced to recoup the promised

"bonus" for these annuities, and that Allianz would reduce the payout if the policy was annuitized before the end of the tenth policy year.

Both the Third Amended Complaint and Fourth Amended Complaint are available for your review by contacting the Settlement Administrator or visiting the settlement website. Also, the full public Court file for the action can be reviewed in the office of the Clerk of the Court. See, pp. 20-22, below.

Allianz disputes these claims. Allianz denies that it did anything wrong in the sale of the policies, and denies that it violated the statutory provisions because it received the California Department of Insurance's express approval to deviate from the language provided for in the statute.

## 3.  Why is this lawsuit a class action?

In a class action, one or more people, called Class Representatives or Named Plaintiffs (in this case Anthony Iorio, Ruth Scheffer, and Max Freifield), sue on behalf of people who have similar claims. All these people together are a class. One court resolves the issues for all members of the class. United States District Judge Irma Gonzalez certified this case as a class action. United States District Judge Janis L. Sammartino is now in charge of this case and has continued to maintain the case as a class action.

## 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiffs or the Defendant. Instead, both sides agreed to a settlement before the case proceeded to a trial. The Class Representatives and their attorneys think the settlement is best for all members of the Class.

## WHO IS COVERED BY THE SETTLEMENT

To determine if you can get any settlement benefits from this settlement if the Court approves it, you first have to establish that you are a Class Member.

## 5.  How do I know if I am part of the settlement?

The Class certified by the Court in this lawsuit includes every person that purchased one

of the following Allianz Life Insurance Company of North America or LifeUSA Insurance Company bonus deferred annuities, while they were California residents, age 65 years or older, and prior to June 26, 2006: Bonus Maxxx (including Bonus Maxxx, Accumulator Bonus Maxxx, Bonus Maxxx 12%, and Bonus Maxxx 14%), BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite, or MasterDex 10.

There are some exceptions to this definition, which are described in the next section of this Notice.  Subject only to these exceptions, the above group of persons (or entities) is referred to as the "Class" or the "Class Members."  The group of annuities described by this definition, purchased by the Class Members, is referred to as the "Class Annuities."

The proposed settlement provides the relief described in this notice for the current owner, or if deceased the designated beneficiaries, for the Class Annuities.

## 6.  Are there exceptions to being included in the Class?

Yes.  There are three categories of exceptions to being included in the Class.  If you fall within any of these categories, you are not a Class Member:

1. Officers, directors, or employees of Allianz; affiliates, legal representatives, attorneys, or assigns of Allianz; any judge, justice, or judicial official presiding over this lawsuit and the staff and immediate family of any such judge, justice, or judicial official.

2. Insurance agents appointed by Allianz who participated in the sale of any Class Annuity.

3.  Those who previously submitted a timely and valid request to exclude themselves from the Class, at the time of the Notice of Pendency of Class Action in this lawsuit.

With respect to the third category, a "Notice of Pendency of Class Action" was mailed to each Class Member, in three stages, on November 13, 2006, December 26, 2006, and October 2, 2007, in the form and manner approved by the Court.  Those notices advised that this Action had been certified as a class action and described Class Members' rights, including the right to request exclusion from the Class and the deadline and procedure for exercising that right.  The deadlines for requesting exclusion were December 28, 2006 (for notices mailed on November 13, 2006), February 9, 2007 (for notices mailed on December 27, 2006) and November 16, 2007 (for notices mailed on October 2, 2007). Any person who submitted a timely and valid request for exclusion, in the manner

described by the foregoing notices, is not a Class Member.  There is no right to request exclusion at this time.

## 7.  What if a Class Member is deceased?

If a Class Member is deceased, settlement relief is still generally available, either to a successor owner of the Class Annuity, the designated beneficiaries under the Class Annuity, or as may be provided by law.  The Stipulation of Settlement, which is available from the Settlement Administrator or the settlement website (see, pp. 20-22, below), fully describes the person(s) to whom settlement relief is payable in the event that a Class Member is deceased.  In some instances, you may be required to provide acceptable proof of legal authority if you wish to receive settlement relief on behalf of another person.

## 8.  I'm still not sure if I am included in the settlement.

If you are still not sure whether you are included in the Class, you can ask for free help.  You can contact the Settlement Administrator by mail, toll-free telephone, e-mail, or via the settlement website.  This contact information appears below.  See, "Getting More Information", pp. 20-22, below.

If you are not sure whether you purchased one of the listed annuities or when it was purchased, you can review your personal files.  The annual annuity statements from Allianz identify the name of the particular annuity product purchased ("Plan Name") and the date of issuance of the annuity ("Policy Date").

## THE SETTLEMENT BENEFITS--WHAT YOU GET

## 9.  What benefits does the settlement generally provide?

The settlement provides different benefits depending on the status of your annuity as of June 3, 2010, *i.e.*, whether as of that date it was active and in a deferral status, had been fully surrendered, had been annuitized, or had a death benefit paid or payable.  The various types of settlement relief are described below.  Please note, however, that none of these benefits will be available if the Court does not finally approve the proposed settlement or the approval does not become final.

## 10.   What are the settlement benefits?

If the Court approves the proposed settlement, the benefits that will be available will depend on which category (or categories) below apply to your Class Annuity as of June 3, 2010.  For each category, the available settlement benefits are summarized.  The terms of the settlement relief are set forth in full in the Stipulation of Settlement.  You can get a copy from the Settlement Administrator, upon request, at no cost to you.  You may request a copy by mail, toll-free telephone, or e-mail.  You may also view and download a copy on the settlement website.  See, "Getting More Information", pp. 20-22, below.

### Category 1:  Active Annuities in Deferral

This category applies to any Class Annuity which was active and in deferral as of June 3, 2010, and remains so at the time that the settlement becomes final and settlement benefits first become available.  An annuity is "active and in deferral" if it has not yet been "annuitized" (meaning, the owner has not yet started to receive periodic payments from the annuity under a payout plan), it has not been fully surrendered, and no death benefit has been paid or become payable.

For each Class Annuity in this category, the settlement provides two types of benefits:  1. a 3.25% credit to the annuity's "Annuitization Value" at the time of annuitization (if a qualifying annuity payout option, described below, is selected) and 2. increased permissible penalty-free partial withdrawals from the annuity.  Either or both types of benefits may be received for any Class Annuity in this category.

    **1.   Annuitization Value Credit:** Each Class Annuity in this category will receive a 3.25% increase of the Annuitization Value, at the time of annuitization, if the owner elects to receive annuity payments under a qualifying annuity payout option.  Qualifying annuity payout options are those options permitted under the annuity contract (or otherwise permitted by Allianz), where the periodic annuity payments are to be paid for the life of one or more persons, with a guarantee of periodic annuity payments for a period of ten years or longer.

    **2.   Increased Penalty-Free Partial Withdrawals:**  Each Class Annuity in this category will be allowed greater penalty-free partial withdrawals by the owner (in addition to the penalty-free partial withdrawals already permitted under the terms of the annuity). The annual and cumulative limits on penalty-free partial withdrawals will be increased as specified in the table below.  For living Class Members age 90 years or

older as of June 3, 2010, there will be no cumulative limit, but the annual limits will continue to apply.   All other limitations on partial penalty-free partial withdrawals in the annuity contract will continue to apply.

|  | Description of Increased Penalty-Free Partial Withdrawals |
|---|---|
| **Bonus Maxxx** | Bonus Maxxx annuities currently allow a single penalty-free partial withdrawal of up to 15%.   Under the settlement, in addition to the single 15% penalty-free partial withdrawal permitted by the contract, an owner may make additional penalty-free partial withdrawals of up to 5% of total premium per year, with a cumulative penalty-free partial withdrawal maximum of 40% of total premium. (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).   The partial withdrawal must be taken after the first policy year and no more than one partial withdrawal may be taken in any 12 month period. |
| **MasterDex 10** | MasterDex 10 annuities currently allow annual penalty-free partial withdrawals of up to 10% of total premium, with a cumulative maximum of 50% of total premium.   Under the settlement, an owner may make penalty-free partial withdrawals of up to 15% of total premium per year, with a cumulative maximum of 75% of total premium. (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).   The partial withdrawal must be taken at least 12 months after the last premium is received and no more than one withdrawal may be taken in any 12 month period. |
| **BonusDex** | BonusDex annuities currently allow annual penalty-free partial withdrawals of up to 5% of total premium, with a cumulative maximum of 25% of total premium.   Under the settlement, an owner may make penalty-free partial withdrawals of up to 10% of total premium per year, with a cumulative maximum of 50% of total premium. (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).   The partial withdrawal must be taken at least 12 months after the last premium is received and no more than one withdrawal may be taken in any contract year. |

| | |
|---|---|
| **All Other Class Annuities** | The other Class Annuities currently allow annual penalty-free partial withdrawals of up to 5% of total premium, with a cumulative maximum of 25% of total premium.  Under the settlement, an owner may make penalty-free partial withdrawals of up to 10% of total premium per year, with a cumulative maximum of 50% of total premium.  (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).  The partial withdrawal must be taken at least 12 months after the last premium is received and no more than one withdrawal may be taken in any 12 month period. |

**Important Note:**   Both of the settlement benefits under this Category 1 will only become available if the annuity remains active and in-deferral forty-two days after the settlement becomes final (at the earliest [insert date 73 days after final approval hearing date]).  You will receive a notice when the settlement becomes final and these benefits first become available. If you fully surrender or annuitize your annuity during this interim period, no settlement benefits will be available for the annuity.  Also, if the current owner of the annuity dies during this interim period, no settlement benefits will be available for the annuity unless the annuity is continued in deferral by a subsequent owner.  If such an interim death occurs, the family of the deceased may want to contact Allianz to inquire whether it is possible to continue the annuity in deferral.   The additional withdrawals provided for in the settlement may not be made during a year that an owner makes another penalty-free partial withdrawal provided for in the annuity contract.

## <u>Category 2:  Fully Surrendered Annuities</u>

This category applies to any Class Annuity which was fully surrendered prior to June 3, 2010.  For each Class Annuity in this category, Allianz will pay a cash settlement payment of a minimum of $1,000, plus additional amounts proportional to the amount of premium paid for the annuity and the difference between the premiums paid for the annuity and the money actually paid out upon full surrender, taking into account partial withdrawals made prior to full surrender.  The amount of the settlement payment also depends upon whether the funds from the surrendered annuity were transferred to a new annuity, or not.  The formulae to determine the amount of the settlement payment are set forth in the table below.

| | Fully Surrendered Annuity Settlement Payments |
|---|---|
| **If Not Transferred to Another Annuity** | The settlement payment is ***the greater of***:<br><br>2.23% of total premium paid for the Class Annuity, plus $1,000<br><br>- or -<br><br>2.23% of total premium paid for the Class Annuity, plus 100% of the amount of the total premium paid for the Class Annuity less any funds received from that annuity prior to full surrender (whether received by withdrawal, partial surrender or otherwise), less the cash value received as a result of the full surrender (including any amounts withheld for tax purposes and/or unpaid loan interest and fees). |
| **If Transferred to Another Annuity** | The settlement payment is ***the greater of***:<br><br>2.23% of total premium paid for the Class Annuity, plus $1,000<br><br>- or -<br><br>2.23% of total premium paid for the Class Annuity, plus 65% of the amount of the total premium paid for the Class Annuity less any funds received from that annuity prior to full surrender (whether received by withdrawal, partial surrender or otherwise), less the cash value received as a result of the full surrender (including any amounts withheld for tax purposes and/or unpaid loan interest and fees). |

**Category 3:  Annuitized Annuities**
This category applies to any Class Annuity which was annuitized prior to June 3, 2010. "Annuitized", in this context, means an annuity owner has begun to receive a payout of the proceeds of the annuity, through a stream of periodic payments over time.

For each Class Annuity in this category, if the annuity payments are being received under a qualifying annuity payout option, all future periodic payments after the settlement becomes final will be increased by 3.5%. Qualifying annuity payout options are those options permitted under the annuity contract (or otherwise permitted by Allianz), where the periodic annuity payments are to be paid for the life of one or more persons, with a guarantee of periodic annuity payments for a period of ten years or longer.

If the annuity payout option which was selected is not a qualifying annuity payout option, the person receiving annuity payments will be given a one-time opportunity to convert to a qualifying annuity payout option and receive these increased annuity payments going forward. A form to request such a conversion will be provided after the settlement becomes final.

### Category 4: Past Lump Sum Death Benefit Annuities

This category applies to any Class Annuity where the owner became deceased, and a beneficiary's death benefit claim was processed requesting payment in a lump sum or over a period shorter than five years, prior to June 3, 2010. For each Class Annuity in this category, Allianz will pay a cash settlement payment of $500.00 per Class Annuity. In the case of multiple death beneficiaries, this settlement payment will be divided among them in the same proportions as the death benefits were divided.

In addition, for Bonus Maxxx annuities only, each death beneficiary will receive a settlement payment equal to 90% of the total premium paid for the Annuity less the sum of the death benefits paid or payable and the amount of all withdrawals taken (including any amounts withheld for tax purposes and/or unpaid loan interest and fees). In the case of multiple beneficiaries, this settlement payment is paid in proportion to each such beneficiary's share.

## 11. When would I get my settlement benefits?

The Court will hold a hearing on _____, 2010, called the Fairness Hearing, to decide whether to approve the proposed settlement. Settlement benefits will only be available if the Court approves the settlement after that hearing. If the Court approves the settlement, and no one appeals the approval of the settlement, settlement benefits will first become available (and settlement payments will be distributed) 73 days after the Court approves the settlement (depending upon benefits category). If the Court approves

the proposed settlement, but someone appeals that ruling, settlement benefits will not be provided, if at all, until after the appeal is resolved.

| 12.   What am I giving up to get settlement benefits or stay in the Class? |
| --- |

If the settlement becomes final, you will give up the right to start, continue with, maintain or participate in a lawsuit, arbitration or other legal proceeding against Allianz and certain other parties relating to the facts alleged or the claims asserted or which arise out of the same factual predicate and could have been asserted in this case.

The exact description of what you will give up and what you will not give up under the settlement is known as the "release".  The full text of the release can be found in the "Stipulation of Settlement", in Section VII.   You can view and download a copy from the settlement website, or you can request a copy from the Settlement Administrator, at no cost to you.  You may request a copy by mail, toll-free telephone, or e-mail. See, "Getting More Information", pp. 20-22, below.

Regardless of the outcome of settlement approval, being a Class Member means that the Court's orders, and any outcome in this lawsuit, whether favorable or unfavorable to the Class, will apply to you and legally bind you.

## THE LAWYERS REPRESENTING YOU

| 13.   Do I have a lawyer in this case? |
| --- |

Yes.  The Court previously appointed three law firms to represent the Class with respect to this lawsuit, including this proposed settlement:

Gianelli & Morris, 626 Wilshire Boulevard, Suite 800, Los Angeles, CA 90017
Telephone: (213) 489-1600, Facsimile: (213) 489-1611

Ernst & Mattison, 1020 Palm Street, San Luis Obispo, CA 93401
Telephone: (805) 541-0300, Facsimile: (805) 541-5168

Law Offices of Ronald A. Marron, 3636 4th Avenue, Suite 202, San Diego, CA 92103; Telephone: (619) 696-9006, Facsimile: (619) 564-6665

Together, these lawyers are called Class Counsel.  You will not be charged for the services of these lawyers.  If you want to be represented by your own lawyer with regard to this case, you may hire one at your own expense.

| 14.  How will the lawyers be paid? |
| --- |

The settlement provides separately for payment of attorneys' fees and litigation expenses by Allianz.  No Class Member will be required to pay any attorneys' fees and litigation expenses to Class Counsel.

At the Fairness Hearing, Class Counsel will ask the Court to approve payment by Allianz of up to $18 million in attorneys' fees and $1.3 million in out-of-pocket litigation expenses for their work during the five years this lawsuit has been ongoing, and to approve Class Counsel's agreement for dividing these fees among themselves.  The fees awarded would pay these lawyers for investigating the facts and law, fully litigating the lawsuit in preparation for the March 29, 2010 trial date, and negotiating the settlement.  The amount of fees and expenses to be awarded is determined by the Court, and the Court may award less than these amounts.

Class Counsel also will ask the Court to approve payment by Allianz of $25,000 for each of the three Class Representatives for their services on behalf of the Class.  Again, the amount to be awarded is determined by the Court, and the Court may award less than these amounts.

Allianz has agreed not to oppose these requests for attorneys' fees, costs and expenses and for payments to the three Class Representatives.  Allianz will separately pay the attorneys' fees, costs and litigation expenses, and any payments for the Class Representatives that the Court awards.  Allianz will also separately pay the costs necessary to administer the settlement.  These amounts will not come out of, or impact or reduce the settlement relief for the Class Members.   The amounts awarded will be Class Counsel's and Class Representatives' sole compensation for their services.  The Class will not be required under any circumstances to pay any additional amounts.

### Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| 15.  How do I tell the Court that I don't like the settlement? |
| --- |

If you are a Class Member, you can object to the settlement if you don't like any part of it. Plaintiffs and Allianz have a right to respond to your objections. The Court will consider your views in connection with the Fairness Hearing described below.

To object, you must send your objection in writing, saying that you object to the proposed settlement of *Iorio v. Allianz Life Insurance Company*. Your written objection must be signed and dated, and must include the following information:

1.  The abbreviated name and case number of this lawsuit, (*Iorio v. Allianz*, Case No. 05 CV 0633 JLS (CAB);
2.  Your name, address, and telephone number;
3.  The Class Annuity policy number (or numbers) in which you claim an interest;
4.  Why you object (the factual and legal reasons for your objection);
5.  Whether you have ever objected to a class action settlement in any other lawsuit;
6.  The terms of any agreement you have made with any other person or party concerning sharing any amounts, including any attorneys' fees, which you may recover as a result of your objection.

If you are represented by an attorney concerning your objection, your written objection must also include the following information:

7.  Your attorney's name, address, and telephone number;
8.  Whether your attorney has ever objected to a class action settlement in any other lawsuit;
9.  The payment terms of your fee agreement with your attorney;
10. The terms of any fee-sharing or referral fee agreement you and/or your attorney has made with any other person or party, including any other lawyer or law firm, related to your objection.

If you or your attorney has ever objected to another class action settlement, you must provide the following additional information:

11. The case name, case number, case title, and name of the court, for all other class actions in which you have objected to a proposed settlement;

12. The case name, case number, case title, and name of the court, for all other class actions in which your attorney has objected to a proposed settlement;

13. The general nature and outcome of each such objection.

If you want to present evidence at the Fairness Hearing, your written objection must also identify any witness or witnesses you plan to present and you must enclose true and correct copies of any records or documents you plan to present.

Mail your written objection to the Court, and mail a copy of your objection to Class Counsel and Allianz's Counsel, at the addresses below. **TO BE CONSIDERED, YOUR OBJECTION MUST BE POSTMARKED NO LATER THAN [35-Day Deadline].**

| Court | Clerk of the Court<br>U.S. District Court<br>Southern District of California<br>940 Front Street<br>San Diego, California  92101 |
|---|---|
| **Class Counsel** | Robert S. Gianelli, Esq.<br>Gianelli & Morris<br>626 Wilshire Boulevard<br>Los Angeles, California  90017 |
| **Allianz' Counsel** | Roland C. Goss, Esq.<br>Jorden Burt LLP<br>1025 Thomas Jefferson N.W.<br>Suite 400 East<br>Washington D.C. 20007 |

If you do not timely and properly submit your objection in accordance with all of the above requirements, you will not be treated as having filed a valid objection to the proposed settlement.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing, called a Fairness Hearing, to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

| 16.  When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a Fairness Hearing at _____ a.m. on _____, _____ __, 2010 at the United States Courthouse, San Diego, California, in the courtroom of the Honorable Janis L. Sammartino, Courtroom 6.  The Court is located at 940 Front Street, San Diego, California 92101.

Sometimes, a Court will change the scheduled date for a hearing to a later date.  If this occurs, the changed hearing date will be posted on the settlement website.  You can also contact the Settlement Administrator by toll-free telephone or e-mail to confirm the Fairness Hearing date if you plan to attend.  If you have submitted a timely and valid request to speak at the hearing, you will be sent written notice of any changed hearing date.

At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are any objections, the Court will consider them at that time.  The Court may permit people to speak at the hearing who, prior to the hearing, properly and timely request to do so.  The Court will also consider how much to pay Class Counsel, whether to approve Class Counsel's agreement for the division of any fees awarded among themselves, and the amount of any payments for the Class Representatives.  At or following the hearing, the Court will decide whether to approve the settlement.  We do not know when that decision will be made.

| 17.  Do I have to come to the hearing? |
| --- |

No.  Class Counsel and Counsel for Allianz will answer any questions the Court may have.  But you are welcome to come to the Fairness Hearing if you wish, at your own expense.  You may also pay your own lawyer to attend, but it is not necessary.

If you submit a written objection, you don't have to come to the Fairness Hearing to talk about it.  As long as you mailed your written objection on time, in the manner described by this Notice, the Court will consider it.

## 18. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing by following the instructions in this section.  You are not required, however, to attend or speak at the Fairness Hearing.  The Court will determine who is permitted to speak at the Fairness Hearing.

If you have submitted an objection on time and in the manner described in this Notice, you may ask the Court for permission to speak in support of that objection.  You will not be permitted to speak in support of an objection to the settlement if you have not first submitted a written objection.  You will also not be permitted to raise any new or different objection at the Fairness Hearing which was not raised in your written objection.

If you wish to speak at the Fairness Hearing, you must send a letter saying that it is your "Notice of Intention to Appear in *Iorio v. Allianz Life Insurance Company*."  Your written "Notice of Intention to Appear" must be signed and dated, and must include the following information:

1. The abbreviated name and case number of this lawsuit, (*Iorio v. Allianz*, Case No. 05 CV 0633 JLS (CAB);
2. Your name, address, and telephone number;
3. The Class Annuity policy number (or numbers) in which you claim an interest;
4. Your attorney's name, address, and telephone number (if applicable).

If you want to present evidence at the Fairness Hearing, your letter must also identify any witness or witnesses you plan to present and you must enclose true and correct copies of any records or documents you plan to present.

Mail your "Notice of Intention to Appear" to the Court, and mail a copy to Class Counsel and Allianz' Counsel, at the addresses in Section 15 (pp. 16-17), above.  **TO BE CONSIDERED, YOUR "NOTICE OF INTENTION TO APPEAR" MUST BE POSTMARKED NO LATER THAN [35-Day Deadline].**

If an attorney intends to appear on your behalf, in addition to the foregoing "Notice of Intention to Appear", your attorney must file and serve on Class Counsel and Allianz's Counsel an entry of appearance in the action, by the same deadline.

## IF YOU DO NOTHING

| 19. What happens if I do nothing at all? |
|---|

If you do nothing, you will be eligible to receive any settlement benefits to which you are entitled.  If the settlement is approved and becomes final, you will receive those settlement benefits.

If the settlement becomes final, you will also give up the right to start, continue with, maintain or participate in a lawsuit, arbitration or other legal proceeding against Allianz and certain other parties relating to the facts alleged or the claims asserted in or which arise from the same factual predicate and could have been asserted in this case. The exact description of what you will give up and what you will not give up under the settlement is known as the "release". The full text of the release can be found in the "Stipulation of Settlement", in Section VII.   You can view and download a copy from the settlement website, or you can request a copy from the Settlement Administrator, at no cost to you.  You may request a copy by mail, toll-free telephone, or e-mail. See, "Getting More Information", pp. 20-22, below.

Regardless of the outcome of settlement approval, being a Class Member means that the Court's orders, and any outcome in this lawsuit, whether favorable or unfavorable to the Class, will apply to you and legally bind you.

## GETTING MORE INFORMATION

| 20. Are there more details about the settlement? |
|---|

Yes.  This Notice summarizes the proposed settlement.  More details are contained in an agreement between the Plaintiffs and Allianz called the Stipulation of Settlement.  The full Stipulation of Settlement is on file with the Clerk of the Court.  You can also view and download a copy from the settlement website, or you can request a copy from the Settlement Administrator, at no cost to you.  You may request a copy by mail, toll-free telephone, or e-mail.  See below.

Here is the Settlement Administrator's contact information for any inquiry concerning the settlement, or for requesting a copy of or viewing and downloading the Stipulation of Settlement:

| SETTLEMENT ADMINISTRATOR CONTACT INFORMATION | |
|---|---|
| **By Mail** | Iorio v. Allianz Class Action<br>[Settlement Administrator Name]<br>[Settlement Administrator Address] |
| **By Toll-Free Telephone** | 1-800 [toll-free number] |
| **By E-Mail** | [email address] |
| **Website** | [url] |

## 21.    How do I get more information?

You can write, call toll-free, or e-mail the Settlement Administrator about any questions you may have, using the contact information above.  The Settlement Administrator can answer many questions and can provide certain key documents from the Court's file in this lawsuit, upon request, at no cost to you, including the Stipulation of Settlement and the Court's order preliminarily approving the settlement.    The Settlement Administrator's hours of operation are [hours, days, holidays].  After hours, you can leave a message and you will receive a prompt response.

You can also visit the settlement website, [url], which will provide information about the lawsuit, settlement, and settlement approval process, and where certain key documents from the Court's file in this lawsuit will be available for viewing, downloading, and printing.

If the Settlement Administrator cannot answer your inquiry to your satisfaction, it will be forwarded to the lawyers for the Class, who will personally respond to these inquiries in the order they are received, at no cost to you.

You can also view the contents of the entire public file for the lawsuit, and obtain copies (at your own expense) of any documents in that file, at the office of the Clerk of Court,

for the United States District Court, Southern District of California.  The Clerk's office is located at 880 Front Street, Suite 4290, San Diego, California.  The hours of operation are 8:30 a.m. to 4:30 p.m., Monday through Friday.

Dated:  [Mailing Date]

22

# EXHIBIT D

<u>**CHANGE OF ADDRESS FORM**</u>

*IORIO V. ALLIANZ LIFE* **CLASS ACTION SETTLEMENT**

**USE THIS FORM TO UPDATE ADDRESS INFORMATION FOR YOUR ANNUITY (OR ANNUITIES), OR IF YOU ARE UNSURE WHETHER ALLIANZ HAS CORRECT ADDRESS INFORMATION.  IF SO, YOU SHOULD COMPLETE AND RETURN THIS FORM AS SOON AS POSSIBLE TO ENSURE THAT FUTURE COMMUNICATIONS ARE PROPERLY ADDRESSED.   MAIL THE COMPLETED FORM TO [SETTLEMENT ADMINISTRATOR NAME AND ADDRESS].**

**I.  Annuity Contract No(s).:** _____

**II.  Person Completing this Form:**

Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____

_____

Relation to Annuity Purchaser: _____

Daytime Telephone No.      (_____) _____

**III.  Annuity Purchaser:**

Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____

_____

If the Annuity Purchaser is deceased, check here:  ☐

**IV. Current Annuity Owner (If Co-Owner or Owner Other than the Purchaser):**

Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
_____
_____


**V. Beneficiary (or Beneficiaries) Designated under the Annuity (if known):**

1. Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
_____
_____

2. Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
_____
_____

[*Please attach additional pages if necessary*]


_____      _____
Date                           Signature of Person Completing Form

**Please Note:**  For the protection of Allianz' policyholders and the Class Members, you may be required to provide proof of your identity, and, if you are submitting this form on someone else's behalf, please enclose proof of authority to act on that person's behalf.  If any further verification is required, you will be contacted by a representative of the Settlement Administrator, [insert name], or by the attorneys for the Class.

# EXHIBIT E

**Exhibit E:  Notice Pursuant to IV.A.1.b and IV.A.2.e**

[Allianz Company Logo]

[Mailing Date: No later than 42 days after Final Settlement Date]

**Re:     [Product Name] Annuity, Policy No. [Policy Number]**
**[Insert same for each annuity policy]**

Dear [Current Owner(s) Name]:

The Settlement in the class action lawsuit, *Iorio v. Allianz Life Insurance Company of North America*, has now been finally approved by the Court and that order has become final.  Because the above annuity (or annuities) was active and in deferral as of June 3, 2010, the Settlement provides for two types of benefits, summarized below.  The full description of these settlement benefits is set forth in the Stipulation of Settlement.  You can obtain a copy of the Stipulation of Settlement from the settlement website ([url]) or by calling, writing, or emailing the Settlement Administrator, ([toll-free telephone], [address], [email address]).

Here is a summary of the benefits provided by the Settlement:

<u>**Category 1:  Active Annuities in Deferral**</u>
This category applies to any Class Annuity which was active and in deferral as of June 3, 2010, and remains so at the time that the settlement becomes final and settlement benefits first become available.  An annuity is "active and in deferral" if it has not yet been "annuitized" (meaning, the owner has not yet started to receive periodic payments from the annuity under a payout plan), it has not been fully surrendered, and no death benefit has been paid or become payable.

For each Class Annuity in this category, the settlement provides two types of benefits:  1. a 3.25% credit to the annuity's "Annuitization Value" at the time of annuitization (if a qualifying annuity payout option, described below, is selected) and 2. increased permissible penalty-free partial withdrawals from the annuity.  Either or both types of benefits may be received for any Class Annuity in this category.

     **1.  Annuitization Value Credit:** Each Class Annuity in this category will receive a 3.25% increase of the Annuitization Value, at the time of annuitization, if the owner elects to receive annuity payments under a qualifying annuity payout option.  Qualifying annuity payout options are those options permitted under the annuity contract (or otherwise permitted by Allianz), where the periodic annuity payments are to be paid for the life of one or more persons, with a guarantee of periodic annuity payments for a period of ten years or longer.

     **2.  Increased Penalty-Free Partial Withdrawals:**  Each Class Annuity in this category will be allowed greater penalty-free partial withdrawals by the owner (in

Page 145

addition to the penalty-free partial withdrawals already permitted under the terms of the annuity). The annual and cumulative limits on penalty-free partial withdrawals will be increased as specified in the table below.  For living Class Members age 90 years or older as of June 3, 2010, there will be no cumulative limit, but the annual limits will continue to apply.  All other limitations on partial penalty-free withdrawals in the annuity contract will continue to apply.

|  | Description of Increased Penalty-Free Partial Withdrawals |
|---|---|
| **Bonus Maxxx** | Bonus Maxxx annuities currently allow a single penalty-free partial withdrawal of up to 15%.   Under the settlement, in addition to the single 15% penalty-free partial withdrawal permitted by the contract, an owner may make additional penalty-free partial withdrawals of up to 5% of total premium per year, with a cumulative penalty-free partial withdrawal maximum of 40% of total premium.  (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).  The partial withdrawal must be taken after the first policy year and no more than one partial withdrawal may be taken in any 12 month period. |
| **MasterDex 10** | MasterDex 10 annuities currently allow annual penalty-free partial withdrawals of up to 10% of total premium, with a cumulative maximum of 50% of total premium.  Under the settlement, an owner may make penalty-free partial withdrawals of up to 15% of total premium per year, with a cumulative maximum of 75% of total premium.  (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).  The partial withdrawal must be taken at least 12 months after the last premium is received and no more than one withdrawal may be taken in any 12 month period. |
| **BonusDex** | BonusDex annuities currently allow annual penalty-free partial withdrawals of up to 5% of total premium, with a cumulative maximum of 25% of total premium.  Under the settlement, an owner may make penalty-free partial withdrawals of up to 10% of total premium per year, with a cumulative maximum of 50% of total premium.  (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).  The partial withdrawal must be taken at least 12 months after the last premium is received and no more than one withdrawal may be taken in any contract year. |
| **All Other Class Annuities** | The other Class Annuities currently allow annual penalty-free partial withdrawals of up to 5% of total premium, with a cumulative maximum of 25% of total premium.  Under the settlement, an owner may make penalty-free partial withdrawals of up to 10% of total premium per year, with a cumulative maximum of 50% of total premium.  (For living Class Members age 90 years or older as of June 3, 2010, there is no cumulative maximum).  The partial withdrawal |

|  | must be taken at least 12 months after the last premium is received and no more than one withdrawal may be taken in any 12 month period. |
|---|---|

If you have any questions about the settlement or your settlement relief, please feel free to contact the Settlement Administrator, at the toll-free telephone number, e-mail address, or mailing address above.  If you wish to further discuss annuitization or a penalty-free withdrawal from your annuity, please contact Allianz at [contact info].

Very truly yours,

[Allianz signatory]

# EXHIBIT F

**Exhibit F:  (Modification Notice, Past Annuitizations)**

[Allianz Company Logo]

[Mailing Date: No later than 42 days after Final Settlement Date]

**Re:     [Product Name] Annuity, Policy No. [Policy Number]
          [Insert same for each annuity policy]**

Dear [Current Annuity Payment Recipient's Name]:

The Settlement in the class action lawsuit, *Iorio v. Allianz Life Insurance Company of North America*, has now been finally approved by the Court and that order has become final.  Because the above annuity (or annuities) was annuitized prior to June 3, 2010, the Settlement provides the benefit summarized below. The full description of this settlement benefit is set forth in the Stipulation of Settlement.   You can obtain a copy of the Stipulation of Settlement from the settlement website ([url]) or by calling, writing, or emailing the Settlement Administrator, ([toll-free telephone], [address], [email address]).

Here is the summary of the benefit provided by the Settlement:

<u>**Category 3:  Annuitized Annuities**</u>
This category applies to any Annuity which was annuitizied prior to June 3, 2010. "Annuitized", in this context, means an annuity owner has begun to receive a payout of the proceeds of the annuity, through a stream of periodic payments over time, or a death beneficiary has begun to receive a payout of his/her share of the death benefit through a stream of periodic payments over time.

For each Class Annuity in this category, if the annuity payments are being received under a qualifying annuity payout option, all future periodic payments following the settlement becoming final will be increased by 3.5%.  Qualifying annuity payout options are those options permitted under the annuity contract (or otherwise permitted by Allianz), where the periodic annuity payments are to be paid for the life of one or more persons, with a guarantee of periodic annuity payments for a period of ten years or longer.

If the annuity payout option which was selected is not a qualifying annuity payout option, the person receiving annuity payments will be given a one-time opportunity to convert to a qualifying annuity payout option and receive these increased annuity payments going forward.

Because the above annuity (or annuities) is not currently annuitized under a "qualifying annuity payout option", you now have a one-time opportunity to convert to such an option. The form to request a written quotation from Allianz regarding one or more of the currently available qualifying annuity payout options is enclosed.  If you have more than one annuity eligible for this settlement benefit, separate forms are enclosed for each of these annuities  **If you wish to be eligible for conversion to a qualifying annuity**

**payout option, you must return this conversion form (or forms), postmarked no later than [insert postmark deadline].**

Returning this form does not commit you to conversion, but you are required to return the form if you wish to be eligible.  Upon receipt of the form, Allianz will send you a written quotation that will describe to you what your new annuity payments would be, which will help you to see the impact that the conversion would have on your current annuity payments.  You will have 28 days from the date of the written quotation from Alliamz to accept or reject the conversion option.  If you wish to proceed with the payment change, sign and date the quotation and return it to Allianz.  If, on the other hand, you decide not to proceed with the change in your annuity payments, simply do not return the quotation form to Allianz.

If you have any questions about the settlement or your settlement relief, please feel free to contact the Settlement Administrator, at the toll-free telephone, e-mail address, or mailing address above.

Very truly yours,

[Allianz signatory]

[To include a pre-addressed return mail envelope, one form for each annuity]

## REQUEST FOR ANNUITY PAYMENT OPTION CONVERSION QUOTE

**Annuity Policy:**   [Product Name] Annuity, Policy No. [Policy Number]
**Annuity Owner:**   [Current Owner name]
**Annuity Payee:**    [Current annuity payment recipient name]

**YES**, I wish to receive a modified annuity payment plan quote for the above annuity, for the annuity payment option or options checked below, comparing the periodic payment amounts and payment schedules for my current option and each modified option selected.  I understand that by returning this form, I am not committed to modify my annuity payment option, but will be able to accept or reject modification after I review the confirming quote.

Please provide a quote for the following modified annuity payment option(s).  Each of these options qualifies for settlement benefits under the *Iorio v. Allianz* class action settlement.

☐   **Installments for Life with a Guaranteed Period** – Allianz will pay equal installments as long as the Annuitant is living.  If the Annuitant dies before the guaranteed period has expired, annuity payments will continue until the end of the selected guaranteed period.

   Guaranteed period:       ☐ 10 years   ☐ 15 years   ☐ 20 years
   (Select one or more)

☐   **Joint and Survivor Annuity with a Guaranteed Period** – Allianz will pay equal installments until the deaths of the Annuitant and Contingent Annuitant (designated below). If the Annuitant and Contingent Annuitant both die before the guaranteed period has expired, annuity payments will continue until the end of the selected guaranteed period.

   Guaranteed period:       ☐ 10 years   ☐ 15 years   ☐ 20 years

(Select one or more)

Contingent Annuitant:   Name: _____

Date of Birth: _____

Sex:  ☐ Male        ☐ Female

☐   **<u>Joint and 2/3 Survivor Annuity with a Guaranteed Period</u>** --
Allianz will pay equal installments while both the Annuitant and
Contingent Annuitant (designated below) are living.  Two-thirds of
the original amount will continue for the life of the surviving
Annuitant after the death of the Annuitant. If the Annuitant and
Contingent Annuitant both die before the guaranteed period has
expired, annuity payments will continue until the end of the selected
guaranteed period.

Guaranteed period:        ☐ 10 years   ☐ 15 years   ☐ 20 years
(Select one or more)

Contingent Annuitant:   Name: _____

Date of Birth: _____

Sex:  ☐ Male        ☐ Female

☐   **<u>Other Available Options</u> –** From time to time, Allianz, in its sole
discretion, makes other annuity options available where the periodic
annuity payments are to be paid for the life of one or more annuitants,
with a guarantee of periodic annuity payments for a period of ten
years or longer.  Check this box if you would like to receive a quote
for such option(s), (if any).

**TO BE CONSIDERED, THIS FORM MUST BE SIGNED AND
DATED BELOW, BY THE PERSON CURRENTLY RECEIVING
ANNUITY PAYMENTS, AND RETURNED TO ALLIANZ BY MAIL,
POSTMARKED NO LATER THAN [POSTMARK DEADLINE].** After

[postmark deadline], you will no longer be eligible to request conversion of your annuity payment option.


Date: _____        Signed:_____

# EXHIBIT G

**[Exhibit G: Annuity Payment Option Conversion Form for Website]**

## <u>REQUEST FOR ANNUITY PAYMENT OPTION CONVERSION QUOTE</u>

**Policy No.:** _____

**Annuitant Name:** _____
(the person currently receiving annuity payments is known as the "Annuitant")

**YES**, I wish to receive a modified annuity payment plan quote for the above annuity, for the annuity payment option or options checked below, comparing the periodic payment amounts and payment schedules for my current option and each modified option selected.  I understand that by returning this form, I am not committed to modify my annuity payment option, but will be able to accept or reject modification after I review the confirming quote.

Please provide a quote for the following modified annuity payment option(s).  Each of these options qualifies for settlement benefits under the *Iorio v. Allianz* class action settlement.

☐    <u>**Installments for Life with a Guaranteed Period**</u> – Allianz will pay equal installments as long as the Annuitant is living.  If the Annuitant dies before the guaranteed period has expired, annuity payments will continue until the end of the selected guaranteed period.

   Guaranteed period:      ☐ 10 years   ☐ 15 years   ☐ 20 years
   (Select one or more)

☐    <u>**Joint and Survivor Annuity with a Guaranteed Period**</u> – Allianz will pay equal installments until the deaths of the Annuitant and Contingent Annuitant (designated below). If the Annuitant and Contingent Annuitant both die before the guaranteed period has expired, annuity payments will continue until the end of the selected guaranteed period.

Guaranteed period:          ☐ 10 years    ☐ 15 years    ☐ 20 years
(Select one or more)

Contingent Annuitant:    Name: _____

                         Date of Birth: _____

                         Sex:  ☐ Male          ☐ Female

☐   **Joint and 2/3 Survivor Annuity with a Guaranteed Period** -
Allianz will pay equal installments while both the Annuitant and
Contingent Annuitant (designated below) are living.  Two-thirds of
the original amount will continue for the life of the surviving
Annuitant after the death of the Annuitant. If the Annuitant and
Contingent Annuitant both die before the guaranteed period has
expired, annuity payments will continue until the end of the selected
guaranteed period.

Guaranteed period:          ☐ 10 years    ☐ 15 years    ☐ 20 years
(Select one or more)

Contingent Annuitant:    Name: _____

                         Date of Birth: _____

                         Sex:  ☐ Male          ☐ Female

☐   **Other Available Options** – From time to time, Allianz, in its sole
discretion, makes other annuity options available where the periodic
annuity payments are to be paid for the life of one or more annuitants,
with a guarantee of periodic annuity payments for a period of ten
years or longer.  Check this box if you would like to receive a quote
for such option(s), (if any).

**TO BE CONSIDERED, THIS FORM MUST BE SIGNED AND
DATED BELOW, BY THE PERSON CURRENTLY RECEIVING
ANNUITY PAYMENTS, AND RETURNED TO ALLIANZ BY MAIL,**

**POSTMARKED NO LATER THAN [POSTMARK DEADLINE].**  After [postmark deadline], you will no longer be eligible for modification of your annuity payment option.


Date: _____          Signed:_____

# EXHIBIT H

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. IORIO, MAX FREIFELD, and RUTH SCHEFFER, on behalf of themselves and all others, similarly situated, | CASE NO. 05-CV-0633-JLS (CAB) |
| | [CLASS ACTION] |
| Plaintiffs, | **ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) DIRECTING DISTRIBUTION OF THE CLASS ACTION SETTLEMENT NOTICE, (3) SETTING A FINAL APPROVAL HEARING, AND (4) PRELIMINARILY ENJOINING PARALLEL PROCEEDINGS** |
| v. | |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC., | |
| Defendant. | |
| | **<u>Preliminary Approval Hearing</u>** <br> Date:   July 1, 2010 <br> Time:   1:30 p.m. <br> Court:  Courtroom 6 <br>               Hon. Janis L. Sammartino |

1

This matter came before the Court on the motion for the preliminary approval of a proposed settlement ("the Motion"), the terms of which are set forth in Stipulation of Settlement, including the exhibits thereto (the "Settlement Stipulation" or "Agreement"), which was filed with the Motion.   The Court has reviewed and considered the proposed settlement, the *Motion for Preliminary Approval of Proposed Class Action Settlement and Related Orders*, filed by Plaintiffs, the separate request by Defendant Allianz Life Insurance Company of North America ("Allianz") for entry of this *Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings* (hereafter, "Preliminary Approval Order"), the points and authorities and supporting declarations and exhibits submitted by Plaintiffs in support of preliminary settlement approval, and the record in this action.   The Court has also heard and considered the oral arguments of Plaintiffs and Allianz at the hearing on preliminary settlement approval.

The Court hereby finds and concludes that the proposed settlement, as set forth in the Settlement Stipulation, should be and is preliminarily approved as fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Settlement Stipulation, a true and correct copy of which is attached as Exhibit 1 to the declaration of Robert S. Gianelli in support of preliminary approval of the proposed settlement, is incorporated by reference and hereby made a part of this Preliminary Approval Order.

The Court further finds, concludes, and orders as follows:

1.      **Definitions.**  The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Settlement Stipulation, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

2.      **Background of the Action.**

A.      This Action was originally filed on March 30, 2005, by Mr. Iorio.  Other additional plaintiffs, added by the first amended complaint, subsequently departed the litigation and were

2

1   replaced by Ms. Scheffer and Mr. Freifield, in an action styled *Anthony J. Iorio, Max Freifield,*
2   *Ruth Scheffer, Beatrice Stafford, on behalf of themselves and all others, similarly situated v. Asset*
3   *Marketing Systems, Inc., Asset Marketing Systems Insurance Services, LLC, Seniors Only*
4   *Financial And Insurance Services, Inc., Michael Howard Botkin, Allianz Life Insurance, and*
5   *Allianz Life Insurance Company of North America*, Case No. 05 CV 0633 IEG (CAB).  The Action
6   was thereafter re-assigned to the Honorable Janis L. Sammartino, as Case No. 05 CV 0633 JLS
7   (CAB).

8       B.      The original Complaint named as defendants various financial service agencies and
9   an agent (Asset Marketing Systems, Inc., Asset Marketing Systems Insurance Services, LLC,
10  Seniors Only Financial and Insurance Services, Inc., and Michael Howard Botkin), all of whom
11  Plaintiffs have since dismissed.

12      C.      After the original Complaint, Plaintiffs subsequently filed First, Second and Third
13  Amended Complaints in the Action.   As further addressed below, pursuant to the proposed
14  settlement, and conditioned upon the proposed settlement being finally approved by the Court and
15  that approval becoming final, a proposed Fourth Amended Complaint has now been submitted for
16  filing.

17      D.      Plaintiffs moved for class certification on June 20, 2006, and on July 26, 2006, the
18  Court certified a class of "all persons who purchased one of the following annuities from Allianz
19  Life Insurance Company of North America or LifeUSA while they were California residents and
20  when they were 65 years or older: Bonus Maxxx, BonusDex, Bonus Maxxx Elite, BonusDex Elite,
21  10% Bonus PowerDex Elite and MasterDex 10 prior to July 26, 2006" (the "Class").

22      E.      During the five-year pendency of this Action, Class Counsel have conducted an
23  extensive examination and evaluation of the relevant facts and law to assess the merits of the
24  Named Plaintiffs' and Class claims and potential claims and to determine how best to serve the
25  interests of Named Plaintiffs and the Class.   As further described below, in the course of this
26  extensive examination, Class Counsel have reviewed more than 50,000 documents, hundreds of
27  thousands of pages of complex financial information produced by Allianz, engaged and consulted
28  with several financial and other experts, and have taken or participated in at least 44 depositions of

3

*Iorio, et al. v. Allianz*                                    Case No. 05-CV-0633-JLS (CAB)

1  the key program representatives of Allianz, independent agents, unnamed Class Members and

2  others. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses

3  raised by Allianz to those claims.

4        F.      Based upon the record developed during the discovery phase, Allianz filed and the

5  Court adjudicated motions for summary judgment and motions to decertify the class.

6        G.      Both Plaintiffs and Allianz retained experts, who have prepared and exchanged

7  expert reports (in some instances multiple reports), given depositions, and prepared to testify at the

8  trial of this case.

9        H.      At the time that the Parties reached an agreement in principle to settle this Action,

10 this case was fully prepared for trial.

11

12 **3.       The Background of the Proposed Settlement.**

13       A.      As described in detail below, the Parties, their counsel, and their experts have

14 conducted a thorough investigation of the facts relating to the claims asserted in the Action.  The

15 Parties and their counsel have likewise evaluated the relevant law and facts to assess the merits of

16 their respective claims and defenses, and the likelihood of success at trial.  The Action has been

17 fully litigated, through extensive motion and appellate proceedings, up to the commencement of

18 trial, and the Parties were fully prepared to proceed with trial.  The proposed settlement was

19 reached only after this extensive investigation and litigation in the Action, and was the result of a

20 protracted mediation conducted by the Parties with the assistance of a professional mediator.

21       B.      Plaintiffs and Class Counsel maintain that the Action and the claims asserted

22 therein are meritorious and that Plaintiffs and the Class would have prevailed at trial.

23 Notwithstanding, Plaintiffs and Class Counsel have agreed to settle the Action pursuant to the

24 provisions of the Agreement, after considering, among other things: (i) the substantial benefits to

25 Plaintiffs and the Class under the terms of this Agreement; (ii) the necessity of amending the

26 Complaint further to drop fraud claims in view of the jury verdict in the case of *Mooney v. Allianz*

27 *Life*, Case No. 06-545 (U.S. District Court D. Minn.), in which Allianz prevailed before a jury on

28 substantially similar fraud claims; (iii) the uncertainty of being able to prevail at trial; (iv) the

4

_____

*Iorio, et al. v. Allianz*                                                    Case No. 05-CV-0633-JLS (CAB)

uncertainty of being able to overcome Allianz's defenses to the Third and Fourth Amended Complaints; (v) the issues relating to proving damages on an individual Class Member basis; (vi) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vii) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiffs and the Class.  Plaintiffs and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefits to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Action.

C.      Allianz expressly denies any wrongdoing alleged in the pleadings in the Action, including all versions of the Complaint, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action.  Allianz nonetheless considers it desirable for the Action to be settled and dismissed, because the proposed settlement will: (i) provide substantial benefits to Allianz's policyholders; (ii) confer benefits on Allianz, including the avoidance of further expense and disruption of the management and operation of Allianz's business due to the pendency and defense of the Action;  (iii) finally put Plaintiffs' and the Class claims and the underlying matters to rest; and (iv) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiffs and the Class on the claims alleged in the Third and proposed Fourth Amended Complaints in the Action.

D.      Allianz contends that Plaintiffs' claims are improper as a matter of law, and that Plaintiffs would suffer failures of proof at trial that would be fatal to their claims, in part because it is impossible to prove some of the elements of the certified claims on a class-wide basis.

E.      Allianz contends that the language in its disclosures to seniors for two-tier annuities was submitted to and agreed to by the California Department of Insurance, and that such language substantially complies with the requirements of the California Senior Notice Statute.

F.      Allianz also contends that Class Members have not suffered any damage or loss as a result of the conduct alleged in the Third and proposed Fourth Amended Complaints.

5

G.     Allianz contends that it was error to certify a contested litigation class in this matter, but that settlement of the Action on a class-wide basis is appropriate under applicable law.

**4.     Preliminary Approval of Proposed Class Settlement.**  The proposed settlement, on the terms and conditions stated in the Settlement Stipulation, is preliminarily approved by the Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval.  While Allianz has filed a separate request for approval of this Preliminary Approval Order, it does not join in Plaintiffs' Motion, points and authorities, or supporting papers.  Allianz has denied, and continues to deny, any wrongdoing or liability arising out of any conduct alleged in the Action.  The Court specifically finds that:

A.     There is no evidence of collusion.  The proposed settlement, as set forth in the Settlement Stipulation, resulted from extensive arms-length negotiation.    The Action was extensively and vigorously litigated, up to the commencement of trial (as further described below), prior to any settlement.  Plaintiffs and Allianz engaged in intensive arms-length negotiations, over the course of multiple mediation sessions before a capable and well-respected mediator, Robert J. Kaplan of Judicate West, with extensive experience in mediating complex consumer and insurance cases.    Extensive negotiations thereafter resulted in the proposed settlement reflected by the Settlement Stipulation.

B.     The proposed settlement, as set forth in the Settlement Stipulation, is sufficient to warrant dissemination of notice thereof to the Class Members and to conduct a fairness hearing thereon.  The proposed settlement provides for substantial cash payments and/or other monetary benefits to every Class Member, without requiring any Class Member to affirmatively participate in a claims process (although some of the categories of Settlement Relief, by their nature, are dependent upon the Class Member's future policy choices, and require an affirmative election to annuitize, convert an existing annuitization option to a different annuitization option, and/or request partial withdrawal).  No portion of the substantial Settlement Relief would be consumed by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the requested incentive awards for the Class Representatives, since such amounts are all separately

6

provided for.   The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiffs would receive less than the Settlement Relief or take nothing at trial.   The amount offered by the proposed settlement falls within the range of possible final approval in terms of these factors.

C.   Before reaching the proposed settlement, Plaintiffs and Allianz fully and vigorously litigated their claims and defenses in extensive proceedings before this Court and in the appellate courts.   A detailed procedural history of this action is set forth in the Court's docket, and is described in the declaration of Robert S. Gianelli and in Plaintiffs' points and authorities submitted in support of preliminary approval .   *Inter alia*, Allianz's challenges to the pleadings, class certification, class decertification, summary judgment, motion to "clarify" the Court's orders regarding class certification, motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim, and the Parties' motions *in limine* and other trial motions, were all heard and decided prior to Settlement.   Class certification issues were repeatedly submitted to the Ninth Circuit, through three separate Rule 23(f) petitions filed by Allianz.   Trial briefs, witness lists, jury instructions and verdict forms, and deposition testimony designations were all filed and exchanged.   All final pre-trial conferences were completed.   The Parties reported ready for trial on March 29, 2010, while settlement negotiations involving a mediator were ongoing.   Based on the Parties' reported progress made in mediation, a brief continuance to April 1, 2010 was granted.   On that morning, with jury selection scheduled to commence, the Parties reported their proposed settlement to the Court.

D.   Before reaching the proposed settlement, Plaintiffs and Allianz also conducted extensive discovery, fully completing all fact and expert discovery.   More than 40 lay and expert depositions, cumulatively hundreds of hours of testimony, were completed.   Plaintiffs took the depositions of 16 key Allianz managerial employees.   Plaintiffs defended the depositions of the class representatives (each was deposed twice) and the depositions of 10 absent class members. All seven expert depositions were completed by the parties.   Written discovery was no less

7

comprehensive.  In addition to extensive requests for production of documents at deposition, Plaintiffs propounded three sets of inspection demands (cumulatively 56 requests), plus pre-trial interrogatories and requests for admission.  Plaintiffs also subpoenaed additional documents from selling agents.  Properly authenticated and verified policy data and mailing data was produced for every single individual class member and annuity.  Voluminous documentary evidence (including 22 separate batches of records produced by Allianz) was produced, reviewed and analyzed.  The class representatives submitted to extensive written discovery from Allianz as well.  Plaintiffs responded to three rounds of written discovery, including interrogatories, inspection demands, and requests for admission.

E.     Based upon this full litigation of relevant legal issues affecting this litigation, extensive investigation of the underlying facts in discovery, and full preparation by the Parties for the trial in the action, Plaintiffs and Allianz were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed settlement.

F.     The Class is and was at all times adequately represented by Named Plaintiffs and Class Counsel.  Class Counsel submit that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members.  Further, both Class Counsel and Allianz's Counsel are highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally.  Class Counsel and Allianz's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submit that the Class Settlement is fair and reasonable for the Class Members.  Allianz denies all allegations of wrongdoing and disclaims any liability with respect to any and all claims alleged by Plaintiffs and the Class, including their claims regarding the propriety of class certification, but agrees that the proposed settlement will provide substantial benefits to Class Members.  Allianz considers it desirable to resolve the Action to finally put Plaintiffs' and the Class' claims to rest and avoid, among other things, the risks of continued litigation, the expenditure of time and

8

resources necessary to proceed through trial and any subsequent appeals, and further interference with ongoing business operations.

**5.      Fairness Hearing.**  The parties have requested a Fairness Hearing to be conducted on October 7, 2010, or as soon thereafter as the Court's and parties' calendars permit.  The Fairness Hearing will be held on _____, 2010 at _____, in Courtroom 6 of the Edward J. Schwartz United States Courthouse, 940 Front Street, San Diego, California, before the undersigned, (or on such continued date(s) or time(s) as the Court may direct).

If the Fairness Hearing is continued by the Court, the Parties shall promptly serve written notice on any Class Member (or their attorney, if applicable) who has submitted a timely and valid objection to the proposed settlement and notice of appearance at the Fairness Hearing of the continued date and time for the Fairness Hearing.  Otherwise, the Court may continue the Fairness Hearing without notice to the Class, except that any notice of such continuation shall be posed on the settlement website.  Continuance of the Fairness Hearing shall not extend or alter any deadline for any objection, notice of appearance, or other action by any Class Member (or their attorney if applicable), pursuant to the Agreement and this Preliminary Approval Order, but all deadlines for the Parties to file papers in support of final settlement approval (including response(s) to objections), or for Class Counsel to file papers in support of an application for an award of attorneys' fees, costs and litigation expenses, and Named Plaintiffs' incentives shall be based on the continued Fairness Hearing date.

At the Fairness Hearing, the Court will consider all matters set forth by Section X of the Agreement, including:  (a) whether the proposed settlement of the action should be finally approved as fair, reasonable and adequate, on the terms set forth in the Settlement Stipulation; (c) whether judgment should be entered and the action should be dismissed with prejudice, pursuant to the terms of the Settlement Stipulation; (d) the sufficiency of the notices to the Class of the Action, the certification of the Class, the Class Settlement, and Class Members' rights; (e) the adequacy of Class Counsel's and Named Plaintiffs' representation of the Class; (f) whether Class Members should be bound by the release set forth in the Settlement Stipulation; (g) whether Class Members

9

should be subject to a permanent injunction as set forth in the Settlement Stipulation; (h) an application by Class Counsel for an award of attorneys' fees and reimbursement of costs and litigation expenses, including the agreement among Class Counsel with respect to the division of any attorneys' fees awarded; and (i) an application for incentives to be paid to the Named Plaintiffs for their efforts on behalf of the Class.

Class Counsel shall file and serve their motion for final approval of the proposed Class Settlement on or before the date twenty-one (21) days prior to the Fairness Hearing.  Class Counsel shall also, by the same deadline, file and serve any motion for reimbursement of attorneys' fees and costs and litigation expenses, for approval of the agreement among Class Counsel with respect to the division of fees awarded, and for any incentive awards for the Named Plaintiffs.

Allianz's  submissions in support of final approval of the proposed settlement, and in response to Class Counsel's application for an award of attorneys' fees and costs and litigation expenses, and for incentives for the Named Plaintiffs, shall be filed with the Court at least fourteen (14) days prior to the Fairness Hearing.  Allianz will not join in Plaintiffs' application for an award of attorneys' fees and costs and litigation expenses, and for incentives for the Named Plaintiffs, nor join in requesting any findings included in the Final Approval Order relating to said application, but will not oppose said application or findings, so long as Plaintiffs' application complies with the terms and conditions of the Settlement and does not seek any award in excess of the maximum amounts set forth in the Settlement.

**6.     Prior Notices of Pendency of Class Action and of Right to Opt Out.**  The Court hereby finds that the "Notice of Pendency of Class Action" in the Action was mailed to the Class Members, in three stages, on November 13, 2006, December 26, 2006, and October 2, 2007, in the form and manner approved by the Court in its Court's orders of October 11, 2006 (Doc. No.126), December 12, 2006 (Doc. No. 136), and September 21, 2007 (Doc. No. 190).  The Court finds that said notices were the best notice practicable, and were reasonably calculated, under the circumstances, to apprise the Class Members of their rights, including their right to opt out of the Class at that juncture, as set forth in the notices, and fully satisfied the requirements of due process

*Iorio, et al. v. Allianz*                                                      Case No. 05-CV-0633-JLS (CAB)

and all other applicable provisions of law.  The proposed settlement and this Preliminary Approval Order do not create any additional right on the part of any Class Member to exclude themselves from the class certified in the Action.  No later than twenty-one (21) days prior to the Fairness Hearing, the Settlement Administrator shall prepare and Class Counsel shall file with the Court a declaration identifying any timely and validly submitted requests for exclusion and separately identifying any untimely or otherwise invalid requests for exclusion.

**7.     Notice of Settlement and of Right to Object/Appear.** The Court hereby approves the proposed form and contents of the Settlement Notice set forth in the Agreement and Exhibits ___ thereto, to be mailed in the manner set forth in the Agreement on [insert specific mailing date], or the date thirty-five (35) days after the Court's execution of the Preliminary Approval Order (whichever date is later).  [Allianz's selected Settlement Administrator name to be inserted], ("Settlement Administrator"), is hereby appointed as the Settlement Administrator for the performance of the tasks provided in the Settlement Stipulation to be performed by the Settlement Administrator.  Settlement Notice shall be provided in accordance with this Preliminary Approval Order and the Agreement.  The Settlement Administrator and Allianz are authorized to take the steps necessary to implement the settlement tasks that the Settlement Stipulation requires to occur prior to the Fairness Hearing for which they are respectively responsible.

As further described below and in the Agreement, the Class Members shall be given notice of the right to object to the proposed Class Settlement (on their own or through counsel of their own selection at their own expense), the right to attend the Fairness Hearing, and the right to request leave of Court to appear and speak at the Fairness Hearing in support of a timely and properly submitted objection (on their own behalf or though counsel of their own selection at their own expense). The deadline for the exercise of such rights shall be thirty-five (35) days after the date of mailing of the Settlement Notice.

In order to facilitate printing and dissemination of the Settlement Notice, the Settlement Administrator and Parties may change the format, but not the content, of the Settlement Notice, without further Court order, so long as the 14-point font size and legibility are not adversely

11

impacted.   The Settlement Administrator and Parties may also, without further Court order, insert the information specified in the blank places provided in the Settlement Notice.

The Court finds that the manner of providing notice of the proposed settlement to the Class Members, as set forth in this Preliminary Approval Order, the Agreement, and the Settlement Notice, is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Class Members of their rights regarding the proposed settlement should it become final, including their rights to object to the proposed settlement and to request to appear at the Fairness Hearing concerning the proposed settlement, all as set forth in the Agreement. *Inter alia*, the Court finds that the provisions of the Agreement for updating the Class notice mailing database, researching alternate mailing data, re-mailing any returned notices, and receiving and responding to Class Member inquiries (including the support services to be provided by the Settlement Administrator and Class Counsel), constitute the best practicable methodology for maximizing the efficacy of the Settlement Notice, and such provisions are confirmed and made part of this Preliminary Approval Order.

The Court further finds that the Settlement Notice, and the mailing thereof, as provided in this Preliminary Approval Order and the Agreement, shall be the only notice to the Class Members of the proposed settlement required, and constitutes due and sufficient notice, including of the following: (a) the proposed Class Settlement, (b) the Fairness Hearing, (c) Class Members' rights with respect to the proposed Class Settlement (including their rights to object or to appear, including through counsel of their own selection at their own expense), (d) that the release will be binding on the Class Members if the proposed settlement is finally approved and becomes final, (e) that any judgment, whether favorable or not, will include and be binding upon all Class Members, (f) Class Counsel's application for attorneys' fees, litigation expenses, and incentive awards, and (g) the other matters set forth in the Agreement.  The Court further finds that the Settlement Notice and the manner of mailing the Settlement Notice as provided for in the Agreement and this Preliminary Approval Order fully satisfy the requirements of due process, the United States and California Constitutions, the *Federal Rules of Civil Procedure*, and all other applicable provisions of law.

12

---

**8.    Proof of Mailing of Settlement Notice.**  By the time of filing of the motion for final settlement approval, the Settlement Administrator shall provide, and Plaintiffs shall file proof, by affidavit or declaration, of the mailing of the Settlement Notice in the form and manner provided in the Agreement and in this Preliminary Approval Order.

**9.    Communications with Class Members.**  Allianz may not be privy to or respond to inquiries from Class Members to Class Counsel regarding the Settlement.  However, Allianz has the right to communicate with, and to respond to inquiries directed to it, from Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Annuities, including responding to any Complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents or agencies.  If Allianz receives any inquiry from a Class Member or other Person entitled or potentially entitled to Settlement Relief relating to their settlement options or the rights of the Person inquiring under the Settlement, Allianz shall not respond to the inquiry but shall forward it to or refer the inquiring party to Class Counsel.  However, Allianz may respond to questions from Class Members, Owners and Beneficiaries as expressly provided for in the Settlement Stipulation or in the ordinary course of business if Class Members initiate contact with Allianz and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits.

**10.    Objections and Appearances.**

    **A.    Written Objections.**  Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Stipulation or the proposed settlement, in any respect, including the provisions therein relating to attorneys' fees, costs and litigation expenses, must file with the Court and deliver to counsel for both Parties a written statement of objection. Any such objection must be filed with the Court no later than thirty-five (35) days after the date of mailing of the Settlement Notice and must be mailed to Counsel for the Parties, properly addressed and postmarked no later than thirty-five (35) days after the date of mailing of the Settlement

*Iorio, et al. v. Allianz*                                                            Case No. 05-CV-0633-JLS (CAB)

Notices. The address of the office of the Clerk of Court and the addresses for Counsel for the Parties are as follows:

United States District Court
Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, California 92101

Roland C. Goss, Esq.
Jorden Burt LLP
Jefferson Court, Suite 400 East
1025 Thomas Jefferson Street, NW
Washington, DC 20007

Robert S. Gianelli, Esq.
Gianelli & Morris, a Law Corporation
626 Wilshire Boulevard
Los Angeles, California 90017

To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Action (*Iorio v. Allianz*, Case No. 05 CV 0633 JLS (CAB)), and must contain the following information: (i) the objector's name, address, and telephone number, and the annuity policy number(s) in which the objector claims an interest; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s); (v) identification of the case name, case number, and court for any prior class action lawsuit in which the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s); (vi) the payment terms of any fee agreement between the objector and the objector's attorney with respect to the objection; and (vii) any attorneys' fee sharing agreement or referral fee agreement between or among the objector, the

14

objector's attorney, and/or any third party, including any other attorney or law firm, with respect to the objection.

If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Fairness Hearing, in addition to the foregoing requirements that attorney must (1) file both an entry of appearance and a notice of intention to appear and participate at the Fairness Hearing with the Clerk of the Court no later than thirty-five (35) days after the mailing of the Settlement Notice, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Fairness Hearing to Counsel for Allianz and Class Counsel, postmarked no later than thirty-five (35) days after the mailing of the Settlement Notice.

**B.      Appearance at the Fairness Hearing.**  Class Members do not need to appear at the Fairness Hearing in support of any objection.  A timely and validly submitted objection will be considered by the Court at the Fairness Hearing, without the necessity of any appearance by the objector.  Notwithstanding, any Class Member who timely and properly files and serves a written objection, as described *supra*, may upon request and with the Court's permission appear and speak at the Fairness Hearing in support of said objection, either in person or through a personal attorney hired at the Class Member's own expense, provided that a notice of the intention to appear in support of the objection (and in the case of an attorney, an entry of appearance) is filed no later than thirty-five (35) days after the date of mailing of the Settlement Notice.  Copies of said entry of appearance and notice of intention to appear must be mailed to Counsel for the Parties, properly addressed and postmarked, no later than thirty-five (35) days after the date of mailing of the Settlement Notices.

A Class Member who appears at the Fairness Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Fairness Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement that are not set forth in a timely and validly submitted written objection are deemed waived.

15

If a Class Member wishes to present witnesses or evidence at the Fairness Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Fairness Hearing.

**C.     Waiver for Non-Compliance.**  Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs of this Paragraph 10, shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, and introducing any testimony or evidence at the Fairness Hearing, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action.

**D.     The Parties' Response(s) to Objections**.  If counsel for either Plaintiffs or Allianz receive an objection to the proposed settlement and/or notice of intention to appear from or on behalf of any Class Member, they shall promptly provide copies of such objection and/or notice of intention to appear to counsel for the other Party.  For the Court's and Parties' convenience, Class Counsel shall include as exhibits copies of all objections, entries of appearance, and notices of intention to appear and participate at the Fairness Hearing received (timely and validly submitted or otherwise) in their submissions at the time of filing of the motion for final settlement approval. The Parties shall file and serve on each other any written response(s) to timely written objections no later than twenty-one (21) days prior to the Fairness Hearing, and to any untimely objections or timely objections received thereafter, as soon as practicable in advance of the Fairness Hearing.  At the time of filing any such response, the Parties shall serve on each Party (and their attorney if applicable) who has timely and validly filed submitted an objection and a notice of appearance, a copy of any written response(s) addressing that objector's objection.

**11.     Fourth Amended Complaint.**  The proposed Fourth Amended Complaint, submitted pursuant to the Agreement, may be filed by Plaintiffs, and the Clark is directed to file said

16

1  complaint upon submission by Class Counsel. As set forth in the Agreement, filing thereof is
2  conditioned upon final approval of the proposed settlement, and that order becoming final.

3

4  **12.    Preliminary Injunction.**  All Class Members are hereby preliminarily enjoined from
5  filing, commencing, prosecuting, intervening in, participating in, maintaining, as class members or
6  otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits
7  from, any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, asserting
8  any claims released by this Agreement, and preliminarily enjoining all persons from filing,
9  commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending
10  complaint to include class allegations or by seeking class certification in a pending action in any
11  jurisdiction) on behalf of Class Members, asserting any claims released by this Agreement.
12  Nothing in this subparagraph, however, shall require any Class Member to take any affirmative
13  action with regard to other pending class action litigation in which they may be absent class
14  members.  Allianz reserves the right to file motions or to take other actions to enforce the release
15  provisions of the Settlement Stipulation and of this injunction, as it may deem appropriate.

16

17  **13.    Termination of Settlement.**  If either party elects to terminate the Agreement, pursuant to
18  the provisions of Section XI.C of the Agreement, then this Preliminary Approval Order shall
19  become null and void, and shall be without prejudice to the rights of the parties, all of whom shall
20  be restored to their respective positions existing immediately before this Court entered this Order..

21      In such event, the proposed settlement and Settlement Stipulation (except as specifically
22  provided in Section XI.C of the Agreement) shall become null and void and be of no further force
23  and effect (except the post-termination provisions of Section XI.C.4) , neither the Settlement
24  Stipulation nor the Court's orders regarding the proposed settlement or settlement approval or
25  disapproval, including this Preliminary Approval Order, shall be used or referred to for any
26  purpose whatsoever (except with respect to the post-termination provisions of Section XI.C.4), and
27  this Preliminary Approval Order shall not be construed or used as an admission, concession or
28  declaration by or against Allianz of any fault, wrongdoing, breach or liability, or by or against

17

Plaintiffs or the Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims it or they may have.

**14.    Use of Order.**  Whether or not the Agreement is terminated, this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Allianz of any fault, wrongdoing, breach or liability, or by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any Party of any defenses or claims it or they may have, whether in this case or in any other lawsuit, arbitration, administrative or regulatory proceeding or examination, or in any other proceeding or action.

**15.    Continuing Jurisdiction.** For the benefit of the Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Action, the proposed settlement, settlement approval, and settlement administration, to ensure the effectuation of the proposed settlement (should it be finally approved and that approval become final) and this Preliminary Approval Order.  Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this Action including but not limited to the fairness of the proposed settlement, any objections to the proposed settlement, the method and manner under which Settlement Relief will be provided, the adequacy of representation of the Class by Class Counsel and/or Named Plaintiffs, the amount of attorneys' fees and costs and litigation expenses to be awarded Class Counsel, the amount of any incentives to be paid to the Named Plaintiffs, any claim by any party relating to the representation by Class Counsel of any Plaintiff or Class Member in this Action, and

//
//
//
//
//

18

1  all other issues related to this the proposed settlement including any collateral challenges made

2  regarding any matter related to this Action or this the proposed settlement or the conduct of any

3  party or Class Counsel relating to this Action or this the proposed settlement.

4

5  **IT IS SO ORDERED.**

6

7  Dated: _____, 2010

8

9                                          _____

   Honorable Janis L. Sammartino

10   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

# EXHIBIT I

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ANTHONY J. IORIO, MAX FREIFELD, and RUTH SCHEFFER, on behalf of themselves and all others, similarly situated, | CASE NO. 05-CV-0633-JLS (CAB) |
| | [CLASS ACTION] |
| Plaintiffs, | **FINAL ORDER: (1) APPROVING CLASS ACTION SETTLEMENT, (2) AWARDING CLASS COUNSEL FEES AND EXPENSES, (3) AWARDING CLASS REPRESENTATIVES INCENTIVES, (4) PERMANENTLY ENJOINING PARALLEL PROCEEDINGS, AND (5) DISMISSING ACTION WITH PREJUDICE** |
| v. | |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC., | |
| Defendant. | |
| | **Fairness Hearing** Date:   [date] Time:   [time] Court:  Courtroom 6 Hon. Janis L. Sammartino |

1

1    Following a hearing on July 1, 2010, ("Preliminary Approval Hearing"), this Court entered

2    its Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the

3    Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily

4    Enjoining Parallel Proceedings, (Doc. No. ___) ("Preliminary Approval Order"), preliminarily

5    approving the Settlement entered into by the parties in the above-captioned Action, and scheduling

6    a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interests of

7    the Class, and free from collusion, whether the Settlement should be finally approved by the Court,

8    and to consider a motion by Class Counsel for an award of attorneys' fees, costs and litigation

9    expenses, and incentives for the Class Representatives ("Fairness Hearing").

10    The Court has considered: (i) the points and authorities submitted in support of the motion

11    for final approval of the Settlement ("Final Approval Motion"); (ii) the points and authorities

12    submitted in support of the motion for an award of attorneys' fees and costs and litigation

13    expenses, and approval of incentive awards for the Class Representatives ("Fee Motion"); (iii) the

14    declarations and exhibits submitted in support of said motions; (iv) Allianz's separate request for

15    final approval of the Settlement and entry of judgment herein, on the terms and conditions set forth

16    in the Settlement; (v) the Settlement itself; (vi) the entire record in this proceeding, including but

17    not limited to the points and authorities, declarations, and exhibits submitted in support of

18    preliminary approval of the Settlement, filed June 3, 2010 (Doc. Nos. ___); (vii) the full and fair

19    notices provided to the Class of the pendency of this class action, the Settlement, the Fairness

20    Hearing, and Class members' rights with respect to this class action lawsuit and Settlement; (viii)

21    the relatively few members of the class certified by the Court who requested exclusion pursuant to

22    their right to do so at the time of the notices of the pendency of this class action; (ix) the absence

23    of any objection by any Class Member to the Settlement [OR the existence of only ___ objections

24    to the Settlement , out of ___ Class Members]; (x) the absence of any objection or response by any

25    official after the provision of all notices required by the Class Action Fairness Act of 2005, 28

26    U.S.C. §1715 [or address any such objection]; (xi) the oral presentations of Class Counsel and

27    Counsel for Allianz at the Preliminary Approval Hearing and Fairness Hearing; (xii) this Court's

28

2

_____

experiences and observations while presiding over this matter, and the Court's file herein; and (xiii) the relevant law.

Based upon these considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this *Final Order: (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice* ("Final Approval Order"), and good cause appearing:

**IT IS HEREBY ORDERED AND DECREED**, as follows:

**1.      Definitions.**   The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement, or if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

**2.      Incorporation of Documents.**   This Final Approval Order incorporates and makes a part hereof:

A.      the Parties' *Settlement Stipulation*, filed as Exhibit 1 to the Declaration of Robert S. Gianelli in support of preliminary settlement approval, on June 3, 2010, (Doc. No. ___), including all exhibits thereto (collectively, "Settlement Stipulation" ), which sets forth the terms and provisions of the proposed settlement ( "Settlement"); and

B.      the Court's findings and conclusions contained in its Preliminary Approval Order dated _____, 2010, (Doc. No. ___), ("Preliminary Approval Order").

**3.      Jurisdiction.**   The Court has personal jurisdiction over the Parties, the Class Members (as defined below at paragraph 4 below), including objectors [Include if any Class objections], and any officials who submitted objections or responses pursuant to the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. §1715) [Include if any CAFA objection is received].  The Court has

3

_____

subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Transactions (as defined in the Settlement Stipulation), to adjudicate any objections submitted to the proposed Settlement (including objections by Class Members or CAFA officials) [Include only if objections are received] and to dismiss this Action with prejudice.  All Class Members, by failing to exclude themselves according to the Court's prior orders and the terms of the prior notices of the pendency of the Action, have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action.

**4.      Definition of the Class and Class Members.**      The "Class," which is comprised of the "Class Members," is defined by the Court's Order Granting Plaintiffs' Motion for Class Certification, dated July 25, 2006 (the "Class Certification Order"), (Doc. No. ___), and is as follows:  All persons who purchased one of the following annuities from Allianz Life Insurance Company of North America or LifeUSA Insurance Company while they were California residents, age 65 years or older, and prior to July 26, 2006: Bonus Maxxx (including Accumulator Bonus Maxxx, Bonus Maxxx 12% and Bonus Maxxx 14%), BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite and MasterDex 10; subject to the following categories of persons which are specifically excluded from the Class:

**A.**      Officers, directors or employees of Allianz; any entity in which Allianz has a controlling interest; the affiliates, legal representatives, attorneys or assigns of Allianz; any federal, state or local governmental entity; and any judge, justice or judicial official presiding over this matter, and the staff and immediate family of any such judge, justice or judicial officer.

**B.**      Any person who acted as an independent insurance Agent licensed by the State of California and appointed by Allianz in the sale of Annuities that are in the Class.

**C.**      Any person who, under the terms of the previous orders and notices to class members in this Action, timely and properly submitted a written request to be excluded from the Class.

4

1    All Class Members are subject to this Final Approval Order and the Final Judgment to be

2  entered by the Clerk of Court in accordance herewith.

3

4  **5.    Findings and Conclusions.**  The Court finds that the Settlement was not the product of

5  collusion or any other indicia of unfairness, is fair, reasonable, and adequate to the Class in light of

6  the complexity, expense, and likely duration of the litigation (including appellate proceedings),

7  and the risks involved in establishing liability, damages, and in maintaining the Action as a class

8  action, through trial and appeal.  The Court finds that the Settlement represents a fair and complete

9  resolution of all claims asserted in a representative capacity on behalf of the Class and should fully

10  and finally resolve all such claims.  In support of these findings and conclusions, the Court further

11  finds:

12    A.    There is no evidence of collusion.  The proposed settlement, as set forth in the

13  Settlement Stipulation, resulted from extensive arms-length negotiation.   The Action was

14  extensively and vigorously litigated, up to the commencement of trial (as further described below),

15  prior to any settlement.  Plaintiffs and Allianz engaged in intensive arms-length negotiations, over

16  the course of multiple mediation sessions before a capable and well-respected mediator, Robert J.

17  Kaplan of Judicate West, with extensive experience in mediating complex consumer and insurance

18  cases.   Extensive negotiations thereafter resulted in the proposed settlement reflected by the

19  Settlement Stipulation.

20    B.    The Settlement provides for substantial cash payments and/or other monetary

21  benefits to every Class Member, without requiring any Class Member to affirmatively participate

22  in a claims process (although some of the categories of Settlement Relief, by their nature, are

23  dependent upon the Class Member's future policy choices, and require an affirmative election to

24  annuitize, convert an existing annuitization option to a different annuitization option, and/or

25  request partial withdrawal).  No portion of the substantial Settlement Relief would be consumed by

26  attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the

27  requested incentive awards for the Named Plaintiffs, since such amounts are all separately

28  provided for.   The Court has considered the realistic range of outcomes in this matter, including

the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiffs would receive less than the Settlement Relief or take nothing at trial.  The amount offered by the Settlement is fair, reasonable, and adequate in view of these factors.

C.      Before reaching the proposed settlement, Plaintiffs and Allianz fully and vigorously litigated their claims and defenses in extensive proceedings before this Court and in the appellate courts.  A detailed procedural history of this action is set forth in the Court's docket, and is described in the declaration of Robert S. Gianelli and in Plaintiffs' points and authorities submitted in support of preliminary approval .  *Inter alia*, Allianz's challenges to the pleadings, class certification, class decertification, summary judgment, motion to "clarify" the Court's orders regarding class certification, motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim, and the Parties' motions *in limine* and other trial motions, were all heard and decided prior to Settlement.  Class certification issues were repeatedly submitted to the Ninth Circuit, through three separate Rule 23(f) petitions filed by Allianz.  Trial briefs, witness lists, jury instructions and verdict forms, and deposition testimony designations were all filed and exchanged.  All final pre-trial conferences were completed.  The Parties reported ready for trial on March 29, 2010, while settlement negotiations involving a mediator were ongoing.  Based on the Parties' reported progress made in mediation, a brief continuance to April 1, 2010 was granted.  On that morning, with jury selection scheduled to commence, the Parties reported their proposed settlement to the Court.

D.      Before reaching the proposed settlement, Plaintiffs and Allianz also conducted extensive discovery, fully completing all fact and expert discovery.  More than 40 lay and expert depositions, cumulatively hundreds of hours of testimony, were completed.  Plaintiffs took the depositions of 16 key Allianz managerial employees.  Plaintiffs defended the depositions of the class representatives (each was deposed twice) and the depositions of 10 absent class members.  All seven expert depositions were completed by the parties.  Written discovery was no less comprehensive.  In addition to extensive requests for production of documents at deposition,

6

1    Plaintiffs propounded three sets of inspection demands (cumulatively 56 requests), plus pre-trial

2    interrogatories and requests for admission.  Plaintiffs also subpoenaed additional documents from

3    selling agents.  Properly authenticated and verified policy data and mailing data was produced for

4    every single individual class member and annuity.  Voluminous documentary evidence (including

5    22 separate batches of records produced by Allianz) was produced, reviewed and analyzed.  The

6    class representatives submitted to extensive written discovery from Allianz as well.  Plaintiffs

7    responded to three rounds of written discovery, including interrogatories, inspection demands, and

8    requests for admission.

9         E.    Based upon this full litigation of relevant legal issues affecting this litigation,

10   extensive investigation of the underlying facts in discovery, and full preparation by the Parties for

11   the trial in the action, Plaintiffs and Allianz were fully informed of the legal bases for the claims

12   and defenses herein, and capable of balancing the risks of continued litigation (both before this

13   Court and on appeal) and the benefits of the proposed settlement.

14        F.    The Class is and was at all times adequately represented by Named Plaintiffs and

15   Class Counsel, including in entering into and implementing the Settlement, and has satisfied the

16   requirements of *Federal Rules of Civil Procedure,* Rule 23, and applicable law.  Class Counsel

17   submit that they have fully and competently prosecuted all causes of action, claims, theories of

18   liability, and remedies reasonably available to the Class Members.  Further, both Class Counsel

19   and Allianz's Counsel are highly experienced trial lawyers with specialized knowledge in

20   insurance and annuity litigation, and complex class action litigation generally.  Class Counsel and

21   Allianz's Counsel are capable of properly assessing the risks, expenses, and duration of continued

22   litigation, including at trial and on appeal.  Class Counsel submit that the Settlement is fair,

23   reasonable and adequate for the Class Members.  Allianz denies all allegations of wrongdoing and

24   disclaims any liability with respect to any and all claims alleged by Plaintiffs and the Class,

25   including their claims regarding the propriety of class certification, but agrees that the proposed

26   settlement will provide substantial benefits to Class Members.  Allianz considers it desirable to

27   resolve the Action to finally put Plaintiffs' and the Class' claims to rest and avoid, among other

28

7

1   things, the risks of continued litigation, the expenditure of time and resources necessary to proceed

2   through trial and any subsequent appeals, and interference with ongoing business operations.

3         G.      The selection and retention of the Settlement Administrator was reasonable and

4   appropriate.

5         H.      As further addressed below, through the mailing of the Notice of Pendency of Class

6   Action and the Settlement Notice, each in the forms and manners ordered by this Court, the Class

7   has received the best practicable notice of the pendency of this class action, of the Settlement, the

8   Fairness Hearing, and of Class Members' rights and options, including their rights to opt out (at

9   the time of the notices of pendency), to object to the settlement, and/or to appear at the Fairness

10  Hearing in support of a properly submitted objection, and of the binding effect of the Orders and

11  Judgment in this Action, whether favorable or unfavorable, on all Class Members. Said notices

12  have fully satisfied all notice requirements under the law, including the Federal Rules of Civil

13  Procedure and all due process rights under the U.S. Constitution and California Constitution.

14        I.      The response of the Class to this Action, the certification of a class in the Action,

15  and to the Settlement, including Class Counsel's application for an award of attorneys' fees,

16  litigation expenses, and the class representatives' incentives, after full, fair, and effective notice

17  thereof, strongly favors final approval of the Settlement.   Out of the 15,626 notices of the

18  pendency of this class action mailed to the members of the class certified by the Court, only 196

19  valid requests for exclusion (affecting 239 Class Annuities) were received.   In response to the

20  ___Settlement Notices mailed to the Class, as of [date of filing final approval motion] (fourteen

21  days after the deadline for objecting to the Settlement), [insert summary or confirm absence of

22  objections by Class Members].  [If any objections, add:  The(se) objection(s) (have) been filed in

23  the Action, considered by the Court, and are fully addressed below.]

24        J.      As set forth in the Settlement, Allianz has denied, and continues to deny, any

25  wrongdoing or liability relating to the Action.  Allianz does not join in Plaintiffs' Final Approval

26  Motion or Fee Motion or the points and authorities and supporting papers filed in support of said

27

28

8

motions.   Notwithstanding, Allianz has separately requested final approval of the Settlement, dismissal of the Action with prejudice, and entry of judgment in the Action, on the terms and conditions set forth in the Settlement.

**6.       Prior Notices of Pendency of Class Action and of Right to Opt Out.**  The Court hereby finds that the "Notice of Pendency of Class Action" in the Action was mailed to the Class Members, in three stages, on November 13, 2006, December 26, 2006, and October 2, 2007, in the form and manner approved by the Court in its orders of October 11, 2006 (Doc. No.126), December 12, 2006 (Doc. No. 136), and September 21, 2007 (Doc. No. 190).  The Court finds that said notices were the best notice practicable, and were reasonably calculated, under the circumstances, to apprise the Class Members of their rights, including their right to opt out of the Class at that juncture, as set forth in the notices, and fully satisfied the requirements of due process and all other applicable provisions of law.

**7.       Requests for Exclusion.**  After the mailing of the 15,626 notices of the pendency of this class action, including notice of the Class Members' right (at said time) to exclude themselves from the certified class, only 196 members of the certified class (with 239 Class Annuities) submitted timely and valid requests for exclusion.    In addition, nine untimely and/or invalid requests for exclusion were received, (six untimely requests and three requests by non-Class Members).  A list of those persons and entities who have timely and validly requested exclusion from the Class, according to the terms of the prior notices of the pendency of the class action and the Court's orders regarding said notices, was filed with the Court in support of final settlement approval as Exhibit ___ to the declaration of Robert S. Gianelli in support of final settlement approval, and is incorporated herein and made a part hereof.  The persons and Annuities on that list are excluded from the class previously-certified by the Court and are therefore not Class Members, shall not be bound by the Settlement or Judgment in the Action, and shall not receive any Settlement Relief.

9

**8.      Notice of Settlement.**   Based upon the declarations of counsel and the Settlement Administrator, the Court finds that the Settlement Notice was mailed on [mailing date], 2010, in the form and manner agreed to under the Settlement and approved by the Court in the Preliminary Approval Order.   The Settlement Notice provided fair and effective notice to the Class of the Settlement and the terms thereof, including but not limited to those terms related to the Class recovery and the Settlement Relief, the claims and parties released, the binding effect of the Settlement (if approved) on all Class Members, the provisions for attorneys' fees, litigation expenses, administrative expenses, and Named Plaintiffs' incentives, Class Counsel's intention to petition for an award of such fees, expenses, and incentives in the maximum amounts permitted under the Settlement, the date, time, and place of the Final Approval Hearing, and Class members' rights to object to the Settlement  and to appear at the Fairness Hearing (on their own or through counsel of their own selection, at their own expense) in support of any timely and validly submitted objection, all as set forth in the Settlement Notice.   The Court finds that said form and manner of giving notice, including the steps taken for updating the Class notice mailing database, researching alternate mailing data, re-mailing any returned notices, and receiving and responding to Class Member inquiries (including the support services to be provided by the Settlement Administrator and Class Counsel), constitute the best notice practicable, and were reasonably calculated, under the circumstances, to apprise the Class Members of the Settlement and Class Members' rights thereunder. The Court further finds that the Class members were afforded a reasonable period of time to exercise such rights.

        Based on the foregoing, the prior notices of pendency and the Settlement Notice, in the forms and manners approved by the Court, collectively fully satisfy the requirements of due process, the United States and California Constitutions, the *Federal Rules of Civil Procedure*, and all other applicable provisions of law.

**9.      Notices Pursuant to 28 U.S.C. § 1715.**  Based on the requirements of the Settlement Stipulation and the declarations submitted in support of final settlement approval, the Court finds that all notices and requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have

10

been satisfied.  The proposed settlement was filed on June 3, 2010, (Doc. No. ___).  On [notice date], Allianz served the notices required by 28 U.S.C. § 1715(b).  On [courtesy notice date], Allianz further served a courtesy notice of the entry of the Preliminary Approval Order, (Doc. No. ___), including notice of the date, time, and place of the Fairness Hearing set forth therein.  More than ninety (90) days have passed since the service of the foregoing notices.  No objection or response to the Settlement has been filed by any federal or state official, including any recipient of the foregoing notices.  No federal or state official, including any recipient of the foregoing notices, has appeared or requested to appear at the Fairness Hearing.  [Alternatively, if applicable, order to address any response or objection by any federal or state official.]

**10.     Class Member Objections.**  As set forth in detail *supra*, full and fair notice of Class Members' right to object to the proposed settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Settlement Stipulation, the Court's Preliminary Approval Order, the requirements of due process, and any other applicable law.  No objections or requests to appear at the Fairness Hearing have been received, timely and validly submitted or otherwise.  No person has appeared at the Fairness Hearing to object to the Settlement. [Alternatively, if applicable, order to address any such objection.]

**11.     Final Settlement Approval and Binding Affect.**  The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the California Constitution, and any other applicable law.  Therefore, the Settlement is approved.  The Settlement, this Final Order and Judgment shall be forever binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and

11

future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law.

**12.     Implementation of Settlement.**   The parties are directed to implement the Settlement according to its terms and conditions.  Allianz is authorized, at its sole option and in its sole discretion, in accordance with the terms of the Settlement Stipulation, and without requiring further approval of the Court, to implement the Settlement before the Final Settlement Date (as defined in the Settlement Stipulation).

**13.     Appeal after Early Implementation.**  Any Class Member who failed to timely and validly submit his or her objection to the Settlement, in the manner required by the Settlement, the Settlement Notice, and this Court's Preliminary Approval Order, has waived any objection.  Any Class Member seeking to appeal from the Court's rulings must first:  (a) move to intervene upon a representation of inadequacy of counsel (if they did not object to the proposed settlement under the terms of the Settlement Stipulation); (b) request a stay of implementation of the Settlement; and (c) post an appropriate bond.   Absent satisfaction of all three of these requirements, Allianz is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Final Settlement Date, even if such implementation would moot any appeal.

**14.     Release.**  The Release set forth in Section VII of the Settlement Stipulation is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Releasees from any claims or liabilities released by the Settlement, including the Released Transactions (as those terms are defined in the Settlement Stipulation). This Release covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or other counsel representing Plaintiffs or Class Members in this Action, the settlement of this Action, the administration of such Settlement, and

the Released Transactions, except to the extent otherwise specified in this Order and the Settlement Stipulation.

**15.     Permanent Injunction.**  All Class Members are hereby permanently enjoined from filing, commencing, prosecuting, intervening in, maintaining, participating (as class members or otherwise) in, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or regulatory proceeding or order in any jurisdiction asserting any claims released by this Agreement; and from organizing Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this Agreement.  Nothing in this paragraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members. Allianz has reserved the right to file motions or to take other actions to enforce the release provisions of the Settlement Stipulation and of this injunction, as it may deem appropriate. The Court finds that issuance of this permanent injunction is necessary and appropriate in the aid of the Court's jurisdiction over the Action and its judgments.

**16.     Enforcement of Settlement.** Nothing in this Final Order shall preclude any action to enforce or interpret the terms of the Settlement Stipulation.  Any action to enforce or interpret the terms of the Settlement Stipulation shall be brought solely in this Court.

**17.     Communications with Class Members.**     Allianz may not be privy to or respond to inquiries from Class Members to Class Counsel regarding the Settlement.  However, Allianz has the right to communicate with, and to respond to inquiries directed to it, from Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Annuities, including responding to any Complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents

13

or agencies.  If Allianz receives any inquiry relating to the merits of the Settlement or a Class Member's rights or options under the Settlement, from a Class Member or other Person entitled or potentially entitled to Settlement Relief, Allianz shall not respond to the inquiry but shall forward it to or refer the inquiring party to Class Counsel.  However, Allianz may respond to questions from Class Members, Owners and Beneficiaries in the ordinary course of business if such Persons initiate contact with Allianz and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits.

**18.     Attorneys' Fees and Litigation Expenses.**  The Court orders that Class Counsel shall be entitled to an award of reasonable attorneys' fees and litigation expenses incurred in connection with the Action and in reaching this Settlement, to be paid by Allianz at the time and in the manner provided in the Settlement.  The Court finds that an award of reasonable attorneys' fees and litigation expenses, as provided for herein, is appropriate based on the contractual agreement to pay such fees and expenses set forth in the Settlement, the private attorney general doctrine and *Code of Civil Procedure* §1021.5, and the Court's equitable powers under California law.

The Court finds to be reasonable, and awards to Class Counsel, attorneys' fees, to be paid as provided in the Settlement, in the total amount of eighteen million dollars and no cents ($18,000,000.00), and litigation expenses, to be paid as provided in the Settlement, in the total amount of one million three hundred thousand dollars and no cents ($1,300,000.00).  The Court further orders that in accordance with the Settlement, in addition to the foregoing award of litigation expenses, Allianz shall pay to the Settlement Administrator (and the former administrator, if applicable) all reasonable settlement notice and administration expenses billed thereby in connection with the Settlement, consistent with the contracts that such administrators entered into for the performance of such work and any additional work requested by the Parties jointly.

The award of attorneys' fees and litigation expenses to Class Counsel in this Final Approval Order shall be the sole reimbursement to which Class Counsel is entitled from Allianz or Releasees with respect to the Action, the Settlement, or the administration of the Settlement.

*Iorio, et al. v. Allianz*                                                                    Case No. 05-CV-0633-JLS (CAB)

Allianz and Releasees shall have no obligation to pay attorneys' fees or costs or litigation expenses with respect to the Action, the Settlement, or the administration of the Settlement, to any other person, firm, or entity other than as provided in this Final Order.  No Named Plaintiff, or any other Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action.  No Named Plaintiff, or any other Class Member, shall be entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the Action from Allianz or any Releasee.

Allianz does not join in Class Counsel's motion for an award of attorneys' fees and litigation expenses.  Allianz does not join in requesting and does not necessarily agree with any of the related findings requested by Class Counsel and made by the Court in connection with Class Counsel's motion for an award of attorneys' fees and litigation expenses, including the findings set forth in this paragraph 16 of the Final Order.  Notwithstanding, pursuant to the Settlement, Allianz does not oppose an award of attorneys' fees and litigation expenses as provided for by Section VIII of the Settlement.

In support of the foregoing attorneys' fee and litigation expense award, the Court finds as follows:  [Class Counsel to insert the specific findings requested in support of the requested fee and expense award, and division thereof among counsel, consistent with Section VIII of the Settlement.]

**19.    Named Plaintiffs' Incentives.**  The hereby Court approves incentives for each of the Named Plaintiffs, Anthony J. Iorio, Ruth Scheffer, and Max Freifield, to be paid by Allianz at the time and in the manner provided in the Settlement.   The amount of said incentive shall be the full unopposed amount provided for by the Settlement, *to wit*: twenty-five thousand dollars and no cents ($25,000.00), for each Named Plaintiff.  To the extent that any Named Plaintiff may become deceased prior to payment of these incentives, the Parties shall cooperate to ensure that any sums so awarded are distributed to his or her heirs.

Based on the declarations of Class Counsel and the Named Plaintiffs submitted in support of final settlement approval, Named Plaintiffs have actively participated and assisted Class

15

Counsel in this litigation for the substantial benefit of the Class despite facing significant personal limitations.  Each has waived their right to pursue potential individual claims or relief in the Action.  Apart from these incentives, the Named Plaintiffs will receive no settlement payments or benefits of any nature other than their share of the Settlement Relief available to the Class generally.  These incentives are approved to compensate the Named Plaintiffs for the burdens of their active involvement in this litigation and their commitment and effort on behalf of the Class.

The amount of these incentives shall not affect or reduce the Settlement Relief generally payable to any Class Member, including to Named Plaintiffs, under the Settlement, and shall not affect or reduce the amount of attorneys' fees and litigation expenses payable to Class Counsel under the Settlement and this Final Approval Order.

**20.    Modification of Settlement Stipulation.**  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Stipulation, if such changes are consistent with this Order and do not limit the rights of Class Members or any other Person entitled to Settlement Relief under this Agreement.

**21.    Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Order.  Without in any way affecting the finality of this Final Order or the Final Judgment, for the benefit of the Class and Allianz, and to protect this Court's jurisdiction, the Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and the administration, consummation, enforcement, and interpretation of the Settlement Stipulation and of this Final Order, and for any other necessary and appropriate purpose.

Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this case including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement Relief, including notices, payments, and benefits thereunder, the Settlement Notice and sufficiency thereof, any objection to the Settlement, any request for

16

exclusion from the certified class, the adequacy of representation by Class Counsel and/or the Class Representatives, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any incentives to be paid to the Class Representatives, any claim by any person or entity relating to the representation of the Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Order, any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this Action and Settlement.

Further, without limiting the foregoing, the Court retains continuing jurisdiction to:

A.     enforce the terms and conditions of the Settlement Stipulation and resolve any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Stipulation, this Final Order and Judgment (including, without limitation, determining whether a person is or is not a Class Member, and enforcing the permanent injunction that is a part of this Final Order and Judgment), and determining whether claims or causes of action allegedly related to this case are barred by this Final Order and Judgment;

B.     enter such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and Judgment, or to ensure the fair and orderly administration of the Settlement; and

C.     enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; provided however, nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Stipulation.

**22.     No Admissions.**  This Final Order and the Settlement Stipulation, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final Order and Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Action, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and

17

the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Allianz based on principles of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law.  Without limiting the foregoing, neither the Settlement Stipulation nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Allianz, to Plaintiffs, or the Class, or as a waiver by Allianz, of any applicable defense, including without limitation any applicable statute of limitation.

**23.     Dismissal of Action.**  This action, including all individual and Class claims resolved in it, shall be dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

**IT IS SO ORDERED.**

Dated: _____, 2010

_____
Honorable Janis L. Sammartino
United States District Judge

18

# EXHIBIT J

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

ANTHONY J. IORIO, MAX FREIFIELD, and

CASE NO. 05-CV-0633-JLS (CAB)

12

RUTH SCHEFFER, on behalf of themselves and
all others, similarly situated,

[CIVIL ACTION]

13

14

Plaintiffs,

**FINAL JUDGMENT**

15

v.

16

ALLIANZ LIFE INSURANCE COMPANY OF

17

NORTH AMERICA, INC.,

18

Defendant.

19

20

21

22

**FINAL JUDGMENT**

23

Based upon and subject to the class-wide settlement approved by the Court in this Action,

24

("Settlement", Docket No. ___), and the *Final Order: (1) Approving Class Action Settlement, (2)*

25

*Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4)*

26

*Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice* approving

27

said settlement, ("Final Order", Docket No. ___):

28

1

1

**IT IS HEREBY ORDERED AND ADJUDGED** that this case is dismissed, with

2

prejudice on the merits, and that plaintiffs, Anthony J. Iorio, Max Freifield, and Ruth Scheffer, on

3

behalf of themselves and all others similarly situated, and on behalf of the Class (defined below)

4

recover nothing, and that no award of attorneys' fees, costs or expenses be made, other than as

5

provided in the Settlement (Docket No. __) and the Final Order (Docket No. ___).

6

7

The certified class bound by this Final Judgment ("Class") includes only the following

8

persons:

9

10

All persons who purchased one of the following annuities from Allianz Life

11

Insurance Company of North America or LifeUSA Insurance Company while they

12

were California residents, age 65 years or older, and prior to July 26, 2006: Bonus

13

Maxxx (including BonusMaxxx, Accumulator Bonus Maxxx, Bonus Maxxx 12%

14

and Bonus Maxxx 14%), BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10%

15

Bonus PowerDex Elite and MasterDex 10; subject to the following categories of

16

persons which are specifically excluded from the Class:

17

18

A.      Officers, directors or employees of Allianz; any entity in which Allianz has a

19

controlling interest; the affiliates, legal representatives, attorneys or assigns of

20

Allianz; any federal, state or local governmental entity; and any judge, justice or

21

judicial official presiding over this matter, and the staff and immediate family of any

22

such judge, justice or judicial officer.

23

24

B.      Any person who acted as an independent insurance Agent licensed by the

25

State of California and appointed by Allianz in the sale of Annuities that are in the

26

Class.

27

28

2

_____

*Iorio, et al. v. Allianz*                                                Case No. 05-CV-0633-JLS (CAB)

1    C.    Any person who, under the terms of the previous orders and notices to class

2    members in this Action, timely and properly submitted a written request to be

3    excluded from the Class.  Such persons are identified in Exhibit __ to the Declaration

4    of Robert Gianelli submitted in support of final approval of the settlement, (Docket

5    No. ___).

6

7    Dated: _____                    _____

8                                                      Clerk of the U.S. District Court

9

    _____
10   Honorable Janis L. Sammartino
11   Judge of the U.S. District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3