1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11    ANTHONY J. IORIO, MAX FREIFIELD, and

12    RUTH SCHEFFER, on behalf of themselves and
      all others, similarly situated,

13

14                         Plaintiffs,

15         v.

16    ALLIANZ LIFE INSURANCE COMPANY OF

17    NORTH AMERICA, INC.,

18                         Defendant.

19
20
21
22
23
24
25
26
27
28

CASE NO. 05-CV-0633-JLS (CAB)

[CLASS ACTION]

**FINAL ORDER: (1) APPROVING CLASS ACTION SETTLEMENT, (2) AWARDING CLASS COUNSEL FEES AND EXPENSES, (3) AWARDING CLASS REPRESENTATIVES INCENTIVES, (4) PERMANENTLY ENJOINING PARALLEL PROCEEDINGS, AND (5) DISMISSING ACTION WITH PREJUDICE**

**Fairness Hearing**
Date:   March 3, 2011
Time:   1:30 p.m.
Court:  Courtroom 6
        Hon. Janis L. Sammartino

1

Following a hearing on July 1, 2010, ("Preliminary Approval Hearing"), this Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings, (Doc. No. 437) ("Preliminary Approval Order"), preliminarily approving the Settlement entered into by the parties in the above-captioned Action, and scheduling a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interests of the Class, and free from collusion, whether the Settlement should be finally approved by the Court, and to consider a motion by Class Counsel for an award of attorneys' fees, costs and litigation expenses, and incentives for the Class Representatives ("Fairness Hearing").

The Court has considered: (i) the points and authorities submitted in support of the motion for final approval of the Settlement ("Final Approval Motion"); (ii) the points and authorities submitted in support of the motion for an award of attorneys' fees and costs and litigation expenses, and approval of incentive awards for the Class Representatives ("Fee Motion"); (iii) the declarations and exhibits submitted in support of said motions; (iv) Allianz's separate request for final approval of the Settlement and entry of judgment herein, on the terms and conditions set forth in the Settlement; (v) the *Settlement Stipulation* and *Amendment to Settlement Stipulation*; (vi) the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed June 3, 2010 (Doc. Nos. 424-435); (vii) the full and fair notices provided to the Class of the pendency of this class action, the Settlement, the Fairness Hearing, and Class members' rights with respect to this class action lawsuit and Settlement; (viii) the relatively few members of the class certified by the Court who requested exclusion pursuant to their right to do so at the time of the notices of the pendency of this class action; (ix) the existence of only six objections to the Settlement, out of more than 12,000 Class Members, three of which have been withdrawn by the objector; (x) the absence of any objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715; (xi) the oral presentations of Class Counsel and Counsel for Allianz at the Preliminary Approval Hearing and

2

Fairness Hearing; (xii) this Court's experiences and observations while presiding over this matter, and the Court's file herein; and (xiii) the relevant law.

Based upon these considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this *Final Order: (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice* ("Final Approval Order"), and good cause appearing:

**IT IS HEREBY ORDERED AND DECREED**, as follows:

**1.     Definitions.**   The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement, or if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

**2.     Incorporation of Documents.**   This Final Approval Order incorporates and makes a part hereof:

A.     the Parties' *Settlement Stipulation*, filed as Exhibit 1 to the Declaration of Robert S. Gianelli in support of final settlement approval, on February 10, 2011, ("Gianelli Declaration"), including all exhibits thereto and the Parties' *Amendment to Settlement Stipulation* filed as Exhibit 2 to the Gianelli Declaration including all exhibits thereto, (collectively, "Settlement Stipulation"), which sets forth the terms and provisions of the proposed settlement ( "Settlement");

B.     the Court's findings and conclusions contained in its Preliminary Approval Order dated July 1, 2010, 2010, (Doc. No. 437), ("Preliminary Approval Order").

**3.     Jurisdiction.**   The Court has personal jurisdiction over the Parties, the Class Members (as defined below at paragraph 4 below), including objectors.   The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement,

3

including the Released Transactions (as defined in the Settlement Stipulation), to adjudicate any objections submitted to the proposed Settlement (including objections by Class Members or CAFA officials), and to dismiss this Action with prejudice.  All Class Members, by failing to exclude themselves according to the Court's prior orders and the terms of the prior notices of the pendency of the Action, have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action.

**4.        Definition of the Class and Class Members.**  The "Class," which is comprised of the "Class Members," is defined by the Court's Order Granting Plaintiffs' Motion for Class Certification, dated July 25, 2006 (the "Class Certification Order"), (Doc. No. 113), and is as follows:  All persons who purchased one of the following annuities from Allianz Life Insurance Company of North America or LifeUSA Insurance Company while they were California residents, age 65 years or older, and prior to July 26, 2006: Bonus Maxxx (including Accumulator Bonus Maxxx, Bonus Maxxx 12% and Bonus Maxxx 14%), BonusDex, Bonus Maxxx Elite, BonusDex Elite, 10% Bonus PowerDex Elite and MasterDex 10; subject to the following categories of persons which are specifically excluded from the Class:

    **A.**        Officers, directors or employees of Allianz; any entity in which Allianz has a controlling interest; the affiliates, legal representatives, attorneys or assigns of Allianz; any federal, state or local governmental entity; and any judge, justice or judicial official presiding over this matter, and the staff and immediate family of any such judge, justice or judicial officer.

    **B.**        Any person who acted as an independent insurance Agent licensed by the State of California and appointed by Allianz in the sale of Annuities that are in the Class.

    **C.**        Any person who, under the terms of the previous orders and notices to class members in this Action, timely and properly submitted a written request to be excluded from the Class.

4

1    All Class Members are subject to this Final Approval Order and the Final Judgment to be

2    entered by the Clerk of Court in accordance herewith.

3

4    **5.    Findings and Conclusions.**  The Court finds that the Settlement was not the product of

5    collusion or any other indicia of unfairness, is fair, reasonable, and adequate to the Class in light of

6    the complexity, expense, and likely duration of the litigation (including appellate proceedings),

7    and the risks involved in establishing liability, damages, and in maintaining the Action as a class

8    action, through trial and appeal.  The Court finds that the Settlement represents a fair and complete

9    resolution of all claims asserted in a representative capacity on behalf of the Class and should fully

10   and finally resolve all such claims.  In support of these findings and conclusions, the Court further

11   finds:

12       A.    There is no evidence of collusion.  The proposed settlement, as set forth in the

13   Settlement Stipulation, resulted from extensive arms-length negotiation.  The Action was

14   extensively and vigorously litigated, up to the commencement of trial (as further described below),

15   prior to any settlement.  Plaintiffs and Allianz engaged in intensive arms-length negotiations, over

16   the course of multiple mediation sessions before a capable and well-respected mediator, Robert J.

17   Kaplan of Judicate West, with extensive experience in mediating complex consumer and insurance

18   cases.  Extensive negotiations thereafter resulted in the proposed settlement reflected by the

19   Settlement Stipulation.

20       B.    The Settlement provides for substantial cash payments and/or other monetary

21   benefits to every Class Member, without requiring any Class Member to affirmatively participate

22   in a claims process (although some of the categories of Settlement Relief, by their nature, are

23   dependent upon the Class Member's future policy choices, and require an affirmative election to

24   annuitize, convert an existing annuitization option to a different annuitization option, and/or

25   request partial withdrawal).  No portion of the substantial Settlement Relief would be consumed by

26   attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the

27   requested incentive awards for the Named Plaintiffs, since such amounts are all separately

28   provided for.  The Court has considered the realistic range of outcomes in this matter, including

5

the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiffs would receive less than the Settlement Relief or take nothing at trial.  The amount offered by the Settlement is fair, reasonable, and adequate in view of these factors.

C.     Before reaching the proposed settlement, Plaintiffs and Allianz fully and vigorously litigated their claims and defenses in extensive proceedings before this Court and in the appellate courts.  A detailed procedural history of this action is set forth in the Court's docket, and is described in the declaration of Robert S. Gianelli and in Plaintiffs' points and authorities submitted in support of preliminary approval.  *Inter alia*, Allianz's challenges to the pleadings, class certification, class decertification, summary judgment, motion to "clarify" the Court's orders regarding class certification, motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim, and the Parties' motions *in limine* and other trial motions, were all heard and decided prior to Settlement.  Class certification issues were repeatedly submitted to the Ninth Circuit, through three separate Rule 23(f) petitions filed by Allianz.  Trial briefs, witness lists, jury instructions and verdict forms, and deposition testimony designations were all filed and exchanged.  All final pre-trial conferences were completed.  The Parties reported ready for trial on March 29, 2010, while settlement negotiations involving a mediator were ongoing.  Based on the Parties' reported progress made in mediation, a brief continuance to April 1, 2010 was granted.  On that morning, with jury selection scheduled to commence, the Parties reported their proposed settlement to the Court.

D.     Before reaching the proposed settlement, Plaintiffs and Allianz also conducted extensive discovery, fully completing all fact and expert discovery.  More than 40 lay and expert depositions, cumulatively hundreds of hours of testimony, were completed.  Plaintiffs took the depositions of 16 key Allianz managerial employees.  Plaintiffs defended the depositions of the class representatives (each was deposed twice) and the depositions of 10 absent class members.  All seven expert depositions were completed by the parties.  Written discovery was no less comprehensive.  In addition to extensive requests for production of documents at deposition,

6

Plaintiffs propounded three sets of inspection demands (cumulatively 56 requests), plus pre-trial interrogatories and requests for admission.  Plaintiffs also subpoenaed additional documents from selling agents.  Properly authenticated and verified policy data and mailing data was produced for every single individual class member and annuity.  Voluminous documentary evidence (including 22 separate batches of records produced by Allianz) was produced, reviewed and analyzed.  The class representatives submitted to extensive written discovery from Allianz as well.  Plaintiffs responded to three rounds of written discovery, including interrogatories, inspection demands, and requests for admission.

E.      Based upon this full litigation of relevant legal issues affecting this litigation, extensive investigation of the underlying facts in discovery, and full preparation by the Parties for the trial in the action, Plaintiffs and Allianz were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed settlement.

F.      The Class is and was at all times adequately represented by Named Plaintiffs and Class Counsel, including in entering into and implementing the Settlement, and has satisfied the requirements of *Federal Rules of Civil Procedure,* Rule 23, and applicable law.  Class Counsel submit that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members.  Further, both Class Counsel and Allianz's Counsel are highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally.  Class Counsel and Allianz's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submit that the Settlement is fair, reasonable and adequate for the Class Members.  Allianz denies all allegations of wrongdoing and disclaims any liability with respect to any and all claims alleged by Plaintiffs and the Class, including their claims regarding the propriety of class certification, but agrees that the proposed settlement will provide substantial benefits to Class Members.  Allianz considers it desirable to resolve the Action to finally put Plaintiffs' and the Class' claims to rest and avoid, among other

7

things, the risks of continued litigation, the expenditure of time and resources necessary to proceed through trial and any subsequent appeals, and interference with ongoing business operations.

G.    The selection and retention of the Settlement Administrator was reasonable and appropriate.

H.    As further addressed below, through the mailing of the Notice of Pendency of Class Action and the Settlement Notice, each in the forms and manners ordered by this Court, the Class has received the best practicable notice of the pendency of this class action, of the Settlement, the Fairness Hearing, and of Class Members' rights and options, including their rights to opt out (at the time of the notices of pendency), to object to the settlement, and/or to appear at the Fairness Hearing in support of a properly submitted objection, and of the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all Class Members. Said notices have fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure and all due process rights under the U.S. Constitution and California Constitution.

I.    The response of the Class to this Action, the certification of a class in the Action, and to the Settlement, including Class Counsel's application for an award of attorneys' fees, litigation expenses, and the class representatives' incentives, after full, fair, and effective notice thereof, strongly favors final approval of the Settlement.   Out of the 15,626 notices of the pendency of this class action mailed to the members of the class certified by the Court, only 196 valid requests for exclusion (affecting 239 Class Annuities) were received.   In response to the more than 16,000 Settlement Notices mailed to the Class, as of February 10, 2011 (five months after the deadline for objecting to the Settlement), just six objections have been received, four of which have been withdrawn by the objectors.   These objections have been filed in the Action, considered by the Court, and are fully addressed below.

J.    As set forth in the Settlement, Allianz has denied, and continues to deny, any wrongdoing or liability relating to the Action.  Allianz does not join in Plaintiffs' Final Approval Motion or Fee Motion or the points and authorities and supporting papers filed in support of said

1   motions.   Notwithstanding, Allianz has separately requested final approval of the Settlement,

2   dismissal of the Action with prejudice, and entry of judgment in the Action, on the terms and

3   conditions set forth in the Settlement.

4

5   **6.       Prior Notices of Pendency of Class Action and of Right to Opt Out.**  The Court hereby

6   finds that the "Notice of Pendency of Class Action" in the Action was mailed to the Class

7   Members, in three stages, on November 13, 2006, December 26, 2006, and October 2, 2007, in the

8   form and manner approved by the Court in its orders of October 11, 2006 (Doc. No.126),

9   December 12, 2006 (Doc. No. 136), and September 21, 2007 (Doc. No. 190).  The Court finds that

10  said notices were the best notice practicable, and were reasonably calculated, under the

11  circumstances, to apprise the Class Members of their rights, including their right to opt out of the

12  Class at that juncture, as set forth in the notices, and fully satisfied the requirements of due process

13  and all other applicable provisions of law.

14

15  **7.       Special Notice of Right to Remain a Class Member or Request Exclusion:**  For a small

16  segment of the Class (318 individuals with 353 Class Annuities), identified as potential Class

17  Members only at the settlement stage (and after the foregoing notices of pendency had been

18  mailed), a supplemental notice of their right to opt out was mailed on August 5, 2010.  These Class

19  Members were omitted from prior notices due to an administrative error.  Said supplemental notice

20  advised these previously omitted Class Members of their right to remain Class Members or to

21  request exclusion from the Class, and the procedures for doing so.  Notice was mailed to these

22  previously-omitted Class Members on August 5, 2010, in accordance with the Court's Order dated

23  July 1, 2010, (Doc. No. 438). The Court finds that said notices were the best notice practicable,

24  and were reasonably calculated, under the circumstances, to apprise these previously-omitted Class

25  Members of their right to opt out of the Class at that juncture, as set forth in the notices, and fully

26  satisfied the requirements of due process and all other applicable provisions of law.

27

28

**8.      Requests for Exclusion.**   After the mailing of the 15,626 notices of the pendency of this class action, and 318 supplemental notices, including specific notice of the Class Members' right (at said times) to exclude themselves from the certified class, timely and valid requests request for exclusion have been received for only 250 Class Annuities (out of more than 16,000).   In addition, nine untimely and/or invalid requests for exclusion were received, (six untimely requests and three requests by non-Class Members).   A list of those persons and entities who have timely and validly requested exclusion from the Class, according to the terms of the prior notices of the pendency of the class action and the Court's orders regarding said notices, was filed with the Court in support of final settlement approval as Exhibit C to the Settlement Administrator's declaration (**Pl. Ex. 5**, attached to the Gianelli Declaration), and is incorporated herein and made a part hereof.   The persons and Annuities on that list are excluded from the class previously-certified by the Court and are therefore not Class Members, shall not be bound by the Settlement or Judgment in the Action, and shall not receive any Settlement Relief.

**9.      Notice of Settlement.**   Based upon the declarations of counsel and the Settlement Administrator, the Court finds that the Settlement Notice was mailed on August 5, 2010, in the form and manner agreed to under the Settlement and approved by the Court in the Preliminary Approval Order, (Doc. No. 437).   The Settlement Notice provided fair and effective notice to the Class of the Settlement and the terms thereof, including but not limited to those terms related to the Class recovery and the Settlement Relief, the claims and parties released, the binding effect of the Settlement (if approved) on all Class Members, the provisions for attorneys' fees, litigation expenses, administrative expenses, and Named Plaintiffs' incentives, Class Counsel's intention to petition for an award of such fees, expenses, and incentives in the maximum amounts permitted under the Settlement, the date, time, and place of the Final Approval Hearing, and Class members' rights to object to the Settlement  and to appear at the Fairness Hearing (on their own or through counsel of their own selection, at their own expense) in support of any timely and validly submitted objection, all as set forth in the Settlement Notice.   The Court finds that said form and manner of giving notice, including the steps taken for updating the Class notice mailing database,

10

researching alternate mailing data, re-mailing any returned notices, and receiving and responding to Class Member inquiries (including the support services to be provided by the Settlement Administrator and Class Counsel), constitute the best notice practicable, and were reasonably calculated, under the circumstances, to apprise the Class Members of the Settlement and Class Members' rights thereunder. The Court further finds that the Class members were afforded a reasonable period of time to exercise such rights.

Based on the foregoing, the prior notices of pendency and the Settlement Notice, in the forms and manners approved by the Court, collectively fully satisfy the requirements of due process, the United States and California Constitutions, the *Federal Rules of Civil Procedure*, and all other applicable provisions of law.

**10.     Notices Pursuant to 28 U.S.C. § 1715.**  Based on the requirements of the Settlement Stipulation and the declarations submitted in support of settlement approval, the Court finds that all notices and requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, have been satisfied.  Allianz' provision of CAFA Notices is attested to by the Declaration of Roland C. Goss, (Doc. Nos. 471-1 and 471-2).  The proposed settlement was filed on June 3, 2010 (Doc. Nos. 425-1, 425-2).  On June 11, 2010, Allianz served the notices required by 28 U.S.C. § 1715(b), (*see* Doc. No. 432), which included a copy of the Stipulation of Settlement and other documents required by CAFA.  This Court entered an Order granting the motion for preliminary approval of the proposed settlement on July 1, 2010 (Doc. No. 437).  On July 6, 2010, Allianz served a supplemental CAFA Notice of the entry of the Preliminary Approval Order, *see* Declaration of Roland C. Goss, (Doc. Nos. 471-1 and 471-2), including notice of the date, time, and place of the Fairness Hearing set forth therein.  Supplemental CAFA Notices were served by Allianz when this Court re-noticed the Fairness Hearing.  The final supplemental CAFA Notice was served by Allianz on January 18, 2011, providing a copy of the Amendment to the Stipulation of Settlement and the date, time and place of the Fairness Hearing set for March 3, 2011.  More than ninety (90) days have passed since the service of the foregoing June 11, 2010 and July 6, 2010 notices.  No objection or response to the Settlement has been filed by any federal or state

official, including any recipient of the foregoing notices.  No federal or state official, including any recipient of the foregoing notices, has appeared or requested to appear at the Fairness Hearing.

**11.     Class Member Objections.**   As set forth in detail *supra*, full and fair notice of Class Members' right to object to the proposed settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Settlement Stipulation, the Court's Preliminary Approval Order, the requirements of due process, and any other applicable law.  The deadline for objection expired on September 9, 2010.  Six objections have been submitted by the Class Members (all of which have been filed with the Court, (directly by the objector (Doc. Nos. 441, 442, 444-446) and/or by class counsel in support of final settlement approval).   Four of these objections (Doc. Nos. 442, 444, 445, 446) have been withdrawn by the objector.  The remaining two pending objections are hereby overruled, for the reasons set forth in Plaintiffs' motion for final settlement approval and Allianz' response thereto (Doc. No. 471). No person has requested leave to appear at the Fairness Hearing to object to the Settlement.

**12.     Final Settlement Approval and Binding Affect.**   The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the California Constitution, and any other applicable law.  Therefore, the Settlement is approved.  The Settlement, this Final Order and Judgment shall be forever binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law.

**13.     Implementation of Settlement.**   The parties are directed to implement the Settlement according to its terms and conditions.   Allianz is authorized, at its sole option and in its sole discretion, in accordance with the terms of the Settlement Stipulation, and without requiring further approval of the Court, to implement the Settlement before the Final Settlement Date (as defined in the Settlement Stipulation).

**14.     Appeal after Early Implementation.**   Any Class Member who failed to timely and validly submit his or her objection to the Settlement, in the manner required by the Settlement, the Settlement Notice, and this Court's Preliminary Approval Order, has waived any objection.   Any Class Member seeking to appeal from the Court's rulings must first:  (a) move to intervene upon a representation of inadequacy of counsel (if they did not object to the proposed settlement under the terms of the Settlement Stipulation); (b) request a stay of implementation of the Settlement; and (c) post an appropriate bond.   Absent satisfaction of all three of these requirements, Allianz is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Final Settlement Date, even if such implementation would moot any appeal.

**15.     Release.**   The Release set forth in Section VII of the Settlement Stipulation is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Releasees from any claims or liabilities released by the Settlement, including the Released Transactions (as those terms are defined in the Settlement Stipulation). This Release covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or other counsel representing Plaintiffs or Class Members in this Action, the settlement of this Action, the administration of such Settlement, and the Released Transactions, except to the extent otherwise specified in this Order and the Settlement Stipulation.

**16.     Permanent Injunction.**  All Class Members are hereby permanently enjoined from filing, commencing, prosecuting, intervening in, maintaining, participating (as class members or otherwise) in, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or regulatory proceeding or order in any jurisdiction asserting any claims released by this Agreement; and from organizing Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this Agreement.  Nothing in this paragraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members. Allianz has reserved the right to file motions or to take other actions to enforce the release provisions of the Settlement Stipulation and of this injunction, as it may deem appropriate. The Court finds that issuance of this permanent injunction is necessary and appropriate in the aid of the Court's jurisdiction over the Action and its judgments.

**17.     Enforcement of Settlement.**  Nothing in this Final Order shall preclude any action to enforce or interpret the terms of the Settlement Stipulation.  Any action to enforce or interpret the terms of the Settlement Stipulation shall be brought solely in this Court.

**18.     Communications with Class Members.**     Allianz may not be privy to or respond to inquiries from Class Members to Class Counsel regarding the Settlement.  However, Allianz has the right to communicate with, and to respond to inquiries directed to it, from Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Annuities, including responding to any Complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents or agencies.  If Allianz receives any inquiry relating to the merits of the Settlement or a Class Member's rights or options under the Settlement, from a Class Member or other Person entitled or potentially entitled to Settlement Relief, Allianz shall not respond to the inquiry but shall forward

it to or refer the inquiring party to Class Counsel.  However, Allianz may respond to questions from Class Members, Owners and Beneficiaries in the ordinary course of business if such Persons initiate contact with Allianz and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits.

**19.     Attorneys' Fees and Litigation Expenses.**  The Court orders that Class Counsel shall be entitled to an award of reasonable attorneys' fees and litigation expenses incurred in connection with the Action and in reaching this Settlement, to be paid by Allianz at the time and in the manner provided in the Settlement.  The Court finds that an award of reasonable attorneys' fees and litigation expenses, as provided for herein, is appropriate based on the contractual agreement to pay such fees and expenses set forth in the Settlement, the private attorney general doctrine and *Code of Civil Procedure* §1021.5, and the Court's equitable powers under California law.

The Court finds to be reasonable, and awards to Class Counsel, attorneys' fees, to be paid as provided in the Settlement, in the total amount of eighteen million dollars and no cents ($18,000,000.00).  The Court finds to be reasonable, and awards to Class Counsel, litigation expenses, to be paid as provided in the Settlement, in the total amount of one million three hundred thousand and no cents ($1,300,000.00), subject to any reduction therefrom pursuant to the terms of the *Amendment to Settlement Stipulation*.  The Court further orders that in accordance with the Settlement, in addition to the foregoing award of litigation expenses, Allianz shall pay to the Settlement Administrator (and the former administrator, if applicable) all reasonable settlement notice and administration expenses billed thereby in connection with the Settlement, consistent with the contracts that such administrators entered into for the performance of such work and any additional work requested by the Parties jointly.

The award of attorneys' fees and litigation expenses to Class Counsel in this Final Approval Order shall be the sole reimbursement to which Class Counsel is entitled from Allianz or Releasees with respect to the Action, the Settlement, or the administration of the Settlement. Allianz and Releasees shall have no obligation to pay attorneys' fees or costs or litigation expenses

with respect to the Action, the Settlement, or the administration of the Settlement, to any other person, firm, or entity other than as provided in this Final Order. No Named Plaintiff, or any other Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action. No Named Plaintiff, or any other Class Member, shall be entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the Action from Allianz or any Releasee.

Allianz does not join in Class Counsel's motion for an award of attorneys' fees and litigation expenses. Allianz does not join in requesting and does not necessarily agree with any of the related findings requested by Class Counsel and made by the Court in connection with Class Counsel's motion for an award of attorneys' fees and litigation expenses, including the findings set forth in this paragraph 19 of the Final Order. Notwithstanding, pursuant to the Settlement, Allianz does not oppose an award of attorneys' fees and litigation expenses as provided for by Section VIII of the Settlement.

In support of the foregoing attorneys' fee and litigation expense award, the Court finds as follows:

      A.      The following hourly billing rates are reasonable in light of the complexity of this litigation, the work performed, Class Counsels' reputation, experience, and competence, and the prevailing billing rates for comparably complex work by comparably qualified counsel in the relevant market:

           1.      For Robert S. Gianelli, $750 per hour;

           2.      For Raymond E. Mattison, $750 per hour;

           3.      For Don A. Ernst, $750 per hour;

           4.      For Ronald A. Marron, $595 per hour;

           5.      For Dean Goetz, $595 per hour;

           6.      For Sherril Nell Babcock, $575 per hour;

           7.      For Christopher D. Edgington, $575 per hour;

           8.      For Jully C. Pae, $500 per hour;

           9.      For Richard R. Fruto, $450 per hour;

16

10.     For Joanne Victor, $450 per hour;

11.     For Scott Juretic, $410 per hour;

12.     For future attorney time in connection with settlement administration, $410 per hour, as further described below.

The reasonableness of these billing rates is supported by the declarations of these attorneys, the Declaration of Gary Greenfield, by Class Counsel's prior attorneys' fee awards in comparably complex class action insurance litigation in the relevant legal market, by prior attorneys' fee awards in this and other judicial districts for comparably qualified counsel in comparably complex work, and by published industry billing rates, all as set forth in Class Counsel's motion for an award of attorneys' fees, and the supporting declarations and exhibits.

With respect to future attorney time in connection with settlement administration, Class Counsel have provided an estimate in their submitted declarations, based upon administration of past, comparable class action settlements, of the attorney time which will be incurred for this purpose. The Court approves the requested $410 per hour billing rate for such attorney settlement administration work.

B.      The $195 hourly billing rate for work performed by certified paralegals is reasonable in light of the experience and qualifications of these non-attorney billers. The reasonableness of this billing rate is supported by a recent fee awards for work performed by these paralegals in the relevant market, in comparable litigation, and the submitted declarations of counsel. Paralegal time, which is normally billed to fee-paying clients, is properly included and reimbursable under a lodestar analysis. *See, e.g.*, *United Steelworkers v. Phelps Dodge Corp.* (9th Cir. 1990) 896 F. 2d 403, 407-08.

C.      The time declared to have been expended by Class Counsel and Class Counsel's paralegals, as set forth in Class Counsel's motion for an award of attorneys' fees and supporting declarations, is reasonable in amount in view of the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class.

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D.      The reasonableness of the fee awarded by this Final Approval Order is supported by a "multiplier" analysis, the second requisite step in a lodestar analysis. A fee multiplier is properly applied if supported by appropriate factors, including the extent of the risks of the litigation and the purely contingent nature of the fee award (factors which are not subsumed in Class Counsel's lodestar amount).  Here, Class Counsel consisted of two small firms, Gianelli & Morris and Ernst and Mattison (now Ernst Law Group and Mattison Law Firm), and a sole practitioner, the Law Offices of Ronald A. Marron.  Cumulatively, the eleven lawyers working on the file expended in excess of 15,200 hours over a five and one-half year period, plus more than 1,800 paralegal/law clerk hours, and more than $1.49 million in out-of-pocket litigation expenses, a very substantial commitment given the small size of these offices.  Class Counsel's ability to recover fees and expenses in this action was purely contingent upon a successful outcome or settlement.  The contingency risks presented by this litigation were significant, as analyzed in the preliminary and final approval motions and supporting declarations.  *Inter alia*, it is significant that a related nationwide class action (from which the Class here was carved out), asserting certain similar claims and theories, was defeated by Allianz in a jury trial. *Mooney v. Allianz Life Insurance Company of North America*, D. Minn. Case No. 06-545 ADM/FLN.  The *Mooney* jury verdict has been reduced to judgment, that judgment has become final, and the *Mooney* class recovered nothing.   Risks relating to Class certification are also significant.  In various procedural postures, Allianz vigorously challenged class certification throughout this lawsuit, both before this Court (opposing certification, seeking decertification, seeking "clarification" regarding the certified claims, seeking to modify the class definition, and seeking to decertify plaintiffs' punitive damages claims) and in three separate Rule 23(f) petitions for permission to appeal in the Ninth Circuit. Although this Court rejected these challenges to class certification, the Ninth Circuit has not considered any of Allianz' challenges on their merits to date.  Despite this risk, plaintiffs litigated this action up to only hours before the commencement of jury selection, when the Settlement was reached.

In view of the foregoing contingency/litigation risk, factors which are not subsumed in Class Counsel's lodestar, the Court finds that application of the requested fee multiplier of 1.70

18

(which supports an award of attorneys' fees in the full unopposed amount of $18.0 million dollars) is appropriate.  Multipliers ranging from 2-4 (and higher) have been approved in comparably complex litigation, under such circumstances. *See, e.g., Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 255 (2001); *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988); *Declaration of Geoffrey P. Miller*, 30-35, (*Gianelli Declaration*, **Pl. Ex. 17**).  The requested fee multiplier falls on the low end of the reasonable range, based on typical multipliers approved in comparable litigation, as reflected in the foregoing cases and in the *Declaration of Geoffrey P. Miller*, ¶¶30-35, (*Gianelli Declaration*, **Pl. Ex. 17**).  The Court approves the requested fee multiplier of 1.70, (thereby limiting the awarded fee to the unopposed amount of $18.0 million).

E.      Based upon the valuation of settlement benefits set forth in the *Declaration of Vincent P. Gallagher, Ph.D.*, (*Gianelli Declaration*, **Pl. Ex. 15**), the amount of attorneys' fees approved here by the Court (based on the foregoing lodestar/multiplier), in the amount of $18.0 million, represents 16.48% of the Settlement's "full utilization value" (*i.e.*, the value of the benefits made available to the Class) and 29.95% of the Settlement's "projected utilization value" midpoint, (*i.e.*, the midpoint of the range of the projected value of the benefits which will be received by the Class).  The Ninth Circuit has determined that 25% of the recovery is a "benchmark" award for class action cases, and recognized that percentage fees in the range of 20-30% are generally appropriate. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990). The fee award sought in the present case is reasonable when judged by this standard.  The projected utilization value midpoint (29.95%) falls within this generally appropriate range, and the full utilization value (16.48%) falls well below the *Hanlon* benchmark.  A fee award at the higher end of the accepted range, under *Hanlon*, is justified here, in part, by the same contingency/litigation risk discussed above.  The percentage of recovery here, both with respect to full utilization value and the projected utilization value midpoint, is reasonable in light of prior fee awards (measured as a percentage of recovery) in comparable class action litigation, as set forth in the *Declaration of Geoffrey P. Miller*, ¶¶36-57, (*Gianelli Declaration*, **Pl. Ex. 17**).

19

F.      Out of approximately 12,000 Class members and more than 16,000 Settlement Notices mailed, including explicit notice of the fees and expenses requested here, there is only a single complaint regarding attorneys' fees, (Doc. No. 441).  The stated objection ("[a]s usual, the only party benefiting from a class action lawsuit is the attorneys") is refuted by the foregoing percentage of recovery analysis, and the valuation of the direct class relief performed by Dr. Gallagher.  Plaintiffs' contend that this complaint is not a valid objection, since there is no stated basis for the objection.  Notwithstanding, this isolated objection to the attorneys' fee award is overruled.

G.      Based on the declarations of Class Counsel submitted in support of the Fee Motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-reimbursed, or currently due) in an amount more than $1.49 million, that said expenses were of a nature typically billed to fee-paying clients, and that said expenses were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all parties herein.   The Court finds these expenses are reasonable in this case.

H.      The proposed division of awarded attorneys' fees among Class Counsel, as set forth in the *Client Consent for Amendment to Co-Counsel Association and Fee Distribution Agreement*, filed by Class Counsel in support of preliminary settlement approval as Exhibit 12 to the Declaration of Christopher D. Edgington, and as set forth by the declarations of Mr. Mattison and Mr. Ernst in support of final approval, is reasonable and is hereby approved.  The attorneys' fees awarded by this Final Approval Order shall be divided among Class Counsel according to said approved division.

**20.     Named Plaintiffs' Incentives.**  The hereby Court approves incentives for each of the Named Plaintiffs, Anthony J. Iorio, Ruth Scheffer, and Max Freifield, to be paid by Allianz at the time and in the manner provided in the Settlement.   The amount of said incentive shall be the full unopposed amount provided for by the Settlement, *to wit*: twenty-five thousand dollars and no

cents ($25,000.00), for each Named Plaintiff.  To the extent that any Named Plaintiff may become deceased prior to payment of these incentives, the Parties shall cooperate to ensure that any sums so awarded are distributed to his or her heirs.

Based on the declarations of Class Counsel and the Named Plaintiffs submitted in support of final settlement approval, Named Plaintiffs have actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Class despite facing significant personal limitations.  Each has waived their right to pursue potential individual claims or relief in the Action.  Apart from these incentives, the Named Plaintiffs will receive no settlement payments or benefits of any nature other than their share of the Settlement Relief available to the Class generally.  These incentives are approved to compensate the Named Plaintiffs for the burdens of their active involvement in this litigation and their commitment and effort on behalf of the Class.

The amount of these incentives shall not affect or reduce the Settlement Relief generally payable to any Class Member, including to Named Plaintiffs, under the Settlement, and shall not affect or reduce the amount of attorneys' fees and litigation expenses payable to Class Counsel under the Settlement and this Final Approval Order.

**21.     Modification of Settlement Stipulation.**   The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Stipulation, if such changes are consistent with this Order and do not limit the rights of Class Members or any other Person entitled to Settlement Relief under this Agreement.

**22.     Retention of Jurisdiction.**   The Court has jurisdiction to enter this Final Order.  Without in any way affecting the finality of this Final Order or the Final Judgment, for the benefit of the Class and Allianz, and to protect this Court's jurisdiction, the Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and the administration, consummation, enforcement, and interpretation of the Settlement Stipulation and of this Final Order, and for any other necessary and appropriate purpose.

Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this case including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement Relief, including notices, payments, and benefits thereunder, the Settlement Notice and sufficiency thereof, any objection to the Settlement, any request for exclusion from the certified class, the adequacy of representation by Class Counsel and/or the Class Representatives, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any incentives to be paid to the Class Representatives, any claim by any person or entity relating to the representation of the Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Order, any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this Action and Settlement.

Further, without limiting the foregoing, the Court retains continuing jurisdiction to:

A.    enforce the terms and conditions of the Settlement Stipulation and resolve any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Stipulation, this Final Order and Judgment (including, without limitation, determining whether a person is or is not a Class Member, and enforcing the permanent injunction that is a part of this Final Order and Judgment), and determining whether claims or causes of action allegedly related to this case are barred by this Final Order and Judgment;

B.    enter such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and Judgment, or to ensure the fair and orderly administration of the Settlement; and

C.    enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; provided however, nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Stipulation.

**23.    No Admissions.**  This Final Order and the Settlement Stipulation, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final

Order and Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Action, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Allianz based on principles of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law.  Without limiting the foregoing, neither the Settlement Stipulation nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Allianz, to Plaintiffs, or the Class, or as a waiver by Allianz, of any applicable defense, including without limitation any applicable statute of limitation.

**24.     Dismissal of Action.**  This action, including all individual and Class claims resolved in it, shall be dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

**25.     Mattison Law Firm Appointed as Co-Class Counsel.**   The law firm of Ernst and Mattison, previously appointed by this Court as co-Class Counsel in the Action, has changed names to Ernst Law Group, and one of the class attorneys of record, Mr. Mattison, has formed a new firm, Mattison Law Group.  Notice of the prior firm's name change, and association of the Mattison Law Firm in the Action, have been filed with the Court.  Based on the Court's prior findings at the time of the certification of the Class, in support of the appointment of Mr. Mattison

//

//

and Ernst and Mattison as co-class counsel, the Court now hereby appoints the Mattison Law Firm as co-class counsel.  Allianz has not objected to the appointment of the Mattison Law Firm as co-class counsel.

26.     Pursuant to the Settlement, the proposed *Fourth Amended Complaint*, Exhibit A to the Settlement, previously served and filed as Plaintiffs' Exhibit 1 in support of final settlement approval, (Doc. No. 468-2, pp. 106-114), is deemed to be signed by Class Counsel and filed as of the date of this order, superseding any previous complaint in the Action.

**IT IS SO ORDERED.**

Dated:  March 3, 2011

Honorable Janis L. Sammartino
United States District Judge